FILED

SEP 2 1 2005

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP RULE 77(d).

Priority
Send
Enter
Closed
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only___

FILED
CLERK, U.S. DISTRICT COURT

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SEP 2 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ENTERED
CLERK, U.S. DISTRICT COURT

SEP 2 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| LAWRENCE E. TANNAS, JR., an individual dba as TANNAS ELECTRONS; TANNAS ELECTRONIC DISPLAYS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BAE SYSTEMS AVIONICS LIMITED, a British corporation; BAE SYSTEMS ELECTRONICS LIMITED, a British corporation; BAE SYSTEMS, PLC, a British corporation,<br><br>Defendants. | Case No. CV 03-5889 RJK (FMOx)<br><br>**ORDER GRANTING DEFENDANTS BAE SYSTEMS AVIONICS LIMITED, BAE SYSTEMS ELECTRONICS LIMITED, AND BAE SYSTEMS, PLC'S MOTION TO DISMISS WITHOUT PREJUDICE AND TO TRANSFER THE SIXTH CAUSE OF ACTION** |

CASE NUMBER  1:05CV01866

JUDGE: Richard W. Roberts

DECK TYPE: General Civil

DATE STAMP: 09/21/2005

Defendants BAE Systems Avionics Limited (" BAE Avionics"), BAE

Systems Electronics Limited ("BAE Electronics"), and BAE Systems, Plc. ("BAE

Systems") (collectively "Defendants") seek to dismiss Plaintiffs Lawrence E.

Tannas, Jr. and Tannas Electronic Displays, Inc.'s (collectively "Plaintiffs") first

five causes of action of the First Amended Complaint ("FAC") pursuant to Federal

Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which

I hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
By _____ Linda Choi _____ Deputy

1   relief can be granted.  Defendants BAE Systems and BAE Electronics seek to

2   dismiss Plaintiffs' FAC under FRCP 12(b)(2) for lack of personal jurisdiction.

3   Finally, Defendant BAE Systems seeks dismissal from the instant case and

4   dismissal or transfer of venue of the Sixth Cause of Action pursuant to FRCP

5   12(b)(3) and 28 U.S.C. § 1406(a).[1]  After reviewing the papers submitted by the

6   parties, and the arguments contained therein, the Court hereby **GRANTS**

7   Defendants' motion to dismiss without prejudice and 30 days leave to amend.  The

8   Court further **GRANTS** Defendant BAE System's motion to transfer Plaintiffs'

9   Sixth Cause of Action.

## I. BACKGROUND

11   **A.   Procedural History**

12       On August 19, 2003, Plaintiffs Lawrence E. Tannas, Jr. and Tannas

13   Electronic Displays, Inc. filed a Complaint that alleged the following causes of

14   action: (1) declaratory judgment that no contract was entered between Plaintiffs

15   and Defendants, and no breach of contract by Plaintiffs; (2) declaratory judgment

16   that Plaintiffs did not engage in trade secret misappropriation; (3) declaratory

17   judgment that Plaintiffs did not engage in unfair competition; (4) interference with

18   prospective economic advantage; and (5) unfair competition.  On May 25, 2005,

19   the Court accepted Plaintiffs' untimely filing of their First Amended Complaint

20   ("FAC") to add Defendant BAE Systems, Plc and allege a sixth cause of action

21   under 35 U.S.C. § 146.

---

[1] The Court notes that Plaintiffs' First Amended Complaint ("Pls.' FAC") generically refer to all "Defendants" for all causes of action.  However, upon further review, the FAC makes clear that the only proper defendant for the Sixth Cause of Action is BAE Systems, Plc.  Specifically, the Sixth Cause of Action states, in pertinent part, ". . . Defendants' counsel admitted that *BAE Systems, Plc* is the real party in interest in the Interference."  (Pls.' FAC ¶ 45) (emphasis added).

1    Plaintiff Lawrence E. Tannas, Jr. resides in Orange, California.  Plaintiff

2  Tannas Electronic Displays, Inc. is a California corporation with its principal place

3  of business in Orange, California.  Defendants are British corporations with

4  offices located in Farnborough, Hampshire, and the United Kingdom.[2]

5  **B.    Factual Summary**

6    Plaintiffs invented a process for resizing commercial off-the-shelf liquid

7  crystal displays ("LCDs") and filed patent applications, U.S. Patent Nos.

8  6,204,906 and 6,380,999 ("Plaintiffs' patents").[3]  On or about April 14, 2003, the

9  United States Patent and Trademark Office ("USPTO") declared an interference

10  between Plaintiffs' patents and another patent application naming David Watson

11  as inventor  (Interference No. 105,096)("the Watson application").[4]  Plaintiffs

12  allege that the Watson application is owned by Defendants.[5]  Subsequently, on

13  May 9, 2005, the USPTO entered judgment against Plaintiffs' patent application,

14  declaring the patent "unpatentable."[6]

15

16    [2]  Pls.' FAC ¶ 3.

17

18    [3]  Pls.' FAC ¶ 5.

19    [4]  Id. at ¶ 6.

20    [5]  Id.

21

22    [6]  Defendants request that the Court take judicial notice of the authenticity of
the judgment and order of the USPTO as against Plaintiff Lawrence E. Tannas, Jr.,

23  Patent Interference Number 105,096. (Defs.' Req. for Judicial Notice in Supp. of

24  Mot. to Dismiss ("Defs.' Req. for Judicial Notice") 1:24-2:6, Exs. A, B).
According to Federal Rule of Evidence 201, this Court, upon request, must take

25  judicial notice of facts that are not subject to reasonable dispute.  A fact is

26  considered not reasonably in dispute when it is readily accurately determined by

27  "resort to sources whose accuracy cannot reasonably be questioned." Fed. R.
Evid. 201(b).  Here, Defendants provide copies of the Judgment-Rule 127and

28  Decision-Priority-Bd.R. 125(a) from the USPTO authenticating and confirming

3

1        Plaintiffs aver that Defendants sold resized LCDs to Symbolic Displays,

2   Inc. ("SDI") on at least two occasions in 2001.[7]  On one of those occasions,

3   Defendants purchased commercial LCDs, resized them into the configuration

4   requested by SDI, and shipped them to SDI's facilities in Santa Ana, California.[8]

5   On a second occasion, SDI shipped LCDs to Defendants in Edinburg, Scotland for

6   resizing.[9]  As well, subsequent to January 2002, Defendants also shipped products

7   into California related to United States and British military activities.  Plaintiffs

8   allege that these products included resized LCDs.[10]

9        Moreover, Plaintiffs contend that Defendants attended a conference at the

10  Society for Information Displays ("SID") in Long Beach, California in May 2000,

11  whereby employees and agents of Defendants invited SDI employees to a

12  hospitality suite at the Queen Mary.[11]

13       On or about June 4, 2003, Plaintiffs contend that they received a letter

14  stating that Defendants were contemplating filing a lawsuit for breach of

15  confidentiality against Plaintiffs.[12]  On July 18, 2003, a second letter was sent to

16  Plaintiffs indicating that Defendants were contemplating filing a lawsuit against

17

18  _____

19  the facts.  Because the source appears reasonably reliable, a point that Plaintiffs do

20  not dispute, this Court takes notice of these facts insofar as they apply to the
    instant Motion.

21

22       [7] Pls.' FAC at ¶ 16.

23       [8] Id.

24       [9] Id.

25       [10] Id. at 18.

26

27       [11] Id. at 17.

28       [12] Id. at ¶ 7.

1  Plaintiffs for misappropriation of trade secrets.[13]  On or about August 12, 2003,

2  Plaintiffs received a draft complaint from Defendants.[14]

3       Furthermore, Plaintiffs allege that Defendants have made false statements to

4  third parties that it owns worldwide patents directed to resizing LCDs, in an

5  attempt to gain the business of these third parties and to disrupt and cause harm to

6  Plaintiffs' business.[15]

7

8                              **II.  DISCUSSION**

9  **A.     Standard of Law**

10       1.     Personal Jurisdiction

11       In a Rule 12(b)(2) motion to dismiss, the plaintiff has the burden of

12  establishing personal jurisdiction over the defendant.  Ziegler v. Indian River

13  County, 64 F.3d 470, 473 (9th Cir. 1995).  The existence of personal jurisdiction is

14  determined at the time the suit commences.  Steel v. United States, 813 F.2d 1545,

15  1549 (9th Cir. 1987).  When a court rules on the basis of affidavits or affidavits

16  and discovery materials, plaintiff's burden is met with a prima facie showing of

17  personal jurisdiction.  Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299,

18  301 (9th Cir. 1986); Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280,

19  1285 (9th Cir. 1977) .  A prima facie showing is made if Plaintiff's written

20  materials "demonstrate facts which support a finding of jurisdiction."  Data Disc.,

21  557 F.2d at 1285.  Uncontroverted allegations in the complaint must be taken as

22  true and "'conflicts between the facts contained in the parties' affidavits must be

23  resolved in [the plaintiff's] favor[.]"  AT& T Co. v. Compagnie Bruxelles

24

25  ───────────────

26       [13] Id. at ¶ 8.

27       [14] Id. at ¶ 9.

28       [15] Id. at ¶¶ 11-13.

1  Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

2        In order to show personal jurisdiction over the defendant, the plaintiff must

3  show that the long arm statute of the forum state, in this case California, confers

4  jurisdiction, and that the exercise of personal jurisdiction over the nonresident

5  accords with federal constitutional principles of due process. Lake v. Lake, 817

6  F.2d 1416, 1421 (9th Cir. 1987). "California's long-arm statute permits a court to

7  exercise personal jurisdiction over a defendant to the extent permitted by the Due

8  Process Clause of the Constitution." Panavision Int'l., L.P. v. Toeppen, 141 F.3d

9  1316, 1320 (9th Cir. 1998); See also Cal. Civ. Proc. Code § 410.10. Thus, the

10  relevant inquiry concerns whether the exercise of jurisdiction would comport with

11  the requirements of due process. Due process requires that the non-resident

12  defendant has "certain minimum contacts with [the forum state] such that the

13  maintenance of the suit does not offend 'traditional notions of fair play and

14  substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

15        There are two recognized bases for personal jurisdiction over non-resident

16  defendants: general and specific. General jurisdiction exists if the non-resident

17  defendant's contacts with the forum state are continuous and systematic enough to

18  justify the exercise of jurisdiction over the defendant in all matters. See Ziegler,

19  64 F.3d at 473. Specific jurisdiction exists when the claims against the non-

20  resident defendant "arise out of" or are related to the defendant's activities within

21  the forum state. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408,

22  414-16 (1984); Panavision, 141 F.3d at 1320.

23        2.    Dismissal For Failure To State A Claim Under FRCP 12(b)(6)

24        A complaint may be dismissed under FRCP 12(b)(6) for failure to state a

25  claim upon which relief can be granted where the plaintiff cannot prove a

26  cognizable legal theory or fails to allege sufficient facts under a cognizable legal

27  theory which would entitle him to relief. Balistreri v. Pacifica Police Dept., 901

28  F.2d 696, 699 (9th Cir. 1990). The question presented by a motion to dismiss is

6

1  not whether a plaintiff will prevail in the action, but whether a plaintiff is entitled

2  to offer evidence in support of his claim. Carbo Distrib. Co. v. Brady, 821 F.

3  Supp. 601, 608 (N.D. Cal. 1992). While brevity is required in the pleading, it is

4  not sufficient to simply allege a wrong has been committed and demand relief; the

5  underlying requirement is that a pleading give "fair notice" of the claim being

6  asserted and the "grounds upon which it rests." Conley v. Gibson, 355 U.S. 41,

7  47-48 (1957). In testing the sufficiency of a complaint, the court must assume all

8  allegations of material fact are taken as true and construed in the light most

9  favorable to the nonmoving party. Nat'l Wildlife Fed'n v. Espy, 45 F.3d 1337,

10  1340 (9th Cir. 1995).

11         Generally, orders granting motions to dismiss are without prejudice unless

12  "allegations of other facts consistent with the challenged pleading could not

13  possibly cure the defect." Schreiber Dist. v. Serv-Well Furniture, 806 F.2d 1393,

14  1401 (9th Cir. 1986).

15         3.    Venue And Transfer

16         Venue is proper over federal diversity claims in a "judicial district in which

17  a substantial part of the events or omissions giving rise to the claim occurred." 28

18  U.S.C. 1391(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(3),

19  defendant may move to dismiss for improper venue. In the Ninth Circuit, "it is not

20  clear which party bears the burden of proving that a substantial part of the events

21  occurred (or did not occur) in [the] district." Carolina Cas. Co. v. Date Broad.

22  Corp., 158 F. Supp 2d 1044, 1047 (N.D. Cal. 2001). Where venue is directly

23  challenged, the burden has been placed upon the plaintiff to respond to the basis of

24  the challenge. See Whiteman v. Grand Wailea Resort, 1999 WL 163044 (N.D.

25  Cal. Mar. 17, 1999). On the other hand, where defendant's challenge is

26  ambiguous, the court finds that the moving party owns the burden to show that the

27  venue is improper. Carolina Cas. Co., 158 F. Supp. 2d at 1047.

28         In deciding whether to grant a motion to transfer pursuant to Section

7

1  1406(a), "[t]he district court of a district in which is filed a case laying venue in

2  the wrong division or district shall dismiss, or if it be in the interest of justice,

3  transfer such case to any district or division in which it could have been brought."

4  See 28 U.S.C. § 1406(a).

5

6  **B.     Local Rule 7-3**

7       As an initial matter, Plaintiffs request the Court to deny Defendants' motion

8  to dismiss for failure to comply with Local Rule 7-3, alleging Defendants' failure

9  to meet and confer "at least five (5) days prior to the last day for filing the

10 motion."  Plaintiffs contend that the deadline for a meet and confer was June 1,

11 2005, yet, Defendants did not request a meet and confer until June 7, 2005.[16]

12 Defendants, however, argue that meet and confer efforts were initiated as early as

13 May 12, 2005, which also entailed several meet and confer letters, emails, and a

14 personal visit to Plaintiffs' counsel's office to discuss the merit of the case.[17]  In

15 the meet and confer letters and email dated May 12, 2005, May 16, 2005, and May

16 17, 2005, respectively, Defendants clearly informed Plaintiffs of their intention to

17 meet and confer, which also included proposed dates to do so.[18]

18      Moreover, Defendants' discovery obligations as set forth in the Court's

19 December 1, 2004 Order to allow Plaintiffs an opportunity to allege new grounds

20

21      [16] Pls.' Opp'n to Defs' Mot. to Dismiss ("Pls.' Opp'n") 4:5-26.

22      [17] Defendants' counsel aver that on May 12, 2005 and May 16, 2005, meet

23 and confer letters were sent to Plaintiffs' counsel.  After receiving no response

24 from Plaintiffs' counsel, an email was sent on May 17, 2005.  Further, on May 18,

25 2005, a two hour meeting took place between the parties' counsel at Plaintiffs'

   counsel's office.  Defs.' Reply to Defs.' Mot. to Dismiss Pls.' Compl. ("Defs.'

26 Reply") 3:12- 4:17; Declaration of David R. Sugden in Supp. of Defs.' Mot. to

27 Dismiss Pls.' Compl. ("Sugden Decl.") ¶¶ 4-8.

28      [18] Sugden Decl., Exs. D, E, F.

1  for Defendants' minimum contacts, were moot, following Plaintiffs' filing of its

2  FAC nearly three (3) months beyond the deadline set forth in the Order. Even if

3  the Court accepted the contention that Defendants failed to comply with Local

4  Rule 7-3, the Court concludes that Plaintiffs did not suffer any prejudice or undue

5  delay based upon Defendants' failure to meet-and-confer until five (5) days after

6  the required deadline upon service of Plaintiffs' untimely submitted FAC. The

7  Court therefore, declines to deny Defendants' motion on those grounds.

8  **C.    Personal Jurisdiction**

9        1.    General Jurisdiction

10        Defendants BAE Systems and BAE Electronics move to dismiss Plaintiffs'

11  FAC for lack of personal jurisdiction. However, it is Plaintiffs' burden to show

12  Defendants BAE Systems and BAE Electronics' contacts with California are

13  systematic, continuous, and substantial enough to subject them to general personal

14  jurisdiction. See Ballard, 65 F.3d at 1498. Plaintiffs have not made this showing.

15        Defendants BAE Systems and BAE Electronics are neither residents of nor

16  incorporated in the State of California.[19] They have never been involved in any

17  litigation in California during the period of January 30, 2002 to the present.[20]

18  Moreover, Defendants do not maintain a place of business, pay taxes, or have an

19  agent for service of process in California.[21] Indeed, no defendant owns or leases

20  any property, offices, equipment, or employees in California.[22] Further,

21  Defendants do not maintain a bank account, agent, distributor or sales

22

23

24  [19] Defs.' Mot. to Dismiss Pls.' Compl. ("Defs.' Mot.") 5:6-7; Declaration of
David Parkes in Supp. of Defs.' Mot. to Dismiss Pls.' Compl. ("Parkes Decl.") ¶ 2.

25

26  [20] Defs.' Mot. 5:7-8; Parkes Decl. ¶ 3.

27  [21] Defs.' Mot. 5:10-11; Parkes Decl. ¶ 4.

28  [22] Defs.' Mot. 5:11-12; Parkes Decl. ¶ 4.

1  representative in California to conduct or obtain business.[23]  Further, Defendants

2  do not manufacture any products, materials, components, equipment or machinery

3  in California.[24]

4       Additionally, Plaintiffs failed to discuss how the Court might have general

5  jurisdiction over Defendants BAE Systems and BAE Electronics.  Rather,

6  Plaintiffs conclusively allege that Defendants' cease-and-desist letter sent into this

7  District with a draft Complaint gives rise to general personal jurisdiction.[25]

8  Plaintiffs further assert, without providing any legal authority, that Defendants'

9  attendance at a conference and their sales of LCDs in California are both sufficient

10  for the Court to exercise general jurisdiction over Defendants.[26]

11       Likewise unpersuasive is Plaintiffs contention that general jurisdiction

12  exists over Defendant BAE Systems because "it is one of the largest aerospace

13  companies in the world."[27]  Plaintiffs further aver that information about BAE

14  Systems could be easily found on its website, which states that BAE Systems has

15  "'more than 90,000' employees worldwide . . . and a 'major presence

16  internationally, particularly in Europe and the United States.'"[28]  The Court finds

17

18       [23] The Court finds Plaintiffs' contention that Defendants' answers to
19  Interrogatory No. 5 are "wholly inadequate, evasive, and non-responsive" is
     without merit.  Defendants' answer states that they "[do] not 'own' any such
20  properties."  Defendants cannot be any more responsive if, in fact, they do not own
21  these properties.  (Defs.' Mot. 5:12-14; Parkes Decl. ¶ 4.)

22       [24] Defs.' Mot. 5:14-15; Parkes Decl. ¶ 4.
23
         [25] Pls.' Opp'n 7:15-19;
24
25       [26] Pls.' Opp'n 8:2-19.

26       [27] Pls.' Opp'n 9:9-11; Declaration of Neal M. Cohen in Supp. of Tannas'
27  Opp'n ("Cohen Decl.") ¶ 9, Ex. 4.

28       [28] Pls.' Opp'n 9:18-20; Cohen Decl. ¶ 9, Ex. 4.

1  Plaintiffs' assertions unconvincing. The Ninth Circuit has held that a passive

2  internet website does not constitute sufficient contacts with any state to allow a

3  forum state to find general personal jurisdiction over the website's owner.

4  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). In dicta,

5  Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851 n.3 (9th Cir.

6  1993), suggests that a defendant which lacks "incorporation, license or

7  authorization to do business, offices, property, employees, payment of taxes,

8  advertising, solicitation or sales [in the forum state]" will not be subject to general

9  jurisdiction. The Ninth Circuit has regularly "declined to find general jurisdiction

10  even where the contacts are quite extensive." Id.

11       As affirmed in Cybersell, here, the Court agrees that posting a web site on

12  the Internet is not sufficient to subject a party domiciled in one state to jurisdiction

13  in another. Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997).

14  There must be "something more" to demonstrate that Defendants directed their

15  activities toward the forum state. Id. In the instant matter, that has not been

16  shown.

17       Plaintiffs have therefore failed to demonstrate facts to support general

18  jurisdiction over Defendants BAE Systems and BAE Electronics. Accordingly,

19  the evidence shows Defendants do not have regular business dealings with

20  California and their contacts with California residents are not substantial,

21  systematic or continuous.

22       2.    Specific Jurisdiction

23       The Ninth Circuit utilizes a three-part test to determine the propriety of

24  exercising specific jurisdiction:

25       (1)    the non-resident defendant must perform some act by which he
            purposefully avails himself of the privilege of conducting activities in
26            the forum, thereby invoking the benefits and protections of the
            forum's laws;
27
       (2)    the plaintiff's claim arise out of or result from the non-resident
28            defendant's forum-related activities; and

11

(3)    the exercise of jurisdiction must be reasonable.

Panavision, 141 F.3d at 1316. A plaintiff must satisfy all three parts of the test to establish specific personal jurisdiction over a non-resident defendant. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 817-18 n. 10 (9th Cir. 1988). Here, because the evidence show Plaintiffs cannot satisfy the forum-related activities prong, the Court need not address the first and third prong of the specific jurisdiction test.

The second prong for specific, personal jurisdiction is that the claim asserted in the litigation arises out of the defendant's forum related activities. Ziegler, 64 F.3d at 474. In evaluating whether a cause of action arises out of the directed activities, the Court looks to the law of forum state. California applies a broad standard, using a "'but for' test to determine whether a particular claim arises out of forum-related activities." Ballard, 65 F.3d at 1500. We must determine if Plaintiffs would not have been injured "but for" Defendants' conduct directed toward Plaintiffs in California. Id.

In the instant case, Plaintiffs contend that the following activities, which caused them to suffer harm in California, establishes personal jurisdiction: (1) Defendants' cease-and-desist letter sent to Plaintiffs with a draft Complaint; (2) Defendants' sales of resized LCDs to Symbolic Displays, Inc. ("SDI") in California; (3) Defendants' sales of products to the United States military in California; and (4) Defendants' attendance at a conference at the Queen Mary with employees of SDI.[29] Plaintiffs' contentions are unpersuasive.

First, Plaintiffs cannot rely on Defendants' production of the cease-and-desist letter and draft Complaint addressed to Plaintiffs as a basis for establishing that the causes of action before the Court arises from Defendants' forum-related activities. Indeed, Defendants did not commence any action in California, and to

---

[29] Pls.' Opp'n 7:15-19; 8:2-9.

1    the contrary, the letter and draft Complaint articulated that the lawsuit was to be

2    filed in Virginia, not California.[30]  No authority supports Plaintiffs' argument that

3    "but for" Defendants' contemplation to file a lawsuit in *Virginia*, Plaintiffs would

4    not have been injured in California (emphasis added).

5         Second, the fact that Defendants sold resized LCDs to SDI and the United

6    States military in 2000 and 2001 is insufficient to demonstrate that Plaintiffs'

7    claims are a result of Defendants' California-related conduct directed towards

8    Plaintiffs.  Even if Defendants' conduct in this regard constitutes a deliberate act

9    aimed at California and Plaintiffs, Defendants' transactions with SDI and the

10   United States military were wholly unrelated to Plaintiffs and the present case.

11   Those transactions involved Defendants and third parties.  In fact, Plaintiffs' FAC

12   acknowledged that the parties did not enter into any contract or business

13   relationship in California.[31]  Indeed, the FAC sought relief from this Court that "no

14   contract exists between Plaintiffs and Defendants."[32]  Because the evidence shows

15   Defendants never entered into a contractual relationship with Plaintiffs in

16   California, jurisdiction cannot be predicated on Defendants' contacts with SDI or

17   the United States military to establish the "but for" test.

18        Accordingly, the Court concludes that Plaintiff has failed to make a <u>prima</u>

19   <u>facie</u> showing that Plaintiffs' claims arise out of or result from Defendants'

20   California-related activities.  Therefore, the Court cannot exercise personal

21   specific jurisdiction over Defendants BAE Systems and BAE Electronics.

22   **D.    Dismissal Of Plaintiff's First Five Causes Of Action Is Warranted**

23        As set forth above, in light of the Court's decision to grant Defendants BAE

24

25   _____

26   [30] Defs.' Mot. 8:17-21; Sugden Decl. ¶ 4.

27   [31] Pls.' FAC ¶ 20; Defs.' Mot. 4:15-18.

28   [32] <u>Id.</u>

13

1    Systems and BAE Electronics' motion to dismiss for lack of personal jurisdiction,

2    the only remaining defendant seeking to dismiss Plaintiffs' first five causes of

3    action is BAE Avionics.

4        Defendant BAE Avionics argues that dismissal is proper under Fed. R. Civ.

5    P. 12(b)(6) because the FAC demonstrates that no valid claims can be brought

6    under the facts pled in the first five causes of action for:  (1) declaratory judgment

7    of no breach of contract; (2) declaratory judgment of no trade secret

8    misappropriation; (3) declaratory judgment of no unfair competition;

9    (4) interference with prospective economic advantage; and (5) unfair

10    competition.[33]  Specifically, BAE Avionics claims that the FAC contains no

11    factual allegations sufficient to satisfy the requirement of Fed. R. Civ. P. 8(a).[34]

12    On the contrary, Plaintiffs allege that the FAC is pled with sufficient particularity

13    to support their claims for relief.[35]  For the reasons discussed below, the Court

14    finds Defendant BAE Avionics' contentions convincing.

15        1.   Plaintiffs' Have Not Pled Sufficient Facts To Support Their First,

16                Second, And Third Causes of Action

17        Under the liberal pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiffs

18    need only make a short and plain statement of the claim showing that Plaintiffs are

19    entitled to relief.  See Fed. R. Civ. P. 8(a)(2).  The pleading must, in other words,

20    give fair notice and state the elements of the claim plainly and succinctly.  See

21    Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984);

22    Conley, 355 U.S. at 47 ("all the Rule [Fed. R. Civ. P. 8(a)(2)] requires is 'a short

23    and plain statement of the claim' that will give the defendant fair notice of what

24

25        [33] Pls.' FAC ¶¶ 19-38.

26

27        [34] Defs.' Mot. 10:7-8; Defs.' Reply 10:11-15.

28        [35] Pls.' Opp'n 12:26; 13:9-28; 14:1-5.

1   the plaintiff's claim is and the grounds upon which it rests").

2        BAE Avionics assert that Plaintiffs' first, second, and third causes of action

3   fail to assert an "actual controversy" as required under 28 U.S.C. § 2201(a).[36]

4   Section 2201(a) states, in pertinent parts, "[i]n a case of actual controversy within

5   its jurisdiction . . . any court of the United States, upon the filing of an appropriate

6   pleading, may declare the rights and other legal relations of any interested party

7   seeking such declaration, whether or not further relief is or could be sought." See

8   28 U.S. C. § 2201(a).  As such, a "substantial controversy" of "sufficient

9   immediacy and reality" which has "crystallized to the point that there is a specific

10  need for a declaratory judgment" is required.  Xerox Corp. v. Apple Computer,

11  Inc., 734 F. Supp. 1542, 1546 (N.D. Cal. 1990).

12       Here, the FAC makes the conclusory allegation that Plaintiffs are entitled to

13  declaratory judgment because an actual case or controversy exists between the

14  parties.[37]  However, even if the Court accepts these allegations as true, it does not

15  appear that an "actual controversy" requiring declaratory relief exists.  In fact,

16  Plaintiffs' first cause of action seeks declaratory judgment that "no contract exists

17  between Plaintiffs and Defendants, and consequently, Plaintiffs have not breached

18  any such contract."[38]  Moreover, while Plaintiffs allege that Defendants had

19  threatened them with suit in 2003, Defendants have filed no such suit two years

20  later.[39]

21       Furthermore, in opposition to Defendants' motion to dismiss the first three

22  causes of action, Plaintiffs merely assert that the FAC clearly contains "specific

23

24  [36] Defs.' Mot. 10:22-26.

25  [37] Pls.' FAC ¶¶ 19-24.

26

27  [38] Pls.' FAC ¶ 20.

28  [39] Pls.' FAC ¶¶ 7-9.

15

1  threats made by defendants against Plaintiff, which threats were included in a

2  letter and an attached draft Complaint."[40]  Again, these allegations are merely

3  conclusory as to the behavior of Defendant BAE Avionics which gives rise to

4  these three claims.  The FAC must also allege the underlying facts which support

5  the conclusions in order for this cause of action to be pled with sufficient

6  particularity.  Accordingly, the Court grants Defendant BAE Avionic's motion to

7  dismiss the First, Second, and Third causes of action without prejudice and with

8  30 days leave to amend.

9       2.    <u>Plaintiffs' Have Not Pled Sufficient Facts To Support Their Fourth</u>

10           <u>Cause of Action</u>

11       Plaintiffs have not sufficiently pled their fourth cause of action for

12  intentional interference with prospective economic advantage.  There are five

13  elements of this tort: (1) an economic relationship between plaintiff and another

14  party, containing a probable future economic advantage to plaintiff; (2)

15  defendant's knowledge of the existence of the relationship; (3) defendant's

16  intentional conduct designed to interfere with or disrupt the relationship; (4) actual

17  disruption; and (5) damage to the plaintiff as a result of defendant's acts.  <u>See</u>

18  <u>Marin Tug & Barge v. Westport Petroleum</u>, 271 F.3d 825, 831 n.8 (9th Cir. 2001)

19  (quoting <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u>, 11 Cal. 4th 376, 380 n.1

20  (1995)).  Furthermore, Plaintiffs must prove Defendants' interference was

21  wrongful "by some measure beyond the fact of the interference itself."  <u>Della</u>

22  <u>Penna</u>, 11 Cal. 4th at 392-93.  However, the Supreme Court of California has not

23  defined the precise scope of "wrongfulness" necessary to trigger liability for

24  intentional interference with prospective economic advantage.  <u>See</u> <u>Marin Tug &</u>

25

26

27      [40] Pls.' Opp'n 12:26-28; 13:2-3.  The Court notes that Plaintiffs did not

attach the letter and the draft Complaint with the FAC as stated in the language of

28  the FAC.

1  Barge, 271 F.3d at 831.  Thus, it remains an unresolved question of law in

2  California.  See id.

3          In this case, Plaintiffs have not sufficiently alleged each element of this tort.

4  On the face of the FAC, Plaintiffs' allegations sets forth the essential elements of a

5  cognizable legal claim for interference with prospective economic advantage, but

6  the FAC fail to allege sufficient facts under that cognizable legal theory.  Balistreri

7  v. Pacifica Police Dep't, 901 F.2d at 699 ("[d]ismissal can be based on . . . the

8  absence of sufficient facts alleged under a cognizable legal theory").

9          Moreover, Plaintiffs' FAC fails to assert that Defendants' interference was

10 wrongful "beyond the fact of the interference itself."  Della Penna, 11 Cal. 4th at

11 392-93.  On the face of the FAC, the independent wrong alleged by Plaintiffs is a

12 defamation claim that Defendants "made false statements to third parties [and

13 White Industries] that Defendants [had] worldwide patents directed to resizing

14 LCDs."[41]  Under both federal and state law, a defamation claim has to be pled with

15 specificity: ". . . where a plaintiff seeks damage for conduct which is prima facie

16 protected by the First Amendment, the danger that the mere pendency of the action

17 will chill the exercise of First Amendment rights requires more specific allegations

18 than are otherwise required."  Flowers v. Carville, 310 F.3d 1118, 1130 (9th Cir.

19 2002).  As such, merely asserting that Defendants made "false statements to third

20 parties" falls short of the specificity requirement.

21          In addition, in opposition to Defendants' motion to dismiss, Plaintiffs make

22 the conclusory contention that "Plaintiffs clearly set forth sufficient allegations to

23 support this [interference with prospective economic advantage] cause of

24 action."[42]  Again, the pleadings are devoid of substance and wholly conclusory.

25 Therefore, Plaintiffs' FAC, which contains only conclusory allegations that have

26 _____

27      [41] Pls.' FAC ¶¶ 11, 12.

28      [42] Pls.' Opp'n 13:13-14.

1    no facts alleged under the theory for interference with prospective economic

2    advantage, warrant dismissal. In re Party City Sec. Litig., 147 F. Supp. 2d 282,

3    297 (D.N.J. 2001) ("a court need not credit a complaint's 'bald assertions' or

4    'legal conclusions' when deciding a motion to dismiss").

5        3.    Plaintiffs' Have Not Pled Sufficient Facts To Support Their Fifth

6              Cause Of Action

7        Plaintiffs have also failed to pled sufficient facts supporting their fifth cause

8    of action for unfair competition and injurious falsehood.

9        According to Cal. Bus. & Prof. C. § 17200, unfair competition includes

10    "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. C.

11    § 17200. Its broad coverage embraces "anything that can properly be called a

12    business practice and that at the same time is forbidden by law." Schnall v. Hertz

13    Corp., 78 Cal. App. 4th 1144, 1153 (2000). Since this statute is written in the

14    disjunctive, it establishes three varieties of unfair competition:  acts or practices

15    which are (1) unlawful, (2) unfair or (3) fraudulent. See id. Thus, under the

16    statute, a business practice can be prohibited as unfair or deceptive, even if it is

17    not unlawful. See id.

18        Furthermore, even a single act of unfair business practice may be enough to

19    support a claim under § 17200. See Solomon v. N. Am. Life & Cas., 151 F.3d

20    1132, 1139 (9th Cir. 1998). To establish an "unlawful" practice, a plaintiff must

21    point to a specific provision of law that has been violated. When alleging unfair

22    business practices under California's unfair competition statute, Plaintiffs must

23    state with reasonable particularity facts supporting the statutory elements of the

24    violation. See Globespan, Inc. v. O'Neill, 151 F. Supp. 2d 1229, 1235 (C.D. Cal.

25    2001) (citing Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303,

26    1316 (N.D. Cal. 1997)).

27        Assuming Plaintiffs' allegations are true and construing Plaintiffs' FAC in

28    the most favorable light, the FAC identifies no particular section of the statutory

1   scheme which was violated and fails to describe with any reasonable particularity

2   the facts demonstrating Defendants have engaged in unfair business practices

3   violating Cal. Bus. & Prof. C. § 17200.  For example, the FAC refers to an effect

4   of "misleading" and "deceiv[ing]" Plaintiffs' potential customers, but the facts

5   clearly do not involve deceptive advertising.  See Cal. Bus. & Prof. C. §§ 17200

6   (holding that unfair competition includes deceptive or misleading advertising);

7   17500 et seq. (specific false advertising practices).  The facts also do not explain

8   the manner in which Defendants misled or deceived customers.  Compare Comm.

9   on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 213- 214

10  (1993) (complaint described effect of cereal maker's advertising on young

11  children).  Also, the FAC does not describe the manner in which Defendants'

12  practice is "unlawful." Id. at 209- 210.

13        In conclusion, Plaintiffs baldly assert that Defendant BAE Avionic's false

14  and misleading statements to third parties and potential customers in which

15  Defendants have worldwide patents on resizing LCDs are deceptive and injurious

16  to Plaintiffs.[43]  Again, these conclusory allegations, which lack "reasonable

17  particularity" fail to support a cause of action for unfair business practices.

18  **E.    Transfer of Venue**

19        1.    Dismissal For Improper Venue Is Warranted

20        Defendant BAE Systems argues that this Court is an inappropriate venue for

21  Plaintiffs' sixth cause of action for patent interference under 35 U.S.C. § 146

22  because the claim must be brought in the District of Columbia.[44]  For reasons

23  discussed below, the Court agrees.

24        Section 146 states, in relevant parts, that "[i]f there be . . . an adverse party

25  residing in a foreign country, the United States District Court for the District of

26

27     [43]  Pls.' FAC ¶¶ 31-38.

28     [44]  Defs.' Mot. 18:22-25.

19

1    Columbia *shall* have jurisdiction . . . ." 35 U.S.C. § 146; see also Conversion

2    Chem. Corp. v. Gottschalk, 341 F. Supp. 754, 756 n.2 (D. Conn. 1972) (emphasis

3    added).  The language of the statute unambiguously designates the District of

4    Columbia as having exclusive jurisdiction for Section 146 claims.  Thus, this

5    Court concludes that Plaintiffs' Sixth Cause of Action completely bars California

6    as a proper venue.

7        2.    The Present Action Is Properly Transferred To The District Of

8               Columbia

9        Additionally, Defendants request, in the alternative, that the Court transfer

10   the action to the United States District Court for the District of Columbia.

11   Pursuant to Section 1406(a), "[t]he district court of a district in which is filed a

12   case laying venue in the wrong division or district shall dismiss, or if it be in the

13   interest of justice, transfer such case to any district or division in which it could

14   have been brought."  See 28 U.S.C. § 1406(a).  There is no dispute that this action

15   "could have been brought" in the District of Columbia.  In fact, under Section 146,

16   venue is properly laid only in the United States District Court for the District of

17   Columbia.  Accordingly, the Court need not address whether transfer is proper

18   under Belzberg in determining if transfer is necessary in the interest of justice and

19   for the convenience of the witnesses and litigants.  Lou v. Belzberg, 834 F.2d 730,

20   739 (9th Cir. 1987); cert. denied, 486 U.S. 993 (988).

21       Therefore, for the reasons discussed above, the Court concludes that

22   transferring this action to the United States District Court for the District of

23   Columbia is warranted.

24

25

26

27

28

## III. CONCLUSION

For all of the foregoing reasons, the Court hereby **GRANTS** Defendants BAE Electronics and BAE System's motion to dismiss without prejudice and 30 days leave to amend, Plaintiffs' FAC for lack of personal jurisdiction and additionally **GRANTS** Defendant BAE Avionic's motion to dismiss without prejudice and 30 days leave to amend, Plaintiff's first five causes of action for failure to state a claim upon which relief may be granted. Moreover, the Court hereby **GRANTS** Defendant BAE System's motion to transfer Plaintiffs' Sixth Cause of Action.

IT IS SO ORDERED.

DATED:    August 31, 2005.

ROBERT J. KELLEHER
United States District Judge