

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(909) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

September 6, 2005

Clerk, United District Court
District of Columbia
333 Constitution Ave., NW
Washington, DC  20001

Re:  Transfer of our Civil Case No.   CV 03-5889 RJK (FMOx)
     Case Title:  LAWRENCE E TANNAS JR ET AL v BAE SYSTEMS AVIONICS

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, together with certified copies of the order and the docket.  Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your cooperation.

CERTIFIED COPY OF THE
AMENDED COMPLAINT ONLY
*per*
ORDER TRANSFERRING ONLY THE (6th)
**CAUSE OF ACTION** ONLY

Very truly yours,

Clerk, U.S. District Court

By _Under Chai_ ╱╲ᴧ_____
      Deputy Clerk

=====================================================================================

## TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
      Deputy Clerk

(FMOx), AO279

# U.S. District Court
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:03-cv-05889-RJK-FMO

Lawrence E Tannas Jr, et al v. BAE Systems
Avionics, et al
Assigned to: Judge Robert J. Kelleher
Referred to: Discovery Fernando M. Olguin
Demand: $0
Cause: 15:1125 Trademark Infringement (Lanham
Act)

Date Filed: 08/19/2003
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

## Plaintiff

**Lawrence E Tannas, Jr**
*an individual*
*doing business as*
Tannas Electronics

represented by **James K Sakaguchi**
Cohen & Sakaguchi
2424 SE Bristol St, Ste 300
Newport Beach, CA 92660
562-665-3953
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neal M Cohen**
Cohen & Sakaguchi
2424 SE Bristol St, Ste 300
Newport Beach, CA 92660
562-665-3953
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A English**
Cohen & Sakaguchi
2424 SE Bristol St, Ste 300
Newport Beach, CA 92660
562-665-3953
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*



## Plaintiff

**Tannas Electronics Displays Inc**
*a California corporation*

represented by **James K Sakaguchi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

6 TH CAUSE OF ACTION only
TRANSFERRED

**Neal M Cohen**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A English**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BAE Systems Avionics Limited**
*a British corporation*

represented by **David Richard Sugden**
Call Jensen and Ferrell
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
949-717-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
Call Jensen and Ferrell
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
949-717-3000
Email: sferrell@calljensen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BAE Systems Electronics Limited**
*a British corporation*

represented by **David Richard Sugden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BAE Systems Plc**
*a British corporation*

represented by **David Richard Sugden**
Call Jensen & Ferrell
610 Newport Center Dr
Ste 700

New Beach, CA 92660
949-717-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
Call Jensen & Ferrell
610 Newport Center Dr
Ste 700
Newport Beach, CA 92660
949-717-3000
Email: sferrell@calljensen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/19/2003 | 1 | COMPLAINT filed Summons(es) 20 days issued referred to Discovery Fernando M. Olguin (rrey) (Entered: 08/22/2003) |
| 08/19/2003 | 2 | COMBINED CERTIFICATE OF INTERESTED PARTIES & RULE 7.1 STATEMENT filed by plaintiffs Lawrence E Tannas Jr, Tannas Elect Display (rrey) (Entered: 08/22/2003) |
| 08/25/2003 | 3 | ORDER RE INITIAL CASE ASSIGNMENT by Judge Robert J. Kelleher (bg) (Entered: 08/26/2003) |
| 09/19/2003 | 4 | NOTICE TO COUNSEL RE Copyright, Patent and Trademark Reporting Requirements filed (bg) (Entered: 09/22/2003) |
| 11/21/2003 | 5 | MINUTES: to show cause in writing why this action should not be dismissed for lack of prosecution as to the defendant(s) , response to osc due by 12/12/03 by Judge Robert J. Kelleher CR: Not reported (bg) (Entered: 11/24/2003) |
| 12/02/2003 | 6 | REQUEST filed by plaintiff Lawrence E Tannas Jr, plaintiff Tannas Elect Display to extend time to serve summons and complaint (bg) (Entered: 12/03/2003) |
| 12/04/2003 | 7 | ORDER by Judge Robert J. Kelleher extending time for Plaintiff to serve the summons and complaint to March 16, 2003 for good cause shown in accordance with FRCP Rule 4(m) (bg) (Entered: 12/05/2003) |
| 02/13/2004 | 9 | SECOND REQUEST for Extension of time to serve summons and complaint filed by Plaintiffs, Lawrence E Tannas Jr, Tannas Electronics Displays Inc. Lodged proposed order. (shb, ) (Entered: 02/23/2004) |
| 02/17/2004 | 8 | ORDER by Judge Robert J. Kelleher, re Request to Extend time to |

| | | |
|---|---|---|
| | | serve summons and complaint[6] The ___ for plaintiff to serve the summons and complaint is extended to 5/15/04(bg, ) (Entered: 02/18/2004) |
| 05/17/2004 | ●10 | PROOF OF SERVICE Executed filed by plaintiffs, Lawrence E Tannas Jr, Tannas Electronics Displays Inc, upon BAE Systems Avionics Limited served on 5/17/2004, answer due 6/16/2004; BAE Systems Electronics Limited served on 5/17/2004, answer due 6/16/2004. Original Summons not returned. (sv, ) (Entered: 05/24/2004) |
| 06/07/2004 | ●11 | STIPULATION RE Responsive Pleading. Wherefore, without Defendants submitting to the Courts jurisdiction, the parties stipulate that Defendants BAE Systems Avionics Limited and BAE Systems Electronics Limited shall have thirty-day extension to file a responsive pleading. Therefore, Defendants deadline to file a responsive pleading is on or before 7/7/04; BAE Systems Avionics Limited answer due 7/7/2004; BAE Systems Electronics Limited answer due 7/7/2004. filed by defendants BAE Systems Avionics Limited and BAE Systems Electronics Limited. (nhac, ) (Entered: 06/15/2004) |
| 07/09/2004 | ●12 | NOTICE of Interested Parties filed by Defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited. (bg, ) (Entered: 07/13/2004) |
| 07/09/2004 | ●13 | NOTICE OF MOTION AND MOTION to Dismiss plaintiffs complaint, or in the alternative for More Definite Statement filed by defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited. Motion set for hearing on 8/9/2004 at 10:00 AM before Honorable Robert J. Kelleher. (pj, ) (Entered: 07/20/2004) |
| 07/09/2004 | ●14 | DECLARATION of DAVID PARKES [13] filed by Defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited. (pj, ) (Entered: 07/20/2004) |
| 07/09/2004 | ●15 | DECLARATION of DAVID R SUGDEN re [13] filed by Defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited. (pj, ) (Entered: 07/20/2004) |
| 07/12/2004 | ●16 | STIPULATION AND ORDER by Judge Robert J. Kelleher: Continuing extension of of time for defendants BAE Systems Avionics Limited and BAE Systems Electronics Limited to file a responsive pleading to 7/9/2004.(mg, ) (Entered: 07/20/2004) |
| 07/26/2004 | ●17 | Tannas OPPOSITION to MOTION to Dismiss plaintiffs complaint MOTION for More Definite Statement MOTION for More Definite Statement[13]; Lodged order filed by Plaintiffs Lawrence E Tannas Jr, Tannas Electronics Displays Inc. (shb, ) (Entered: 08/04/2004) |
| 07/26/2004 | ●18 | DECLARATION of William A English in support of Tannas |

|  |  |  |
|---|---|---|
|  |  | Oppo... to MOTION to Dismiss pla...complaint MOTION for More Definite Statement MOTION for More Definite Statement[13] filed by Plaintiffs Lawrence E Tannas Jr, Tannas Electronics Displays Inc. (shb, ) (Entered: 08/04/2004) |
| 08/03/2004 | 19 | MINUTES (In Chambers) by Judge Robert J. Kelleher: Upon its own motion, the Court hereby continues the hearing on defendants [13] MOTION to Dismiss plaintiffs complaint or in the alternative for a More Definite Statement to 8/23/2004 at 10:00 AM. An reply briefs shall be filed no later than 8/10/2004. Court Reporter: None Present. (mg, ) (Entered: 08/04/2004) |
| 08/10/2004 | 20 | DECLARATION of Scott J Ferrell filed by Defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited. (mg, ) (Entered: 08/11/2004) |
| 08/10/2004 | 21 | REPLY in support of defendants MOTION to Dismiss plaintiffs complaint [13] filed by defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited. (mg, ) (Entered: 08/11/2004) |
| 08/23/2004 | 22 | MINUTES by Judge Robert J. Kelleher: The Court takes defendants MOTION to Dismiss, or in the alternative, for a more definite statement [13], under submission. Plaintiff may serve and file questions re: minimum contacts not later than 8/30/04. Court Reporter: Sandra Becerra. (mg, ) (Entered: 08/24/2004) |
| 08/24/2004 | ◉ | PLACED IN FILE - NOT USED re Proposed order regarding BAE 12 (b) Motions submitted by plaintiffs Lawrence E Tannas Jr, Tannas Electronics Displays Inc. (bg, ) (Entered: 08/26/2004) |
| 09/09/2004 | 23 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following date: 08/23/04, Court Reporter: Sandra L. Becerra. (wdc, ) (Entered: 09/13/2004) |
| 09/09/2004 | 24 | TRANSCRIPT filed for proceedings held on 08/23/04. Court Reporter: Sandra L. Becerra. (wdc, ) (Entered: 09/13/2004) |
| 09/30/2004 | 25 | STIPULATION AND ORDER by Judge Robert J. Kelleher: re MOTION to Dismiss plaintiffs complaint [13]. Defendants shall respond to all discovery requests served by Tannas that relate to the issue of defendants minimum contacts, if such requests were served not later than 8/30/04. Any motion by plaintiffs to compel discovery responses related to this Order shall be filed no later than 11/18/04. Absent the filing of such a motion, plaintiffs shall file a First Amended Complaint no later than 11/18/04. If plaintiffs do not file any such discovery motion by said date, and do not file a First Amended Complaint by said date, then the Court may issue an Order granting defendants motion to dismiss for lack of personal jurisdiction. (mg, ) (Entered: 10/01/2004) |
| 11/15/2004 | 26 | STIPULATION AND ORDER by Judge Robert J. Kelleher : any |

| | | |
|---|---|---|
| | | ,motio~ plaintiff to compel discover; ~onses related to to the courts order be filed and served on opposing counsel no later than 12/14/04; absent the filing of such moiton, plaintiff shall file and serve on opposing counsel, a first Amended complaint alleging new grounds for defendants minimum contacts, no later than 12/14/2004; if neither motion nor amended complaint is filed by said date, court may issue order granting defendants motion to dismiss for lack of personal jurisdiction(lc, ) Modified on 12/3/2004 (lc, ). (Entered: 11/16/2004) |
| 12/01/2004 | ●27 | STIPULATION AND ORDER by Judge Robert J. Kelleher : defendants provide plaintiffs revised responses to discovery requests: 1/3/05; plaintiff provide defendants plaintiffs portion of joint stipulation: 1/24/05; any motion by plaintiffs to compel discovery responses related to 11/15/04 order be filed and served on opposing counsel: 1/31/05; absent filing of such motion; plaintffs shal file and serve on opposing counsel a first amended complaint: 1/31/2005; if plaintiffs do not file any such discovery motion or amended complaint by said dates, court may issue order granting defendants motin to dismiss for lack of personal jurisdiction.(lc, ) (Entered: 12/03/2004) |
| 01/31/2005 | ●28 | LOCAL RULE 37 JOINT STIPULATION regarding Plaintiffs Motion to Compel Discovery Responses filed by Plaintiffs Lawrence E Tannas, Jr, Tannas Electronics Displays Inc. (ir, ) (Entered: 02/03/2005) |
| 02/18/2005 | ●29 | MINUTES OF IN CHAMBERS ORDER by Judge Robert J. Kelleher : Court finds Plaintiffs motion to Compel discovery on 2/28/05 10:00 calendar appropriate for decison without oral argument; hearing date is vacated and matter taken off calendar; matter deemed submitted on vacated hearing date and clerk will notify parties when court has reached decision [28]; Court Reporter: none. (lc, ) (Entered: 02/24/2005) |
| 04/05/2005 | ●30 | MINUTES OF IN CHAMBERS ORDER by Judge Robert J. Kelleher :, RE: plaintiffs motion to Compel[28]: defendants are ordered to provide verified supplemental responses to plaintiffs special interrogatories 1-25 only; furthermore, court agrees with defendants contention taht plaintiffs interrogatories are overbroad in time and orders defendants supplemental responses to plaintiffs special interrogatorites shall span the period of time from January 2002 to present date; defendants supplemental responses shall be served on plaintiffs within 30 days from date of this orderCourt Reporter: none. (lc, ) (Entered: 04/06/2005) |
| 05/19/2005 | ●31 | FIRST AMENDED COMPLAINT against defendants BAE Systems Plc, BAE Systems Avionics Limited, BAE Systems Electronics Limited amending Complaint - (Discovery)[1] ,filed by plaintiffs Lawrence E Tannas, Jr, Tannas Electronics Displays Inc (lc, ) |

| | | |
|---|---|---|
| 05/25/2005 | 32 | MINUTES OF IN CHAMBERS ORDER by Judge Robert J. Kelleher : RE: defendants MOTION to Dismiss plaintiffs complaint or More Definite Statement[13]; court accepted plaintiffs first amended complaint which was filed three months beyond deadline as set in 12/1/04 order and beyond scope of 12/1/04 order; counsel for both parties are warned to follow all schedules and deadlines set forth by court or direct order or by stipulation; defendants motion to dismiss is deemed moot in light of plaintiffs filing of first amended complaint; Court Reporter: none. (lc, ) (Entered: 05/25/2005) |
| 05/25/2005 | | REPORT ON THE FILING OF AN ACTION REGARDING patent/trademar (cc: form mailed to Washington, D.C.) (Opening) (lc, ) (Entered: 05/26/2005) |
| 06/02/2005 | 33 | PROOF OF SERVICE Executed by plaintiffs upon defendant BAE Systems PLC by serving Mr. David R. Sugden, of Call Jensen and Ferrell, Offices of Counsel for BAE Systems PLC. Served on 5/24/2005, answer due 6/13/2005. The Summons and First Amended Complaint were served by hand delivery, by (statute not specified). Due Dilligence declaration not attached. Original Summons returned. (mg, ) (Entered: 06/03/2005) |
| 06/13/2005 | 34 | DECLARATION of DAVID R. SUGDEN filed by Defendants BAE Systems Avionics Limited and BAE Systems Electronics Limited. (yl, ) (Entered: 06/13/2005) |
| 06/13/2005 | 35 | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's Complaint Under FRCP 12(b)(2), or, in the Alternative to Transfer Venue of Plaintiff's Sixth Cause of Action filed by Defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited and BAE Systems Plc. Motion set for hearing on 7/11/2005 at 10:00 AM before Honorable Robert J. Kelleher. (yl, ) (Entered: 06/13/2005) |
| 06/13/2005 | 36 | DECLARATION of DAVID PARKES re MOTION to Dismiss Plaintiff's Complaint Under FRCP 12(b)(2) or, in the Alternative to Transfer Venue of Plaintiff's Sixth Cause of Action filed[35] filed by Defendants` BAE Systems Avionics Limited, BAE Systems Electronics Limited and BAE Systems Plc. (yl, ) (Entered: 06/13/2005) |
| 06/13/2005 | 37 | REQUEST FOR JUDICIAL NOTICE In Support of MOTION to Dismiss Plaintiff's Complaint Under FRCP 12(b)(2) MOTION to Transfer Case MOTION to Dismiss Plaintiff's Complaint Under FRCP 12(b)(2) MOTION to Transfer Case[35] filed by Plaintiffs BAE Systems Avionics Limited and BAE Systems Electronics Limited. (yl, ) (Entered: 06/15/2005) |
| 06/23/2005 | 38 | STIPULATION AND ORDER by Judge Robert J. Kelleher To Continue Defendant's Rule 12(b) Motion to Dismiss Plaintiff's |

| | | |
|---|---|---|
| | | Comp... Under FRCP 12(b)(2) MOT... o Transfer Case MOTION to Transfer Case[35]for one week. Motion set for hearing on 7/18/2005 at 10:00 AM before Honorable Robert J. Kelleher.(yl, ) (Entered: 06/24/2005) |
| 07/01/2005 | 39 | OPPOSITION to BAE 12(b) MOTIONS[13], [35] filed by plaintiffs Lawrence E Tannas, Jr., Tannas Electronics Displays Inc. (ca, ) (Entered: 07/14/2005) |
| 07/01/2005 | 40 | DECLARATION of Neal M. Cohen in support of Opposition filed by Plaintiffs Lawrence E Tannas, Jr, Tannas Electronics Displays Inc. (ca, ) (Entered: 07/14/2005) |
| 07/11/2005 | 42 | REPLY to response to MOTION to Dismiss Plaintiff's Complaint Under FRCP 12(b)(2) MOTION to Transfer Case MOTION to Transfer Case[35] filed by defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited, BAE Systems Plc. (dmjr, ) (Entered: 07/21/2005) |
| 07/11/2005 | 43 | DECLARATION of D R Sugden re MOTION to Dismiss Plaintiff's Complaint Under FRCP 12(b)(2) MOTION to Transfer Case MOTION to Transfer Case[35] filed by defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited, BAE Systems Plc. (dmjr, ) (Entered: 07/21/2005) |
| 07/14/2005 | 41 | MINUTES OF IN CHAMBERS ORDER by Judge Robert J. Kelleher : Court takes off the 7/18/05 10:00 AM calendar and under submission [35] MOTION to Dismiss Plaintiff's Complaint Under FRCP 12(b)(2), or, in the Alternative to Transfer Venue of Plaintiff's Sixth Cause of Action filed by Defendants BAE Systems Avionics Limited, BAE Systems Electronics Limited and BAE Systems Plc; court finds matter appropriate for decision without oral argument; clerk will notifiy parties when court has reached a decision. Court Reporter: none. (lc, ) (Entered: 07/15/2005) |
| 09/06/2005 | | TRANSMITTAL of documents: certified copies of order of transfer of 6TH CAUSE OF ACTION ONLY, amended complaint ONLY, docket and letter of transfer TO US District Court, District of Columbia (lc, ) (Entered: 09/06/2005) |

| | | |
|---|---|---|
| | | Reporter: none. (lc, ) (Entered: 07/15/2005) |
| 09/02/2005 | 44 | ORDER by Judge Robert J. Kelleher : granting defendants BAE Electronics and BAE Systems motion to dismiss without prejudice and 30 days leave to amend, plaintiffs first amended complaint for lack of personal jurisdiction and additionally grants defendant BAE Avionics motion to dismiss without prejudice and 30 days leave to amend, plaintiffs first five cause of action for failure to state a claim upon which relief may be granted; Moreover, Court grants defendant BAE Systems motion to transfer (to the US District Court, District of Columbia )plaintiffs sixth cause of action [35] (lc, ) (Entered: 09/02/2005) |
| 09/06/2005 | ③ | TRANSMITTAL of documents: certified copies of order of transfer of 6TH CAUSE OF ACTION ONLY, amended complaint ONLY, docket and letter of transfer TO US District Court, District of Columbia (lc, ) (Entered: 09/06/2005) |

WILLIAM A. ENGLISH (State Bar No. 193634)
NEAL M. COHEN (State Bar No. 184978)
JAMES K. SAKAGUCHI (State Bar No. 181010)
Cohen Sakaguchi & English LLP
2040 Main Street, 9th Floor
Irvine, California 92614
Telephone (949) 724-1849
Facsimile (949) 625-8955

Attorneys for Plaintiffs

*I hereby attest and certify on SEP - 5 2005 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.*

*CLERK, U.S. DISTRICT COURT*
*CENTRAL DISTRICT OF CALIFORNIA*

*By _____ _____ Deputy*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lawrence E. Tannas, Jr., an individual dba Tannas Electronics; Tannas Electronic Displays, Inc., a California corporation | ) Case No. CV-03-5889 RJK (FMOx)<br>)<br>) **FIRST AMENDED COMPLAINT FOR**<br>) **DECLARATORY JUDGMENT; AND FOR**<br>) **RELIEF UNDER 35 U.S.C. § 146 TO** |
| Plaintiffs, | ) **SET ASIDE JUDGMENT OF PATENT**<br>) **OFFICE IN INTERFERENCE 105,096**<br>) |
| v. | ) **[DEMAND FOR JURY TRIAL]**<br>) |
| BAE Systems Avionics Limited, a British Corporation; BAE Systems Electronics Limited, a British corporation; BAE Systems, Plc, a British Corporation | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

For its First Amended Complaint against BAE SYSTEMS

Avionics Limited, BAE Systems Electronics Limited, and BAE

Systems, Plc (hereafter collectively "Defendants"), Plaintiffs

Lawrence E. Tannas, Jr., dba Tannas Electronics, and Tannas

Electronic Displays, Inc. (hereafter collectively "Plaintiffs")

allege as follows, wherein each and every allegation is

- 1 -

incorporated into each and every Count, and each Count is

asserted against each Defendant unless asserted otherwise:

### JURISDICTION AND VENUE.

1.    This cause of action arises under 35 U.S.C. § 146,

under Title 15 of the U.S. Code, and under the Declaratory

Judgment Statutes 28 U.S.C. §§ 2201-2202.  This Court has

original jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. §§ 1331 and 1338(a)-(b), and has supplemental

jurisdiction over Plaintiff's related claims arising under the

statutory and common law of the State of California pursuant to

28 U.S.C. §1367(a).

2.    Venue is proper in this District pursuant to 28 U.S.C.

§ 1391.

### PARTIES

3.    Plaintiff Lawrence E. Tannas, Jr., dba Tannas

Electronics ("Mr. Tannas"), is an individual residing in Orange,

California.  Plaintiff Tannas Electronic Displays, Inc. ("Tannas

Electronics") is a corporation duly organized and existing

pursuant to the laws of the State of California, with its

principal place of business located at 1426 Dana Place, Orange,

California 92866.

4.    Upon information and belief, BAE Systems Avionics

Limited, BAE Systems Electronics Limited, and BAE Systems, Plc

- 2 -

are British corporations having their offices located at Warwick

House, P.O. Box 87, Farnborough Aerospace Centre, Farnborough,

Hampshire, GU14 6YU, United Kingdom.  Upon information and

belief, BAE Systems Avionics Limited is a wholly owned

subsidiary of BAE Systems Electronics Limited, and BAE Systems

Electronics Limited is a wholly owned subsidiary of BAE Systems,

Plc.  Upon information and belief, BAE Systems, Plc, directly

and/or through its wholly-owned subsidiaries, supplies goods and

services in California.

## COMMON ALLEGATIONS

5.    Mr. Tannas has invented a process for resizing

commercial off-the-shelf ("COTS") liquid crystal displays

("LCDs"), and has obtained U.S. Patent Nos. 6,204,906 and

6,380,999 ("the Tannas patents") that are directed to resized

LCDs and to methods for manufacturing resized LCDs.

6.    On or about April 14, 2003, the United States Patent

and Trademark Office declared an interference; Interference No.

105,096 ("the Interference"), between the Tannas patents and a

patent application naming David Watson as inventor ("the Watson

application").  Upon information and belief, the Watson

application is owned by Defendants.

7.    On or about June 4, 2003, attorneys representing

Defendants sent a letter to the attorneys representing

- 3 -

Plaintiffs stating that Defendants were contemplating filing a lawsuit against Plaintiffs alleging breach of confidentiality.

8.   On or about July 18, 2003, the attorneys representing Defendants sent another letter accusing Plaintiffs of misappropriating intellectual property belonging to Defendants. In the July 18, 2003 letter, Defendants' attorneys again indicated that Defendants were considering filing a lawsuit against Plaintiffs for misappropriation of trade secrets.

9.   On or about August 12, 2003, Defendants' attorneys sent Plaintiffs a draft complaint, asserting several causes of action against Plaintiffs.

10.   The above-referenced threatening letters were sent with no reasonable basis to support the accusations contained therein.   The letters were sent in an attempt to harass and intimidate Plaintiffs and disrupt Plaintiffs' business.

11.   Defendants, by or through their employees and other authorized agents, have made false statements to third parties that Defendants have worldwide patents directed to resizing LCDs.

12.   Defendants, by or through their employees and other authorized agents, have made false statements to third parties, including a representative of White Industries, disparaging Plaintiffs and Plaintiffs' activities related to resizing LCDs,

- 4 -

to attempt to gain the business of these third parties thereby
and to disrupt Plaintiffs' business thereby.

13.  By making statements to third parties that Defendants
owned worldwide patents, with no reasonable basis for believing
same, and by attempting to gain the business of these third
parties thereby and to disrupt Plaintiffs' business thereby,
Defendants have engaged in wrongful conduct with a willful and
conscious disregard for Plaintiffs' rights, and, as a result of
such oppressive, fraudulent, and malicious conduct, Plaintiffs
are entitled to recover exemplary and punitive damages from
Defendants pursuant to California Civil Code § 3294, in an
amount to be proven at trial.

14.  As a proximate result of Defendants' wrongful conduct
as alleged herein, Defendants have made substantial profit and
Plaintiffs have sustained substantial damage, each in amounts to
be proven at trial.

15.  Plaintiffs have no adequate remedy at law, and unless
Defendants are enjoined from unlawfully harassing and
intimidating Plaintiffs, Plaintiffs' prospective customers, and
others with whom Plaintiffs attempt to do business, Plaintiffs
will continue to suffer irreparable harm as a result of
Defendants' conduct as alleged herein.

16.   Defendants sold resized LCDs to Symbolic Displays, Inc. (SDI), on at least two occasions in 2001.  On one occasion, Defendants purchased commercial LCDs, resized them into the configuration requested by SDI, and shipped them to SDI's facilities in Santa Ana, California.  On a second occasion, SDI purchased LCDs, shipped them to Defendants in Edinburgh, Scotland, whereupon Defendants resized the LCDs, and shipped them back to SDI in California.

17.   At a conference of the Society for Information Displays ("SID") in Long Beach California in May 2000, employees and/or agents of Defendants invited SDI employees to a hospitality suite at the Queen Mary, where the SDI employees met with employees and/or agents of Defendants who were the SDI employees' primary contacts at that time regarding Defendants' LCD resizing program.

18.   Subsequent to January 2002, Defendants have shipped products into California related to U.S. and British military engagements, and have made sales and offers for sale of products in California.  Upon information and belief, said products include resized LCDs or products directly related to resized LCDs.

## COUNT 1

### DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT

19.   An actual case or controversy exists between Plaintiffs and Defendants as to the existence or nonexistence of an alleged contract between Plaintiffs and Defendants.

20.   Plaintiffs are entitled to a declaration and judgment that no contract exists between Plaintiffs and Defendants, and, consequently, Plaintiffs have not breached any such contract. Without such a declaration and judgment, Defendants will continue to assert claims against Plaintiffs based upon breach of contract.

## COUNT 2

### DECLARATORY JUDGMENT OF NO TRADE SECRET MISAPPROPRIATION

21.   An actual case or controversy exists between Plaintiffs and Defendants concerning trade secret misappropriation.

22.   Plaintiffs are entitled to a declaration and judgment that Plaintiffs have not stolen or otherwise misappropriated any trade secrets from Defendants.  Without such a declaration and judgment, Defendants will continue to assert claims of trade secret misappropriation against Plaintiffs.

- 7 -

## COUNT 3

### DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

23.  An actual case or controversy exists between Plaintiffs and Defendants concerning unfair competition.

24.  Plaintiffs are entitled to a declaration and judgment that Plaintiffs have not committed any acts of unfair competition related to Defendants.  Without such a declaration and judgment, Defendants will continue to assert claims of unfair competition against Plaintiffs.

## COUNT 4

### INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

25.  Plaintiffs had prospective business relationships with third parties, including White Industries.

26.  The business relationships between Plaintiffs and third parties included probable future economic benefit for Plaintiffs.

27.  Defendants knew or should have known of the relationships and of potential future relationships, and intended to disrupt same by making false statements to third parties related thereto.

28.  Defendants knew or should have known that the statements made were false.

- 8 -

29.   The aforementioned statements were made negligently and with the intent to disrupt the relationships between Plaintiffs and third parties and to harass and intimidate the third parties into ceasing and/or failing to engage in business relations with Plaintiffs.

30.   Disruption in the existing and potential business relationships between Plaintiffs and third parties has occurred due to Defendants' acts and statements, and has caused economic harm to Plaintiffs as well as irreparable harm to Plaintiffs' reputation.

### COUNT 5

### UNFAIR COMPETITION / INJURIOUS FALSEHOOD

31.   Defendants have made false and misleading statements to third parties, including Plaintiffs' customers and potential customers, in connection with the goods and services offered by Plaintiffs and/or in commercial advertising or promotion.

32.   Defendants have communicated to third parties false information accusing Plaintiffs of committing fraud against Defendants, and, by or through their employees and other authorized agents, have also made false statements that Defendants have worldwide patents directed to resizing LCDs.

- 9 -

33.   Said statements are likely to cause confusion, cause mistake, and deceive the recipients into believing that the statements are true.

34.   Said statements misrepresent the nature, characteristics, and qualities of Plaintiffs' goods, services, and commercial activities.

35.   The statements were made with a deliberate and willful intent to deceive potential customers of Plaintiffs, to attract or retain business to the detriment of Plaintiffs, and with a reckless disregard for the truth of the statements.

36.   Plaintiffs have been damaged by the acts and statements of Defendants set forth in this First Amended Complaint, including lost business and damage to reputation.

37.   The conduct as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

38.   The conduct as alleged herein constitutes unfair competition in violation of State unfair competition laws, including California Business and Professions Code §§ 17200 et seq.

## COUNT 6

### CIVIL ACTION UNDER 35 U.S.C. § 146

39.  On or about April 14, 2003, the United States Patent and Trademark Office ("USPTO") initiated the Interference between U.S. Patent Nos. 6,204,906 and 6,380,999 ("the Tannas patents") issued to Lawrence E. Tannas, Jr. ("Party Tannas") and U.S. Patent Application No. 09/529,201 ("the Watson application") by David S. Watson ("Party Watson"). Interference proceedings were conducted by the Board of Patent Appeals and Interferences ("the Board") within the USPTO.

40.  On or about May 9, 2005 the Board issued a final decision in the Interference, granting priority of invention to Party Watson.

41.  On or about April 14, 2003, the Board concluded that there was an interference in fact, when it defined the Counts of the interference in the Notice Declaring Interference.

42.  On or about June 24, 2004, the Board issued a Decision on Preliminary Motions, invalidating certain claims of the Tannas patents for Party Tannas' alleged failure to comply with the "best mode" requirement of 35 U.S.C. § 112, first paragraph.

43.  On or about February 2, 2005, the Board issued a decision refusing to consider whether the Watson Application was

- 11 -

invalid for failure to comply with the "best mode" requirement

of 35 U.S.C. § 112.

44.    The cause of action in Count 6 arises under the patent

laws of the United States, and more specifically, under 35

U.S.C. § 146.    This Court has subject matter jurisdiction of the

action based upon that section and based upon 28 U.S.C. §§ 1331

and 1338(a).    This action is timely and proper, in that no party

has appealed to the United States Court of Appeals for the

Federal Circuit, and this action is being filed within sixty

(60) days of the Board's May 9, 2005 final decision with which

Plaintiff's are dissatisfied.

45.    Upon information and belief, in a motion filed and

served by Party Watson on or about September 24, 2004, entitled

"Watson Priority and Derivation Principal Brief," Defendants'

counsel admitted that BAE Systems, Plc is the real party in

interest in the Interference.

46.    Plaintiffs are dissatisfied with the Board's decision

that certain claims of the Tannas patents are invalid based on

Party Tannas' alleged failure to comply with the "best mode"

requirement of 35 U.S.C. § 112, first paragraph.

47.    Plaintiffs are dissatisfied with the Board's final

decision, which awarded priority of invention to Party Watson

rather than to Party Tannas.

- 12 -

48.   Plaintiffs are dissatisfied with the Board's refusal to address the derivation and inequitable conduct allegations properly raised before the Board during the Interference.

49.   Plaintiffs are dissatisfied with the Board's decision affirming that there was an interference in fact between certain of the parties' claims, when it originally defined the Counts of the interference in the Notice Declaring Interference, which was affirmed in the Board's Decision on Preliminary Motions on or about June 24, 2004.

50.   Plaintiffs are dissatisfied with the Board's refusal to address the allegations that Party Watson failed to comply with the "best mode" requirement of 35 U.S.C. § 112, first paragraph, which was properly raised by Party Tannas before the Board during the Interference.

51.   Plaintiffs are dissatisfied with the Board's decision that certain prior art references did not invalidate certain claims of the Watson application under 35 U.S.C. §§ 102 and 103.

52.   Plaintiffs are dissatisfied with, and seek judicial redress of, these errors and all other errors made by the Board in the Interference that adversely affect the interests of Plaintiffs.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

A.   A judicial declaration that Plaintiffs have not breached any contracts with Defendants;

B.   A judicial declaration that Plaintiffs have not misappropriated any trade secrets from Defendants;

C.   A judicial declaration that Plaintiffs have not committed any acts constituting unfair competition related to Defendants;

D.   A preliminary and permanent injunction against Defendants, their subsidiaries, divisions, agents, servants, and employees, and those persons in concert or active participation with them, from further acts that are likely to cause harm to Plaintiffs;

E.   Damages for Defendants' interference with Plaintiffs' prospective business or otherwise as permitted by law based on Defendants' conduct as herein alleged, including exemplary, punitive, and enhanced damages, to be proven at trial;

F.   Any and all monetary and other benefits received by Defendants as a result of their wrongful conduct as alleged herein to be held in constructive trust for the benefit of Plaintiffs;

G.   Damages, costs, and attorneys fees, Defendants' profits, pre-judgment and post-judgment interest, and increased

- 14 -

damages by the maximum amount allowed by law, including but not limited to treble actual damages, in accordance with 15 U.S.C. § 1117 and/or the common law;

H.   At Plaintiffs' option, statutory damages in lieu of actual damages and profits, in accordance with 15 U.S.C. § 1117;

I.   Restitution from Defendants for the unfair competition alleged herein, in an amount to be proven at trial;

J.   Exemplary and punitive damages pursuant to California Civil Code § 3294, in an amount to be proven at trial;

K.   The Board's decision defining the Counts be vacated, and that all adverse rulings and judgments against Plaintiffs flowing therefrom be likewise vacated;

L.   The Board's decision regarding the purported best mode violation by Party Tannas be vacated;

M.   An award of priority to Part Tannas on Counts 1 and 2 of the Interference or such other Count(s) established by the Court, and an Order entitling Party Tannas to a patent on the claims in the Tannas patents that correspond to Counts 1 and 2 or such other Count(s) established by the Court;

N.   An Order denying Party Watson any patent maturing from the Watson application;

O.    An Order directing the Board to vacate or modify its

final decision and any prior decisions in accordance with the

judgment, upon the filing with the Board of a certified copy of

the judgment in this action;

P.    Costs and attorneys fees in favor of Plaintiffs

against Defendants; and

Q.    Such other relief as this Court deems appropriate.


                                    Respectfully submitted,

                                    **COHEN SAKAGUCHI & ENGLISH LLP**


DATED:  May 19, 2005
                                    _____
                                    William A. English
                                    Neal M. Cohen
                                    James K. Sakaguchi
                                    Attorneys for Plaintiffs


- 16 -

## JURY DEMAND

Pursuant to F.R.Civ.P. Rule 38(b) and L.R. 38-1, Plaintiffs demand a jury trial on all issues triable to a jury.

Respectfully submitted,

**COHEN SAKAGUCHI & ENGLISH LLP**

DATED: May 19, 2005

William A. English
Neal M. Cohen
James K. Sakaguchi
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT; AND FOR RELIEF UNDER 35 U.S.C. § 146 TO SET ASIDE JUDGMENT OF PATENT OFFICE IN INTERFERENCE 105,096** to all named Defendants that have thus far appeared, by mail delivery on the date specified below, to their counsel, at the following mailing address.

> Mr. Scott J. Ferrell
> Mr. David R. Sugden
> CALL, JENSEN, & FERRELL
> 610 Newport Center Drive, Suite 700
> Newport Beach, CA 92660
> Phone: (949) 717-3000
> Facsimile: (949) 717-3100.

Executed May 19, 2005, Irvine, California.

_____
NEAL M. COHEN

- 18 -

COPY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Lawrence E. Tannas, Jr., an
individual dba as Tannas
Electronics; Tannas Electronic
Display, Inc., a California
corporation

            Plaintiffs,

                v.

BAE Systems Avionics Limited, a
British Corporation; BAE
Systems Electronics Limited, a
British corporation; BAE
Systems PLC, a British
Corporation

            Defendants

**CASE NUMBER**

CV 03-5889 RJK (FMOx)

**SUMMONS**

FOR OFFICE USE ONLY

TO:   THE ABOVE-NAMED **DEFENDANTS**:

    YOU ARE HEREBY SUMMONED and required to file with this court
and serve upon Plaintiffs' attorneys, **Cohen Sakaguchi & English
LLP**, whose address is:

                **2040 Main Street, 9th Floor**
                **Irvine, California 92614**

    An answer to the **FIRST AMENDED COMPLAINT** which is herewith
served upon you, within **20** days after service of this summons
upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief
demanded in the **CLAIMS**.

                                CLERK, U.S. DISTRICT COURT

DATE: MAY 1 **FOR OFFICE USE ONLY**
                        By  MARILYN MARTINEZ
                            Deputy Clerk

                            (SEAL OF THE COURT)

SEAL



DOCKETED ON CM

2 3 2005

BY

006

AO 120 (Rev. 3/04)

| | | |
|---|---|---|
| **TO:** Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **FILED**<br>CLERK, U.S. DISTRICT COURT<br>MAY 25 2005<br>CENTRAL DISTRICT OF CALIFORNIA<br>DEPUTY | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____ on the following ☐ Patents or ☐ Trademarks:

| DOCKET NO.<br>CV 03-5889 RJK | DATE FILED<br>Aug 19, 2003 | U.S. DISTRICT COURT<br>C.D. CALIFORNIA |
|---|---|---|
| PLAINTIFF<br>Lawrence E. Tannas Jr., et al | | DEFENDANT<br>BAE Systems Avionics Limited, et al |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

COPY

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED<br>May 19, 2005 | INCLUDED BY | ☒ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |
|---|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | 6,204,906 | March 20, 2001 | Lawrence E. Tannas, Jr. |
| 2 | 6,380,999 | April 30, 2002 | Lawrence E. Tannas, Jr. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT | |
|---|---|
| | RECEIVED    DOCKETED ON CM<br>MAY 26 2005<br>006 |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | BY |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy