UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

LAWRENCE E. TANNAS, Jr., an individual dba as TANNAS ELECTRONICS; TANNAS ELECTRONIC DISPLAYS, INC., a California corporation,

        Plaintiffs,

vs.

BAE SYSTEMS AVIONICS LIMITED, a British corporation; BAE SYSTEMS ELECTRONICS LIMITED, a British corporation, BAE SYSTEMS, PLC, a British corporation

        Defendants.

Civil Action No.: 05-1866

## ANSWER OF DEFENDANT BAE SYSTEMS, PLC TO PLAINTIFFS' SIXTH CAUSE OF ACTION IN FIRST AMENDED COMPLAINT

On or about September 2, 2005, the Court for the Central District of California transferred Plaintiffs Lawrence E. Tannas Jr.'s and Tannas Electronic Displays, Inc.'s (collectively, "Plaintiffs") Sixth Cause of Action, which, pursuant to 35 U.S.C. § 146, seeks judicial review of various decisions and rulings made by the United States Patent and Trademark Office ("USPTO"). Because only the Sixth Cause of Action is before this Court, Defendant BAE Systems, PLC ("Defendant") responds as follows:

    1.    In response to Paragraphs 1 through 38 of the First Amended Complaint, Defendant neither admits nor denies these allegations as they are irrelevant for purposes of

Plaintiffs' Sixth Cause of Action. These allegations are currently being litigated in the Central District of California.

2.  In response to Paragraph 39 of the First Amended Complaint, Defendant admits that interference proceedings were conducted by Board of Patent Appeals and Interferences ("the Board") within the United States Patent and Trademark Office ("USTPO").

3.  In response to Paragraph 40 of the First Amended Complaint, Defendant admits that the Board made various findings and decisions, and that said findings and decisions speak for themselves.

4.  In response to Paragraph 41 of the First Amended Complaint, Defendant admits that the Board made various findings and decisions, and that said findings and decisions speak for themselves.

5.  In response to Paragraph 42 of the First Amended Complaint, Defendant admits that the Board made various findings and decisions, and that said findings and decisions speak for themselves.

6.  In response to Paragraph 43 of the First Amended Complaint, Defendant admits that the Board made various findings and decisions, and that said findings and decisions speak for themselves.

7.  In response to Paragraph 44 of the First Amended Complaint, Defendant admits that Count 6 arises under the patent laws of the United States and that this Court has subject

matter jurisdiction of the action. Defendant further admits that no other party has appealed to the United States Court of Appeals for the Federal Circuit.

8. In response to Paragraph 45 of the First Amended Complaint, Defendant contends that any motion filed and served by Party Watson speaks for itself.

9. In response to Paragraph 46 of the First Amended Complaint, Defendant is unable to admit or deny whether Plaintiffs are dissatisfied with the Board's decisions and rulings.

10. In response to Paragraph 47 of the First Amended Complaint, Defendant is unable to admit or deny whether Plaintiffs are dissatisfied with the Board's decisions and rulings.

11. In response to Paragraph 48 of the First Amended Complaint, Defendant is unable to admit or deny whether Plaintiffs are dissatisfied with the Board's decisions and rulings.

12. In response to Paragraph 49 of the First Amended Complaint, Defendant is unable to admit or deny whether Plaintiffs are dissatisfied with the Board's decisions and rulings.

13. In response to Paragraph 50 of the First Amended Complaint, Defendant is unable to admit or deny whether Plaintiffs are dissatisfied with the Board's decisions and rulings.

14. In response to Paragraph 51 of the First Amended Complaint, Defendant is unable to admit or deny whether Plaintiffs are dissatisfied with the Board's decisions and rulings.

15. In response to Paragraph 52 of the First Amended Complaint, Defendant is unable to admit or deny whether Plaintiffs are dissatisfied with the Board's decisions and rulings.

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendant asserts that any and all decisions by the Board in favor of Defendant and against Plaintiffs were correct and should not be disturbed by this Court.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Defendant asserts that Plaintiffs are estopped from seeking the relief sought herein due to their own acts and/or omissions with reference to the subject matter of the First Amended Complaint.

### JURY DEMAND

Pursuant to FRCP Rule 38(b) and L.R. 38-1, Defendants demand a jury trial on all issues triable to a jury.

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiffs take nothing by way of the First Amended Complaint;
2. That Judgment be rendered in favor of Defendant against Plaintiffs and that the First Amended Complaint be dismissed with prejudice;
3. That Defendant be awarded its costs of suit incurred in the defense of this action;
4. That Defendant be awarded its attorneys' fees incurred in the defense of this action; and
5. For such other relief as the Court deems proper.

Respectfully submitted,

By: /s/ Kent Brostrom
Kent Brostrom, Esq. (SBN 464990)
David R. Sugden, Esq. (CA SBN 218465)
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
(949) 717-3000 (voice)
(949) 717-3100 (facsimile)

Counsel for Defendants
BAE Systems Avionics Limited, BAE Systems Electronics Limited and BAE Systems, PLC

Dated this 13th day of October, 2005