UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE E. TANNAS, Jr. et. al.<br><br>Plaintiff,<br><br>v.<br><br>BAE SYSTEMS AVIONICS LTD., et al.<br><br>Defendant. | Civil Action No. 05-1866 (RWR)<br><br>**Joint Rule 16.3 Report and Statement and Proposed Order**<br><br>Scheduling Conference<br>August 2, 2006<br>12:30 p.m. |

The named parties to the above action hereby submit this Joint Rule 16.3 Report and Statement pursuant to the Court's Order For Initial Scheduling Conference dated July 7, 2006.

**Brief Statement of Case**

Plaintiff, Mr. Tannas, brought this action in the Central District of California under 35 U.S.C. § 146 to challenge the rulings of the Board of Patent Appeals and Interferences ("the BPAI") in Interference No. 105,096 ("the

Interference").[1]  The technology is related to changing the shape of or "resizing" liquid crystal displays ("LCDs").

In the California action, the court ordered the § 146 cause of action transferred to this Court, based on a determination that any civil action brought under 35 U.S.C. § 146 against a foreign defendant (i.e., the defendants in this action) must be filed in the District Court for the District of Columbia. Plaintiff believes this was incorrect as a matter of law, and intends to file a motion to transfer the action back to California under 28 U.S.C. § 1404.  Defendants contest personal jurisdiction in California, and intend to oppose Plaintiff's motion to transfer venue on those grounds as well as on other grounds.

As to the merits of the case, the BPAI ruled against Mr. Tannas on priority, and also held certain claims in Mr. Tannas' patents unpatentable for failing to comply with the best mode requirement of 35 U.S.C. § 112, ¶1.  In this action, Mr. Tannas is challenging those rulings and other BPAI rulings in the Interference.

### 16.3(c)(1)

Plaintiff believes the case is likely to be disposed of in this Court by motion to transfer venue under 28 U.S.C. § 1404, since Plaintiff originally brought this action in California, and the California court transferred the action based on that court's

---

[1] Other causes of action were in the California Complaint, but only the § 146 cause of action was transferred to this Court, and the other causes have been resolved by the parties.

ruling that 35 U.S.C. § 146 mandated the action be brought in the District of Columbia. Plaintiff may request early discovery for Plaintiff to get information to show the defendants have substantial contacts with California, and this is an issue Plaintiffs wish to discuss at the conference.[2] Defendants deny that jurisdiction in California is proper.

As to some of claims at issue, Plaintiff believes the case is likely to be disposed of by summary judgment as there was no interference in fact since the Watson application did not have a written description of the interfering subject matter. As to the best mode violations, Plaintiff believes the case is likely to be disposed of by summary judgment as there is not clear and convincing evidence that any best mode violation occurred.

### 16.3(c)(2)

The parties anticipate amending the pleadings at least to remove extraneous causes of action not before the Court, but do not anticipate adding any parties. The parties propose a deadline for any such amendments to be **September 29, 2006**. In the underlying dispute between the parties in the California case, many factual and legal issues have already been agreed upon by the parties and have been settled. The § 146 action is all that remains.

### 16.3(c)(3)

The parties do not wish to have the case assigned to a

---

[2] Plaintiffs were granted a similar request in California, and completed some of the discovery, but before any motions to compel could be filed, the California court transferred the §146 action
... continued

magistrate judge for all purposes.

**16.3(c)(4)**

The parties have already settled many of their disputes, but the § 146 action remains. The parties believe there is a realistic possibility of settlement.

**16.3(c)(5)**

The parties believe that they could benefit from the Court's ADR procedures, and have discussed same with their clients. The parties are receptive to possible early neutral evaluation. To facilitate such ADR, Plaintiff suggests the parties agree on a schedule and a forum for discussions in California.

**16.3(c)(6)**

Plaintiff believes the case can be resolved in this Court by transfer of venue back to the original forum in which Plaintiff filed. Plaintiff also believes that at least some of the issues of the case (e.g., no interference-in-fact) may also be resolved by dispositive motions. The proposed deadlines for filing dispositive motions should be 90 days before trial.

**16.3(c)(7)**

The parties agree to provide their initial disclosures under F.R.Civ.P. Rule 26 by August 31, 2006.

**16.3(c)(8)**

The parties expect discovery to be relatively limited, since much of the discovery took place in the Interference. Plaintiff believes a protective order will be appropriate because Plaintiff

to this Court.

intends to submit personal and confidential documents to support Plaintiff's priority case. All discovery should conclude 120 days before trial.

**16.3(c)(9)**

The parties suggest that the requirement for exchange of expert reports under F.R.Civ.P. Rule 26(a)(2) be followed.

**16.3(c)(10)**

This is not a class action.

**16.3(c)(11)**

The parties do not suggest the trial be bifurcated or discovery be bifurcated.

**16.3(c)(12)**

The parties propose a date for the pretrial conference of Friday, July 27, 2007.

**16.3(c)(13)**

The parties propose that the Court set a firm trial date at the scheduling conference, and that the date be September 17, 2007.

**16.3(c)(14)**

There are no other matters the parties believe are appropriate to include in the scheduling order at this time.


Respectfully Submitted by:


Dated: July 27, 2006  Birch Stewart Kolasch & Birch LLP

By: _____
Quentin R. Corrie
Attorneys for Plaintiff(s)

C:\Documents and Settings\m2s\Desktop\All defendants Final track changes (2).doc   5

```
1
2  Dated: 7/26/06        Call Jensen & Ferrell LLP
3                         By: _____
                          Scott J. Ferrell
4                         Attorneys for Defendant(s)
```

1  The Court adopts the following case management schedule,
2  pursuant to the this Joint 16.3 Report and Statement:
3  Trial: September 17, 2007
4  Initial Disclosures: August 31, 2006
5  Deadline for post Rule 26(a)
6  discovery requests: January 12, 2007
7  Plaintiff's Rule 26(a)(2) Statements: March 9, 2007
8  Opponent's Rule 26(a)(2) Statements: March 9, 2007
9  All discovery closed: May 18, 2007
10 Limits on Number of Interrogatories per side: 25
11 Limits on Number of Depositions per side: 5
12
13 **IT IS SO ORDERED**
   _____  Date: _____
14 United States District Court
   Judge Richard W. Roberts