SCOTT J. FERRELL, Bar No. 202091
DAVID R. SUGDEN, Bar No. 218465
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
sferrell@calljensen.com
(949) 717-3000 (Phone)
(949) 717-3100 (Fax)

Attorneys for Defendants BAE Systems Avionics Limited
  and BAE Systems Electronics Limited

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE E. TANNAS, JR., an individual dba as Tannas Electronics; TANNAS ELECTRONIC DISPLAYS, INC., a California corporation,<br><br>        Plaintiffs,<br><br>        vs.<br><br>BAE SYSTEMS AVIONICS LIMITED, a British corporation; BAE SYSTEMS ELECTRONICS LIMITED, a British corporation,<br><br>        Defendants. | Case No.  CV-03-5889 RJK (FMOx)<br><br>**DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS' FIRST SET OF INTERROGATORIES** |

Complaint Filed:   August 19, 2003
Trial Date:          None Set

PROPOUNDING PARTY:     **PLAINTIFF LAWRENCE E. TANNAS, JR. dba TANNAS ELECTRONICS; TANNAS ELECTRONIC DISPLAYS, INC.**

RESPONDING PARTY:     **DEFENDANT BAE SYSTEMS AVIONICS LIMITED**

SET NO.:     **ONE**

Ex4.F

-36-

ALL, JENSEN &
FERRELL
PROFESSIONAL
:ORPORATION

BRI03-01:150480_1:5-5-05          - 1 -
DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

Pursuant to FRCP §33, defendant BAE System Avionics Limited ("Defendant" or "Responding Party") supplement its responses to plaintiffs Lawrence E. Tannas, Jr. dba Tannas Electronics, Tannas Electronic Displays, Inc's ("Plaintiff" or "Propounding Party") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Defendant has not completed investigation and discovery in this matter and has not completed preparation for trial. The following responses are based on Defendant's knowledge as of the date of these responses and are limited to information currently available to Defendant after reasonable and diligent investigation. The responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts and/or documents.

Defendant will respond to each Interrogatory as it understands and interprets the Interrogatory. If the Plaintiff asserts an interpretation of a specific Interrogatory that differs from that of Defendant, the Defendant reserves his right to change and/or supplement its objections and/or responses.

## GENERAL OBJECTIONS

The following General Objections and Qualifications are in addition to, and are incorporated in, each of the Specific Responses set forth below:

1.    Defendant objects to all of the individual Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. To the extent that the Interrogatories call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, Defendant hereby claims such privilege and invokes such protection. The fact that Defendant does

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:150480_1:5-5-05                    - 2 -

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

1   not specifically object to an individual Interrogatory on the ground that it seeks such

2   privileged or protected information shall not be deemed a waiver of the protection

3   afforded by the attorney-client privilege, the attorney work product doctrine, or other

4   applicable privilege or protection.

5          2.     Defendant objects to all of the individual Interrogatories to the extent they

6   purport to impose upon Defendant the burden of furnishing information that is not

7   available to it that is equally or more readily available to Plaintiff from another source

8   that is more convenient, less burdensome, or less expensive.

9          3.     Defendant objects to all of the individual Interrogatories to the extent they

10  seek information that is not relevant to the subject matter involved in the pending action

11  or reasonably calculated to lead to the discovery of admissible evidence.

12         4.     Defendant objects to the Interrogatories, and to each Interrogatory set forth

13  therein, to the extent that they seek the discovery of sensitive and confidential business,

14  financial, and proprietary information.

15         5.     Defendant objects to each and every Interrogatory herein to the extent that

16  it is overly broad, unduly burdensome and oppressive, and to the extent that it seeks

17  information that is neither relevant nor reasonably calculated to lead to the discovery of

18  admissible evidence.

19         6.     Defendant objects to each and every Interrogatory herein to the extent that

20  it is vague, ambiguous, or unintelligible.  Defendant will respond to each such

21  Interrogatory, where possible, based on its understanding of that Interrogatory.

22         7.     Defendant objects to each and every Interrogatory herein on grounds that

23  these Interrogatories are propounded solely to harass, burden, and inconvenience

24  Defendant, and therefore are not reasonably calculated to lead to the discovery of

25  admissible evidence.

26         8.     Defendant objects to these Interrogatories on the grounds that they are

27  premature.  Discovery and investigation into the subject matter of this action have just

28  begun, and to date, few depositions have been taken.  Accordingly, Defendant does not

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:150480_1:5-5-05                        - 3 -
DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

1    presently possess sufficient information to fully respond to these Interrogatories.

2    Defendant therefore reserves the right to rely, for any purpose, upon information

3    subsequently discovered during the course of such discovery and investigation. Further,

4    Defendant's analysis of known facts, application of legal principles to those facts, and

5    legal research into the subject matter of this action is continuing, and Defendant

6    anticipates that such investigation, analysis, and research may reveal new facts and

7    contentions and add meaning to known facts and contentions. Defendant thereby

8    responds as fully as it can at this time while reserving its right to rely, for any purpose,

9    on information and contentions subsequently identified and developed.

10         9.    Defendant objects to these Interrogatories on the grounds and to the extent

11    that they are duplicative of each other. Many of the Interrogatories pose slightly

12    different questions seeking the same information. Such duplicative Interrogatories are

13    unduly burdensome and harassing.

14         10.    Each and every Response below incorporates by reference the foregoing

15    general responses and objections.

16

17    **SPECIFIC RESPONSES**

18    **INTERROGATORY NO. 1:**

19         Identify all offers for sale and sales that Defendant has made to any person in the

20    State of California.

21    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

22         Other than contracts related to sensitive U.S. and U.K. military engagements,

23    Defendants have not made any offers for sale or sales to any person in the state of

24    California since January, 2002. Even including such sensitive contracts, Defendants'

25    sales within the state of California since January 2002, do not constitute a significant

26    percentage of Defendants' total sales (Defendants are still calculating the precise dollar

27    amount and will supplement these responses once it obtains this information). Given

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:150480_1:5-5-05      - 4 -

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

EXH. F

-39-

1  the classified nature of the projects involved, Defendants cannot identify further details

2  of such sales without a Court-ordered "eyes only" confidentiality agreement.

3

4  **INTERROGATORY NO. 2:**

5  Identify all products that Defendant has manufactured in the State of California

6  or shipped into the State of California, including the dates of manufacturing or shipment

7  of the products respectively.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

9  Since January 2002, Defendants have not manufactured *any* products in the state

10  of California.  Further, other than contracts related to sensitive and classified U.S. and

11  U.K. military engagements, Defendants have not shipped any products into the state of

12  California since January, 2002.  Even including such sensitive contracts, Defendants'

13  shipments of products into the state of California since January 2002, do not constitute

14  a significant percentage of Defendants' total sales (Defendants are still calculating the

15  precise dollar amount and will supplement these responses once it obtains this

16  information) .  Given the classified nature of the projects involved, Defendants cannot

17  identify further details of such shipments without a Court-ordered "eyes only"

18  confidentially agreement.

19

20  **INTERROGATORY NO. 3:**

21  Identify all business relationships between Defendant on the one hand, and BAE

22  Systems North America Inc., BAE Systems Plc, BAE Systems, and all other BAE

23  Systems companies that conduct business in California.

24  **RESPONSE TO INTERROGATORY NO. 3:**

25  BAE Systems Avionics Limited is a wholly owned subsidiary of BAE Systems

26  Electronics Limited and is a separate and distinct corporate entity.   BAE Systems

27  Electronics Limited is a wholly owned subsidiary of BAE Systems PLC, and is a

28  separate and distinct corporate entity. BAE Systems North America, Inc. is a wholly

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:150480_1:5-5-05                    - 5 -
DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

1  owned subsidiary of BAE Systems PLC, and is a separate and distinct corporate entity.

2  BAE Systems North America, Inc., directly and through its subsidiary companies is a

3  supplier of goods and services in California.

4    Defendants are not making any representations with respect to its parent

5  companies or its subsidiaries because such information is irrelevant as a matter of law.

6  *See e.g, Hargrave v. Fibreboard Corp.*, 710 F. 2d 1154, 1159 (5th Cir. 1983) (So long as

7  the parent and subsidiary are separate and distinct corporate entities, the presence of one

8  in the forum state may not be attributed to the other for jurisdictional purposes).

9

10  **INTERROGATORY NO. 4:**

11    Identify any real property, operations, or other facilities in California owned in

12  whole or part and/or operated by Defendant.

13  **RESPONSE TO INTERROGATORY NO. 4:**

14    Defendants do not own in whole or in part any real property, operations or other

15  facilities in California.  Defendants are not making any representations with respect to

16  its parent companies or its subsidiaries because such sales are irrelevant as a matter of

17  law.  *See e.g, Hargrave v. Fibreboard Corp.*, 710 F. 2d 1154, 1159 (5th Cir. 1983) (So

18  long as the parent and subsidiary are separate and distinct corporate entities, the

19  presence of one in the forum state may not be attributed to the other for jurisdictional

20  purposes).

21

22  **INTERROGATORY NO. 5:**

23    Identify any real property, operations, or other facilities in California shared or

24  used commonly by Defendant and BAE Systems North America Inc., BAE Systems,

25  Plc, or any other BAE Systems company.

26  **RESPONSE TO INTERROGATORY NO. 5:**

27    Defendants do not own in whole or in part any real property, operations or other

28  facilities in California.  Defendants are not making any representations with respect to

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

1    its parent companies or its subsidiaries because such sales are irrelevant as a matter of

2    law. *See e.g, Hargrave v. Fibreboard Corp.*, 710 F. 2d 1154, 1159 (5th Cir. 1983) (So

3    long as the parent and subsidiary are separate and distinct corporate entities, the

4    presence of one in the forum state may not be attributed to the other for jurisdictional

5    purposes).

6

7    **INTERROGATORY NO. 6:**

8        Identify any contractual relationships, if any, that exist or have existed between

9    Defendant and Lawrence E. Tannas, Jr.

10   **RESPONSE TO INTERROGATORY NO. 6:**

11       David Watson ("Watson"), an employee of GEC Marconi Limited, now BAE

12   Systems Electronics Limited ("Electronics"), invented a novel method of creating active

13   matrix liquid crystal displays ("AMLCDs"), and filed a United Kingdom patent

14   application on October 15, 1997.  On November 16-17, Tannas presented a seminar in

15   London, England attended by members of Electronics entitled "Advanced Cockpit

16   Displays" mentioning various AMLCDs but with no discussion of Electronics' novel

17   method of resizing displays.  Discussions after the seminar indicate that Tannas was not

18   aware of Electronics' work in the field of resizing AMLCDs and Tannas was invited to

19   visit Electronics' laboratories in Edinburgh, Scotland.  Tannas contractually agreed with

20   Electronics that all information he would learn in Edinburgh was to remain confidential

21   until further notice.

22

23   **INTERROGATORY NO. 7:**

24       Identify any contractual relationships, if any, that exist or have existed between

25   Defendant and Tannas Electronic Displays, Inc.

26   **RESPONSE TO INTERROGATORY NO. 7:**

27       David Watson ("Watson"), an employee of GEC Marconi Limited, now BAE

28   Systems Electronics Limited ("Electronics"), invented a novel method of creating active

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:150480_1:5-5-05                    - 7 -

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

EXH. F
-42-

1  matrix liquid crystal displays ("AMLCDs"), and filed a United Kingdom patent
2  application on October 15, 1997. On November 16-17, Tannas presented a seminar in
3  London, England attended by members of Electronics entitled "Advanced Cockpit
4  Displays" mentioning various AMLCDs but with no discussion of Electronics' novel
5  method of resizing displays. Discussions after the seminar indicate that Tannas was not
6  aware of Electronics' work in the field of resizing AMLCDs and Tannas was invited to
7  visit Electronics' laboratories in Edinburgh, Scotland. Tannas contractually agreed with
8  Electronics that all information he would learn in Edinburgh was to remain confidential
9  until further notice.

10

11  **INTERROGATORY NO. 8:**

12      Identify all persons in the State of California with whom Defendant has discussed
13  either of the Plaintiffs, and set forth the content of any such discussions.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

15      Defendant has discussed both of the plaintiffs with its counsel in California.
16  Defendants' counsel has discussed both of the plaintiffs with various witnesses in
17  connection with the routine fact gathering and investigation of this case. The content of
18  all such conversations is protected from further disclosure by the attorney-client and
19  work product privileged and will not be further discussed absent a court order to the
20  contrary.

21

22  **INTERROGATORY NO. 9:**

23      Identify all persons in the State of California with whom Defendant has discussed
24  a visit by Mr. Lawrence E. Tannas, Jr. in November 1998 to a facility operated by GEC
25  Marconi in Edinburgh, Scotland, and set forth the content of any such discussions.

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

27      Defendant has discussed Mr. Tannas' visit with its counsel in California.
28  Defendants' counsel has discussed Mr. Tannas' visit with various witnesses in

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:150480_1:5-5-05              - 8 -

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

1  connection with the routine fact gathering and investigation of this case.  The content of

2  all such conversations is protected from further disclosure by the attorney-client and

3  work product privileged and will not be further discussed absent a court order to the

4  contrary.

5

6  **INTERROGATORY NO. 10:**

7      Identify the purpose of Defendant hosting a hospitality suite at the Queen Mary in

8  Long Beach, California in May 2000.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10      Defendants did not host a hospitality suite at the Queen Mary in Long Beach,

11  California in May 2000.  Defendants, represented by its employee David Craig, did

12  attend such a function, by invitation.  Defendants believe the host was probably Scottish

13  Enterprise, or the Scottish Optoelectronic Association.

14  / / /

15

16  / / /

17

18  / / /

19

20  / / /

21

22  / / /

23

24  / / /

25

26  / / /

27

28  / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

EXH. F
-44-

**INTERROGATORY NO. 11:**

Identify all documents and things that support the factual allegations raised in the pleadings filed with Defendant's Motion to Dismiss on July 9, 2004, including the Declaration of David Parkes.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants are not in possession of any documents that prove Defendants' *lack* of contacts with California.

Dated: May 5, 2005

CALL, JENSEN & FERRELL

A Professional Corporation
SCOTT J. FERRELL
DAVID R. SUGDEN

By: _____
David R. Sugden

Attorneys for Defendants BAE Systems Avionics Limited and BAE Systems Electronics Limited

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

EXH. F
-45-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# VERIFICATIONS TO FOLLOW

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:150480_1:5-5-05

- 11 -

DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS'
FIRST SET OF INTERROGATORIES

EXH. F
-46-

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4

   I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

5

6

7

   On May 5, 2005, I served the foregoing document described as DEFENDANT BAE SYSTEMS AVIONICS LIMITED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TANNAS' FIRST SET OF INTERROGATORIES on the following person(s) in the manner indicated:

8

### **SEE ATTACHED SERVICE LIST**

9

10

11

12

13

[ X ]  (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

14

15

16

17

18

19

[  ]  (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

20

21

22

23

24

[  ]  (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

25

26

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 5, 2005, at Newport Beach, California.

27

28

_____

Amy Egan



EXH. F
-47-

1

**SERVICE LIST**

2

Neal M. Cohen, Esq.                    **Attorneys for Plaintiff**

3

Cohen Sakaguchi & English LLP
2040 Main Street, 9th Floor

4

Irvine, CA  92614
Fax No.:  (949) 625-8955

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

EXH. F
-48-



WILLIAM A. ENGLISH (State Bar No. 193634)
NEAL M. COHEN (State Bar No. 184978)
JAMES K. SAKAGUCHI (State Bar No. 181010)
Cohen Sakaguchi & English LLP
2040 Main Street, 9th Floor
Irvine, California 92614
Telephone (949) 724-1849
Facsimile (949) 625-8955

Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT

DEC - 1 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Lawrence E. Tannas, Jr., et al

    Plaintiffs,

v.

BAE Systems Avionics Limited, et al

    Defendants.

Case No. CV 03-5889 RJK (FMOx)

**STIPULATION AND [PROPOSED] ORDER RE: MOTION TO COMPEL AND FIRST AMENDED COMPLAINT**

**Hon. Robert J. Kelleher**

The current deadline is December 14, 2004 for Plaintiffs to file either: 1) a motion to compel; or 2) a First Amended Complaint. This deadline was set pursuant to a stipulation entered by the court on November 15, 2004.

The parties have conducted a meet-and-confer related to Plaintiffs' discovery requests as required by Local Rule 37-1. The parties also have recently engaged in voluntary settlement discussions. The parties intend to continue the settlement discussions. Therefore, the parties, through their

- 1 -

counsel, have agreed to the following deadlines, and request that the Court

enter this Stipulation as an Order:

    1.    Defendants shall provide to Plaintiffs revised responses to

discovery requests, if any, no later than January 3, 2005;

    2.    Plaintiffs shall provide to Defendants Plaintiffs' portion of the

Joint Stipulation, if any, no later than January 17, 2005;

    3.    Defendants shall provide to Plaintiffs Defendants' portion of the

Joint Stipulation, if any, no later than January 24, 2005;

    4.    Any motion by Plaintiffs to compel discovery responses related

to the Court's November 15, 2004 Order shall be filed (and served on

opposing counsel) no later than January 31, 2005.

    5.    Absent the filing of such a motion, Plaintiffs shall file (and

serve on opposing counsel) a First Amended Complaint alleging new

grounds for Defendants' minimum contacts, no later than January 31, 2005.

//

//

//

//

//

6.    If Plaintiffs do not file any such discovery motion by said date, and do not file a First Amended Complaint by said date, then the Court may issue an Order granting Defendants' motion to dismiss for lack of personal jurisdiction.

Respectfully submitted:

Cohen Sakaguchi & English LLP

November 29, 2004

Neal M. Cohen
Attorneys for Tannas

Call Jensen & Ferrell

November 29, 2004

David R. Sugden
Attorneys for BAE

IT IS SO ORDERED

12/1/2004
DATED

United States District Judge
Honorable Robert J. Kelleher

- 3 -

1

2 **CERTIFICATE OF SERVICE**

3      I hereby certify that on the date set forth below, I served the foregoing

4 document described as **STIPULATION AND [PROPOSED] ORDER RE:**

**MOTION TO COMPEL AND FIRST AMENDED COMPLAINT** to all named

5 Defendants by mail delivery on the date specified below, to their counsel, at the

6 following mailing address.

7

8      Mr. Scott J. Ferrell
     Mr. David R. Sugden

9      CALL, JENSEN, & FERRELL
     610 Newport Center Drive, Suite 700

10     Newport Beach, CA 92660

11     Phone: (949) 717-3000
     Facsimile: (949) 717-3100.

12

13     Executed November  30, 2004, Irvine, California.

14

15                                        _____
                                         NEAL M. COHEN

16

17

18

19

20

21

22

23

24

25

26

27

28

EXH. G
-52 -

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On November 29, 2004, I served the foregoing document described as **STIPULATION REGARDING MOTION TO COMPEL AND FIRST AMENDED COMPLAINT** on the following person(s) in the manner indicated:

## SEE ATTACHED SERVICE LIST

[ X ] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 29, 2004, at Newport Beach, California.

Denise Reigel

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

EXH. G
-53-

1

## SERVICE LIST

2

Neal M. Cohen, Esq.                    **Attorneys for Plaintiff**

3

Cohen Sakaguchi & English LLP
2040 Main Street, 9th Floor

4

Irvine, CA  92614
Fax No.:  (949) 625-8955

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# CALL, JENSEN & FERRELL

### A PROFESSIONAL CORPORATION

### LAWYERS

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE (949) 717-3000
FACSIMILE (949) 717-3100
www.calljensen.com

### January 3, 2005

OUR FILE NUMBER
BRI03-01

BY FACSIMILE ONLY

Neal M. Cohen, Esq.
Cohen Sakaguchi & English LLP
2040 Main Street, 9th Floor
Irvine, CA 92614
Facsimile No.: (949) 625-8955

> Re:   *Tannas v. BAE System Avionics Ltd, et. al*
>       Central District Cal. Case No. CV-03-5889 (RJK)

Gentlemen:

In accordance with the terms of the stipulation entered by the Court on December 1st, 2004, I am writing to offer to provide you with supplemental discovery responses on behalf of the BAE Defendants ("BAE"). For the record, I note that I would have provided you with more detailed responses, but you declined my request earlier this morning for a one-week extension to gather and provide such information.

1.   Tannas' Requests for Admission and Requests for Production

The Court's Order did not authorize Tannas to serve either Requests for Admission or Requests for Production. Nevertheless, the BAE Defendants will provide substantive responses to such requests if Tannas agrees to make Lawrence A. Tannas available for a deposition limited to jurisdictional issues prior to the filing of the First Amended Complaint.

2.   Tannas Special Interrogatories

A.   BAE will answer Special Interrogatories No. 1, 2, 3, 4, 5, and 11 if Tannas will agree to limit the time frame of such interrogatories to a reasonable period – say, for example, the twelve months preceding the date upon which the supplemental responses were provided.

B.   BAE will answer Special Interrogatories No. 8 and 9 if Tannas will agree to exclude from the request any discussions undertaken by counsel for BAE or at the request of counsel for BAE.

LITIGATION • REAL ESTATE • EMPLOYMENT • TECHNOLOGY • CORPORATE

EXH. H
-55-

Jan-03-2005  05:07pm  From-CALL, JE¨  ¨ & FERRELL            9497173100        T-480  P.003/003  F-108

Neal M. Cohen, Esq.
January 3, 2005
Page 2

      C.      BAE believes that its responses to Special Interrogatories No. 6, 7, and 10 are sufficient.

      Please contact me at your convenience if this proposal is acceptable to you.  Assuming that it is acceptable, I will endeavor to forward you verified discovery responses no later than the end of this week.

                             Very truly yours,

                             Scott J. Ferrell
                             For Call, Jensen & Ferrell
                             A Professional Corporation

SJF:ae

EXH. H
-5-

ORIGINAL    



**P SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    <u>CV 03-5889 RJK</u>                     Date:    <u>April 5, 2005</u>

Title:    <u>Tannas, et al. v. BAE Systems Avionics Limited, et al.</u>

PRESENT:    **THE HONORABLE ROBERT J. KELLEHER, JUDGE**

<u>Debra O'Neill</u>                         <u>None Present</u>
Courtroom Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                              None Present

PROCEEDINGS:    **Order on Plaintiffs' Motion to Compel Discovery**

Before the Court is Plaintiffs' Motion to Compel Discovery Responses ("Motion to Compel") previously set for hearing on February 28, 2005, at 10:00 a.m..

On August 23, 2004, the parties appeared for hearing on Defendants' Motion to Dismiss ("Motion to Dismiss"). For the reasons set forth on the record, the Court took the Motion to Dismiss under submission and allowed Plaintiffs to serve and file questions regarding minimum contacts.

Plaintiff has misconstrued the Court's leniency in allowing Plaintiffs an opportunity to assert personal jurisdiction over Defendants by way of "written interrogatory." The Court did not intend and now does not expand the scope of this statement to include request for admissions nor request for production of documents. Plaintiffs, therefore, have sought discovery that is too remote in scope to be helpful in this case, placing an undue burden on the defendant.

MINUTES FORM 11                  Initials of Deputy Clerk ___
CIVIL-GEN

Defendants are hereby ordered to provide verified supplemental responses to Plaintiffs' Special Interrogatories Nos. 1-25, only.  Furthermore, the Court agrees with Defendants' contention that Plaintiffs' interrogatories are overbroad in time and orders that Defendants' supplemental responses to Plaintiffs' Special Interrogatories shall span the period of time from January 2002 to the present date.  Defendants' supplemental responses shall be served on Plaintiffs within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL - GEN

Initials of Deputy Clerk

# C O H E N   S A K A G U C H I   &   E N G L I S H   LLP

**Neal M. Cohen**
(949) 724-1849
nmc@cohen-sak.com

**James K. Sakaguchi**
(760) 803-5967
jks@cohen-sak.com

2040 MAIN STREET, 9TH FLOOR
IRVINE, CALIFORNIA  92614
TEL: (949) 724-1849
FAX: (949) 625-8955
WWW.COHEN-SAK.COM

**William A. English**
(562) 665-3953
wae@cohen-sak.com

**Michael S. Davidson***
(949) 677-7758
msd@cohen-sak.com

* Of Counsel

October 15, 2004

Via Fax to (949) 717-3100 [4 pages]
Original by mail

Mr. David Sugden
Call, Jensen & Ferrell
610 Newport Center Drive, Suite 700
Newport Beach, California  92660

Re:    Tannas v. BAE
       USDC CD Cal CV 03-5889 RJK (FMOx)
       <u>Local Rule 37-1 Letter</u>

Dear Mr. Sugden:

Pursuant to Local Rule 37-1, please be advised that I am requesting a conference in order to eliminate the need for a hearing, or to eliminate as many of our disputes as possible, regarding the matters set forth below.

Pursuant to Local Rule 37-1, please be advised that we are required to conduct the conference at my office no later than 10 days from today's date. I am unavailable Monday October 18th, but am otherwise currently available to meet any weekday afternoon in the next two weeks. I may also be able to meet in the morning if necessary.

Please contact me by Wednesday, October 20th, by 5:00 pm. If I do not hear back from you by then, I will presume you are available on Friday afternoon, October 22nd, at 1:30 pm at my office. Accordingly, your non-appearance then will be construed as a refusal to comply with Local Rule 37-1, and we will bring a motion to compel without the benefit of a joint stipulation. We will instead file an declaration of non-cooperation.

Tannas has served identical sets of discovery on both defendants BAE Systems Electronics Limited ("BAE-E") and BAE Systems Avionics Limited ("BAE-A"). It appears that both BAE-E and BAE-A have responded the same to the identical discovery. Therefore, the issues on the following three pages relate equally to both BAE-E and to BAE-A, and "BAE" shall be used to mean both BAE-E and BAE-A.

If you have any questions, please call.

Sincerely,

Neal M. Cohen

EXH. J
-59-

Mr. David Sugden
October 15, 2004
Page 2

## TANNAS REQUESTS FOR ADMISSION 1-50

In response to each of the requests for admission (1-50), you have objected that the discovery requests are premature. You have stated that the Court has afforded Tannas an opportunity to serve written interrogatories, but not other discovery requests. It appears that you have cut-and-pasted the same objection to each of the 50 Requests.

Tannas's position is that after BAE counsel suggested in open court that Tannas should depose BAE's witnesses in Great Britain, the Court suggested as a compromise that the discovery be taken by written discovery instead. Even if the Court used the word "interrogatory", I do not believe the Court intended to limit the discovery to interrogatories. If Tannas deposed a witness, such as BAE proposed, the deposition could have included questions in the form of requests for admission. Such requests are an efficient way for Tannas to determine if in fact minimum contacts exist other than what Tannas originally pleaded.

Tannas will seek an Order requiring BAE to respond to the requests.

## TANNAS REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS 1-8

In response to each of the requests for production (1-8), you have objected that the discovery request is premature. You have stated that the Court has afforded Tannas an opportunity to serve written interrogatories, but not other discovery requests. It appears that you have cut-and-pasted the same objection to each of the 8 Requests.

Tannas's position is that after BAE counsel suggested in open court that Tannas should depose BAE's witnesses in Great Britain, the Court suggested as a compromise that the discovery be taken by written discovery instead. Even if the Court used the word "interrogatory", I do not believe the Court intended to limit the discovery to interrogatories. If Tannas deposed a witness, such as BAE proposed, the deposition notice could have been served with a request for production of documents as permitted by the Federal Rules of Civil Procedure. Such requests are an efficient way for Tannas to determine if in fact minimum contacts exist other than what Tannas originally pleaded. Also, in response to Interrogatory No. 1 served to BAE, the response included a statement that "Further information and documentation relevant to the above answer will be provided upon appropriate request..."

Tannas will seek an Order requiring BAE to respond to the requests and to produce responsive documents.

## TANNAS INTERROGATORIES 1-11

The interrogatories were not answered under oath by the responding party as required by the Federal Rules of Civil Procedure. Tannas will seek an Order requiring BAE to answer the interrogatories under oath. Tannas will seek an Order for additional relief as set forth below.

### Interrogatory No. 1

The interrogatory asks the responding party to identify "all offers for sale and sales" made to "any person in the State of California". The response is more than a full page of non-responsive information. The only information even related to offers for sale or sales is a statement that "Other than engagements relating to U.S. and U.K. military projects, Defendants have not manufactured any products for sale in California in the past twelve months".

Exh. J
-60-

Mr. David Sugden
October 15, 2004
Page 3

The statement is not responsive to the question, which asks for sales or offers for sale, not manufacturing. The response also appears to be limited arbitrarily to the past twelve months. Similarly, the response admits that some manufacturing has occurred related to U.S. and U.K. military projects, but does not identify the sales or offers for sale related to those projects.

Tannas will seek an Order requiring BAE to respond to the request instead of providing non-responsive and evasive information.

### Interrogatory No. 2

The interrogatory asks the responding party to identify "all products ... manufactured in the State of California or shipped into the State of California". The response is more than a full page of non-responsive information. The response does include a statement that "Defendants *do* not design, manufacture, ... in California" [emphasis added], but the response does not indicate if Defendants *have* manufactured products in California, which is what the question asks.

The response does not identify products shipped into California by Defendants and does not state that there are none.

The response admits that some manufacturing has occurred related to U.S. and U.K. military projects, but does not identify the products. The response also appears to be limited arbitrarily to the past twelve months.

Tannas will seek an Order requiring BAE to respond to the request instead of providing non-responsive and evasive information.

### Interrogatory No. 5

The interrogatory asks the responding party to identify real property, operations, and facilities "shared or used commonly" with other entities. The response states only that Defendants do not own any such property, but does not identify whether any properties are shared or used commonly with other entities, as requested by the interrogatory. Defendants should note that Interrogatory No. 4 specifically refers to property "owned".

Tannas will seek an Order requiring BAE to respond to the request instead of providing non-responsive and evasive information.

### Interrogatory No. 8

The interrogatory asks the responding party to identify all persons *in the State of California* with whom defendant has discussed either of Plaintiffs, and to set forth the content of the discussions. BAE has objected that the information sought would not be relevant to the issue of minimum contacts. Tannas's position is that such information is relevant because any such discussions *by Defendants, about Plaintiffs*, with people *in California*, clearly is relevant and may provide the necessary contacts for *Plaintiffs*, to assert personal jurisdiction over *Defendants, in California*.

BAE has further objected that the interrogatory calls for information protected by the attorney-client privilege, but has failed to comply with the Federal Rules of Civil Procedure to identify the allegedly privileged information sufficiently to allow Plaintiff to assess the validity of the claim of privilege.

EXH. J
-19-

Mr. David Sugden
October 15, 2004
Page 4

Tannas will seek an Order requiring BAE to withdraw its objections and respond to the request, instead of providing non-responsive and evasive information. Tannas will further seek an order requiring BAE to provide a privilege log or equivalent in accordance with the Federal Rules of Civil Procedure.

### Interrogatory No. 9

The interrogatory asks the responding party to identify all persons *in the State of California* with whom Defendant has discussed a visit by Mr. Tannas to GEC Marconi in November 1998, and set forth the content of the discussions. BAE has objected that the information sought would not be relevant to the issue of minimum contacts. Tannas's position is that such information is relevant because any such discussions *by Defendants*, with people *in California, about Plaintiff Mr. Tannas's visit,* clearly is relevant and may provide the necessary contacts for *Plaintiffs,* to assert personal jurisdiction over *Defendants, in California.* Furthermore, such conversations are relevant to the present litigation as evidenced by BAE's response to Interrogatories Nos. 6 and 7, in which BAE states that "Tannas entered into a binding verbal agreement with GECM that all information he would learn in Edinburgh was to remain confidential until further notice". This very litigation is seeking declaratory judgment that no such contract ever existed.

BAE has further objected that the interrogatory calls for information protected by the attorney-client privilege, but has failed to comply with the Federal Rules of Civil Procedure to identify the allegedly privileged information sufficiently to allow Plaintiff to assess the validity of the claim of privilege.

Tannas will seek an Order requiring BAE to withdraw its objections and respond to the request, instead of providing non-responsive and evasive information. Tannas will further seek an order requiring BAE to provide a privilege log or equivalent in accordance with the Federal Rules of Civil Procedure.

*****

EX#. J
-62-