# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

LAWRENCE  E. TANNAS, Jr., et al.,    )
    )
    Plaintiffs,    )
    )
    v.    ) Civil Action No. 05-1866 (RWR)
    )
BAE SYSTEMS AVIONICS, LTD.,    )
et al.,    )
    Defendants.    )

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

## INTRODUCTION

Plaintiffs Lawrence E. Tannas Jr.'s and Tannas Electronic Displays, Inc.'s (collectively, "Tannas") motion to *re*-transfer the present case back to California should be denied because the California Court already concluded that personal jurisdiction does not exist over BAE Systems, Plc("BAE Systems").

Because the California District Court for the Central District of California (the "California Court") already decided the issue of personal jurisdiction, its decision is the law of the case.  The law of the case doctrine provides that, where two courts have equal authority, one court should not conduct an independent review of the other's previous holdings in a particular action.  The doctrine expressly applies to a court's decision to transfer the action to another court.  Holding otherwise would, as one Court has articulated, "threaten to send litigants into a vicious circle of litigation."

Perhaps to avoid this doctrine, Tannas and his counsel contend that the "only reason" the case was transferred to this Court was an erroneous interpretation of 28 U.S.C. § 146 ("Section 146") and that "the [California] Court did not decide the issue of personal jurisdiction." These contentions are simply untrue. In a thoughtful and thorough opinion, the California Court expressly decided that personal jurisdiction does not exist over BAE Systems.

Because the California Court already decided the issue of personal jurisdiction and because the law of the case doctrine applies, much of Tannas' motion contains irrelevant argument. For example, the arguments as to why personal jurisdiction should exist over BAE Systems have already been expressly rejected by the California Court.

Tannas' argument that discovery before the California Court was "wholly inadequate" is not only irrelevant, but untrue.

Similarly, the allegedly "erroneous" interpretation of Section 146 by the California Court does not present any justification to disturb the California Court's transfer Order. Even under the interpretation advocated by Tannas, the California Court was correct in transferring the case to this Court.

Finally, because the California Court decided that personal jurisdiction does not exist, the factors identified by Tannas purporting to show that California would be a more convenient forum for Tannas are irrelevant as a matter of law. Even if the Court were to examine these factors, it would conclude that they do not bolster Tannas' motion in any way.

The law provides that the California Court's decision should not be disturbed absent "extraordinary" circumstances.   Indeed, so long as the California Court's decision to transfer the case was "plausible," the decision should not be overturned; this would be an appellate function.   In the present case, no extraordinary circumstance exists that would warrant revisiting the California Court's decision that personal jurisdiction does not exist over BAE Systems.   Not only was the California Court's decision plausible, it was the only appropriate decision given the overwhelming factual record and body of law supporting the decision.

## FACTUAL BACKGROUND

**A.    Contrary To Tannas' Counsel's Claims, The California Court Already Decided That Personal Jurisdiction Does _Not_ Exist Over BAE Systems.**

Tannas and his counsel go to great lengths to convince this Court that the California Court never decided the issue of personal jurisdiction over BAE Systems. Tannas' counsel first represented to this Court, during the parties' Scheduling Conference, that the California Court did not decide the issue of personal jurisdiction. Next, in their motion, the Tannas plaintiffs argue that the "only reason this action [was transferred] to this Court is because the California court improperly transferred it here based upon an erroneous interpretation of 35 U.S.C. § 146."  Thus, according to Tannas, the action should be transferred back to California where ". . . the underlying question of personal jurisdiction [can and] should be decided by the California court."

Unfortunately for Tannas, the California Court *already decided the issue of personal jurisdiction: On September 2, 2005, the California Court decided that personal jurisdiction **does not exist** over BAE Systems.*

1.    <u>At The Parties' Scheduling Conference, Tannas' Counsel Insisted That The California Court Did Not Decide The Issue Of Personal Jurisdiction Over BAE Systems.</u>

On August 2nd, 2006, this Court held a Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. Among the items discussed at the conference was Tannas' anticipated motion to transfer the present action *back* to California. One of the aims of Rule 16 is to discourage "wasteful pretrial activities." Fed. R. Civ. P. 16(a)(3). Towards that end, counsel for BAE indicated that such a motion was inappropriate given the fact that the California Court had already decided that personal jurisdiction did not exist over BAE Systems:

> MR. SUGDEN: [The California Court] already decided that personal jurisdiction is improper. And so I think it would be inappropriate to have another court review of the issue of personal jurisdiction over BAE Systems, PLC when the California court already decided that it cannot exercise personal jurisdiction over that BAE entity.

*See* August 2nd Hearing Transcript ("Hearing Transcript"), at 7, ln. 24, and 8, ln. 3, attached as Exhibit "A," to Affidavit of David R. Sugden ("Sugden Aff."), ¶ 2.

In response, the Court asked the parties whether the basis for the transfer was a question of personal jurisdiction over BAE Systems. *See* Hearing Transcript, at 8, lns. 13-14, attached as Exhibit "A," to the Sugden Aff. ¶ 2. Tannas' counsel responded and

stated that the California Court had not decided the issue of personal jurisdiction. According to Tannas' counsel, the *only* reason for the transfer was the California Court's alleged misinterpretation of Section 146:

> MR. ENGLISH: [B]ased upon its misinterpretation [of Section 146], the Court transferred that cause of action to D.C. because it believed that D.C. had exclusive jurisdiction over that cause of action, not because of personal jurisdiction. *The Court did not decide the issue of personal jurisdiction*.

*See* Hearing Transcript, at 9, lns 2-6, attached as Exhibit "A," to the Sugden Aff. ¶ 2. (emphasis added).

2.    Tannas' Motion To Transfer Venue Also Insists That The California Court Did Not Decide The Issue Of Personal Jurisdiction Over BAE Systems.

Consistent with its representations at the parties' Scheduling Conference, Tannas' motion indicates that the California Court never decided the issue of personal jurisdiction over BAE Systems. Instead, Tannas argues that the "only reason" the action was transferred was because the California Court interpreted Section 146 incorrectly. Tannas Motion to Transfer Venue ("Tannas Mtn.") at 6. Because personal jurisdiction was never decided by the California court, Tannas argues that it should be transferred back to California so the California Court can make that determination:

> . . . Tannas submits that *the underlying question of personal jurisdiction should be decided by the California court*. This Court should not be burdened with making such a determination when the *only reason* this action is in this Court now is because the California court improperly transferred it here based upon an erroneous legal conclusion that there was no subject matter jurisdiction.

Tannas Mtn.at 9 (emphasis added).     According to Tannas, venue is proper in California "[p]resuming personal jurisdiction was proper in California . . . ." Tannas Mtn at 6.  Put another way, Tannas argues that this Court should (1) presume personal jurisdiction exists in California, (2) transfer the case back to California, and (3) let the California Court determine whether personal jurisdiction over BAE Systems is proper.

      3.     <u>Notwithstanding Tannas' Claims Otherwise, The California Court Already Decided That Personal Jurisdiction Does Not Exist Over BAE Systems.</u>

The problem with Tannas' suggested course of action is the simple fact that the California Court already decided that personal jurisdiction does not exist over BAE Systems.

Tannas added BAE Systems and its Section 146 cause of action on May 19, 2005 in its First Amended Complaint ("FAC").[1]  Therefore, Tannas' FAC named three BAE Defendants:  (1) BAE Systems Avionics Limited ("BAE Avionics"), (2) BAE Systems Electronics Limited ("BAE Electronics"), and (3) BAE Systems, Plc ("BAE Systems"). In response to Tannas' First Amended Complaint, all of the BAE entities filed motions

---

[1] Tannas' motion states erroneously that Tannas sued BAE Systems "[w]hile the Interference was pending before the Board." Tannas Mtn., at 1.  This is incorrect. Tannas did not name BAE Systems until *after* the Board rendered its decision against Tannas and in favor of BAE on May 9, 2005.

    In fact, the California Court noted that Tannas unilaterally added BAE Systems and the Section 146 cause of action without the Court's permission and in violation of the Court's previous Order: "On May 19, 2005, Plaintiffs filed their First Amended Complaint for Declaratory Judgment; and for Relief under 35 U.S.C. § 146 . . . adding Defendant, BAE Systems, Plc, as wells as Count 6, for Civil Action under 35 U.S.C. § 146.  The Court notes that Plaintiffs filed the FAC nearly three months beyond the deadline set forth in the Court's December 1, 2004 Order and that Plaintiffs' FAC goes beyond the scope of the Court's December 1, 2004 Order, which only allowed Plaintiffs to allege new grounds for Defendants' minimum contacts." *See* California Court's May 25, 2005 Minute Order attached as Exhibit "B," to Sugden Aff., ¶ 3.

to dismiss.  Among the bases for dismissal was the argument made by BAE Electronics

and BAE Systems that personal jurisdiction did not exist (BAE Avionics did not contest

personal jurisdiction).

After voluminous briefing on the issue of personal jurisdiction,[2] the California

Court decided, in a thorough analysis, that personal jurisdiction did not exist over BAE

Electronics or BAE Systems.  The California Court first articulated the bases by which

personal jurisdiction could be established:

> There are two recognized bases for personal jurisdiction over
> non-resident defendants: general and specific.  General
> jurisdiction exists if the non-resident defendant's contacts with
> the forum state are continuous and systematic enough to justify
> the exercise of jurisdiction over the defendant in all matters.
> *See Ziegler*, 64 F. 3d at 473.  Specific jurisdiction exists when
> claims against the non-resident defendant "arise out of" or are
> related to the defendant's activities within the forum state.  *See*
> *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408,
> 414, 16 (1984); *Panavision*, 141 F. 3d 1320.

*See* California Court's Order Granting Defendants' Motion To Dismiss ("California

Court's Dismissal Order"), at 6, lns. 15 – 22, attached as Exhibit "C," to the Sugden

Aff., ¶ 4.

Next, the California Court examined the facts of the case and concluded that

neither general nor specific personal jurisdiction could be established by Tannas:  (1)

"Plaintiffs have therefore failed to demonstrate facts to support general jurisdiction over

Defendants BAE Systems and BAE Electronics" (*See* California Court's Dismissal

Order, at 11, lns. 17-18, attached as Exhibit "C," to the Sugden Aff. ¶ 4); and (2) "[T]he

Court concludes that Plaintiff has failed to make a *prima facie* showing that Plaintiffs'

claims arise out of or result from Defendants' California-related activities. Therefore, the Court cannot exercise personal specific jurisdiction over Defendants BAE Systems and BAE Electronics." *See* California Court's Dismissal Order, at 13, lns. 18-21, attached as Exhibit "C," to the Sugden Aff. ¶ 4.

**B.  Because The California Court Already Decided That Personal Jurisdiction Does Not Exist Over BAE Systems, Tannas' Arguments As To Why Personal Jurisdiction Exists Have Already Been Rejected.**

Tannas' counsel's representation that "the [California] Court did not decide the issue of personal jurisdiction" is dead wrong. Not only did the California Court expressly conclude that personal jurisdiction did not exist, it also expressly rejected the same arguments Tannas is making before this Court in an attempt to justify why personal jurisdiction exists in California.

1.  <u>The California Court Already Rejected The Argument That Personal Jurisdiction Exists Because BAE Systems Sold Re-Sized Liquid Crystal Displays ("LCDs") To SDI.</u>

Tannas argues that personal jurisdiction exists because BAE Systems engaged in various LCD-related transactions with SDI. Tannas Mtn. at 15. The California Court examined this argument and concluded that "the fact that Defendants sold resized LCDs to SDI . . . is insufficient to demonstrate that Plaintiffs' claims are a result of Defendants' California-related conduct directed towards Plaintiffs. Even if Defendants'

---

Continued from the previous page
[2] *See* BAE Systems' Motion To Dismiss FAC ("BAE Systems Mtn."), at 1 – 9 and all supporting declarations and documents, attached as Exhibit "D" to the Sugden Aff. ¶ 5.

conduct in this regard constitutes a deliberate act aimed at California and Plaintiffs, Defendants' transactions with SDI . . . were wholly unrelated to Plaintiffs and the present case.   Those transactions involved Defendants and third parties.   In fact, Plaintiffs' FAC acknowledged that the parties did not enter into any contract or business relationship in California.   Indeed, the FAC sought relief from this Court that 'no contract exists between Plaintiffs and Defendants.'   Because the evidence shows Defendants never entered into a contractual relationship with Plaintiffs in California, jurisdiction cannot be predicated on Defendants' contacts with SDI . . . to establish the 'but for' test."   *See* California Court's Dismissal Order, at 13, 5-17, attached as Exhibit "C," to the Sugden Aff., ¶ 4.

> 2.    The California Court Already Rejected The Argument That Personal Jurisdiction Exists Because BAE Systems Attended A Conference In Long Beach, California For LCD Technologies.

Tannas' motion argues that personal jurisdiction exists because BAE Systems attended a conference in 2001 in Long Beach for LCD technologists.   Tannas Mtn., at 15.   The California Court expressly rejected this argument because it was nothing more than a "conclusively allege[d]" argument without "any legal authority."   *See* California Court's Dismissal Order, at 10, lns. 4-10, attached as Exhibit "C," to the Sugden Aff., ¶ 4.

> 3.    The California Court Already Rejected The Argument That Personal Jurisdiction Exists Because BAE Systems Made Various Representations On Its Website.

Tannas argues that personal jurisdiction exists because its website makes various representations about the company. Tannas Mtn. at 16. The California Court already expressly rejected this argument: "The Court finds Plaintiffs' assertions unconvincing. The Ninth Circuit has held that a passive internet website does not constitute sufficient contacts with any state to allow a forum state to find general personal jurisdiction over the website's owner. . . As affirmed in *Cybersell*, here, the Court agrees that posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F. 3d 414, 418 (9th Cir. 1997). There must be 'something more' to demonstrate that Defendants directed their activities toward the forum state. *Id.* In the instant matter, that has not been shown." *See* California Court's Dismissal Order, at 10, ln. 16, and 11, ln. 16, attached as Exhibit "C," to the Sugden Aff. ¶ 4.

4.    <u>The California Court Already Rejected The Argument That Personal Jurisdiction Exists Because BAE Systems Is a Large Corporation.</u>

Tannas argues that BAE Systems is "an international company with a large worldwide presence, including operations in over 130 companies and a major presence in the United States." Tannas Mtn. at 16. The California Court already rejected these facts as a justification for the exercise of personal jurisdiction: "Likewise unpersuasive is Plaintiffs['] contention that general jurisdiction exists over BAE Systems because 'it is one of the largest aerospace companies in the world.' . . . [with] 'more than 90,000' employees world wide . . . and a 'major presence internationally, particularly in Europe and the United States.' The Court finds Plaintiffs' assertions unconvincing . . . The Ninth Circuit has regularly 'declined to find general jurisdiction even where the

contacts were quite extensive.'" *See* California Court's Dismissal Order, at 10, ln. 11, and 11, ln. 10, attached as Exhibit "C," to the Sugden Aff. ¶ 4.

5.   <u>The California Court Already Rejected The Argument That Personal Jurisdiction Exists Because BAE Systems Sent A Cease-And-Desist Letter.</u>

Tannas argues in the present motion that "the threatening letter . . . was sent to Mr. Tannas in California, and thus is a further factor supporting that specific personal jurisdiction existed over the original action." Tannas Mtn., at 15, n. 7.  This argument was swiftly rejected by the California Court: "Plaintiffs cannot rely on Defendants' production of the cease-and-desist letter and draft complaint addressed to Plaintiffs as a basis for establishing that the causes of action before the Court arises from Defendants' forum-related activities.   Indeed, Defendants did not commence any action in California, and to the contrary, the letter and draft Complaint articulated that the lawsuit was to be filed in Virginia, not California.  No authority supports Plaintiffs' argument that 'but for' Defendants' contemplation to file a lawsuit in *Virginia*, Plaintiffs would not have been injured in California." *See* California Court's Dismissal Order, at 12, ln. 22 – at 13, ln. 4, attached as Exhibit "C," to the Sugden Aff. ¶ 4.

6.   <u>The California Court Already Rejected The Argument That Personal Jurisdiction Exists Because BAE Systems Has Projects With The U.S. Military.</u>

Tannas argues that personal jurisdiction exists because BAE Systems has "a major U.S. Department of Defense project, for which the projects activities occur in California." Tannas Mtn, at 12.  The California Court already found this argument to be

completely unpersuasive: "[T]he fact that Defendants sold resized LCDs to . . . the United States military in 2000 and 2001 is insufficient to demonstrate that Plaintiffs' claims are a result of Defendants' California-related conduct directed towards Plaintiffs." *See* California Court's Dismissal Order, at 13, lns. 5 – 17, attached as Exhibit "C," to the Sugden Aff. ¶ 4.

7.    <u>The California Court Already Rejected The Argument That BAE Systems Is Subject To Personal Jurisdiction Because BAE Avionics Was Subject To Personal Jurisdiction.</u>

Tannas argues that BAE Systems should be subject to personal jurisdiction because BAE Avionics is subject to personal jurisdiction. This argument was already rejected by the California Court on BAE Systems' Motion to Dismiss. In moving to dismiss, BAE Systems articulated the well-known rule that "federal courts reject any attempt to use jurisdictional contacts of a corporation's parent or subsidiary to establish jurisdiction." *See* BAE System's Motion To Dismiss ("BAE's Mtn.") at 9, lns. 11-21, attached as Exhibit "D," to the Sugden Aff. ¶ 5. The California Court's Order granting the Motion to Dismiss did not at any point suggest abandoning the general rule that contacts of a corporation's subsidiary can not be used to establish jurisdiction over the corporation. Instead, the Court properly concluded that personal jurisdiction does not exist over BAE Systems. Tannas now returns to old facts and repeats the rejected argument, arguing that actions by BAE Avionics in April and June 2005 (prior to BAE Systems' Motion to Dismiss) should justify the current exercise of jurisdiction by California Courts over BAE Systems as the parent and purported alter ego of BAE Avionics. This argument was already considered and rejected in this action when the

California Court granted BAE Systems' Motion to Dismiss and found that it does not have jurisdiction over BAE Systems.

**C.    Contrary To Tannas' Counsel's Claims Otherwise, Defendants Did Not "Stonewall Tannas' Attempts To Determine The Extent Of [Defendants'] Contacts In California.**

In addition to ignoring the fact that the lack of personal jurisdiction has already been determined, Tannas also ignores the fact that the California Court also expressly rejected Tannas' arguments that BAE System's discovery responses were inadequate.  It is unclear why Tannas is raising discovery concerns in the present motion; perhaps it is to justify the feebleness of the motion's merits.  Regardless, this argument is another example of Tannas and its counsel trying to rewrite history.

1.    <u>The California Court First Determined That Tannas' Discovery Was (1) Beyond What The Court Permitted, and (2) "Too Remote In Scope To be Helpful In The Case", and (3) "Plac[ed] An Undue Burden On The Defendant."</u>

In its Motion, Tannas argues that it had to resort to publicly available information because "BAE Systems . . . stonewalled Tannas' attempts to determine the extent of [its] contacts in California."  Tannas Mtn. at 4.  Tannas' contention is not supported by the record.

For example, Tannas argues that the Court ordered BAE Systems to provide further responses because the responses were "wholly insufficient in that they provided little or no information and did not clarify the extent of California contacts for the BAE

Systems entities." Tannas Mtn., at 2. This contention is a perverse distortion of the record. As an initial matter, the "Order" that Tannas first refers to on page 2 of its motion was a stipulation filed by the parties to extend various deadlines because the parties had engaged in "settlement discussions." *See* Stipulation and Proposed Order Re: Motion to Compel and First Amended Complaint attached as Exhibit "E," to Sugden Aff., ¶ 6.

Tannas' motion further states that on April 5, 2005, the California Court issued an Order compelling further discovery from BAE in response to "another" motion brought by Tannas. Tannas Mtn., at 3. Two misrepresentations of the record are revealed in this contention. *First*, this was not "another" motion to compel filed by Tannas. As articulated, above, the first "Order" Tannas refers to was a stipulation filed by the parties. *Second*, the implication that this Order was an example of BAE Systems failing to comply with its discovery obligations is nonsense. In no uncertain terms, the California Court whole-heartedly agreed with BAE Systems that Tannas had gone *way beyond* the discovery the Court permitted. The Court's Order stated as follows:

> Plaintiff has *misconstrued* the Court's leniency in allowing an opportunity to assert personal jurisdiction over Defendants by way of "written interrogatory." The Court did not intend and now does not expand the scope of this statement to include request for admissions nor request for production of documents. *Plaintiffs, therefore, have sought discovery that is too remote in scope to be helpful in this case, placing an undue burden on the defendant.*

> Defendants are hereby ordered to provide verified supplemental responses to Plaintiffs Special Interrogatories Nos. 1-25 only. *Furthermore, the Court agrees with Defendants' contention that Plaintiffs' interrogatories are overbroad in time* and orders that Defendants' supplemental responses to Plaintiffs' Special

> Interrogatories shall span the period of time from January 2002
> to the present date.

*See* California Court's Minute Order, April 5th, 2005 attached as Exhibit "F," to Sugden Aff., ¶ 7.

> 2.    The California Court Next Held That Tannas' Argument That BAE
>       Systems' Discovery Was "'Wholly Inadequate, Evasive, And Non-
>       Responsive' Is Without Merit."

In the present Motion, when Tannas argues that Defendants' discovery responses were "wholly insufficient," it fails to acknowledge that the California Court already expressly rejected this argument.  The California Court expressly rejected this argument for several reasons:

*First*, the California Court rejected this argument because it found the discovery responses to be substantively adequate.  *See* California Court's Dismissal Order at 10, ln. 23, attached as Exhibit "C," to the Sugden Aff. ¶ 4 ("The Court finds Plaintiffs' contention that Defendants' answers to Interrogatory No. 5 are 'wholly inadequate, evasive, and non-responsive' is without merit.  Defendants' answer states that they '[d]o not 'own' any such properties.'  Defendants cannot be any more responsive if, in fact, they do not own these properties.").

*Second*, if the discovery responses were so "wholly inadequate" as Tannas contends, it had the ability to file a motion to compel further responses.  However, Tannas waived that right by instead filing its First Amended Complaint.  Specifically, the Court's Order provided that Tannas had the right to bring a motion to compel further discovery.  Absent the filing of such a motion, Tannas was required to file a

First Amended Complaint.  The deadline to file a motion to compel discovery or (if no motion to compel was filed) file its First Amended Complaint was January 31, 2005.

Rather than file a motion to compel further discovery based on Defendants' allegedly "wholly inadequate" responses, however, Tannas apparently decided that it had sufficient information and filed its First Amended Complaint.  Accordingly, the California Court correctly decided that Defendants' discovery obligations were extinguished with Tannas' filing of its First Amended Complaint: "Defendants' discovery obligations set forth in the Court's December 1, 2004 Order to allow Plaintiffs an opportunity to allege new grounds for Defendants' minimum contacts, were moot, following Plaintiffs' filing of its FAC . . ." *See* California Court's Dismissal Order, at 8, ln. 18 – ln. 2, attached as Exhibit "C," to the Sugden Aff., ¶ 4.[3]

Noteworthy as well was the fact that Tannas waited until *May 19, 2005* before filing its First Amended Complaint.  Indeed, it had plenty of time to bring a motion to compel if, as it contends, Defendants' discovery was "wholly inadequate."  The California Court noted that Tannas' First Amended Complaint was filed "nearly three (3) months beyond the deadline set forth in the Order."  *See* California Court's Dismissal Order at 8, ln. 18 – ln. 2, attached as Exhibit "C," to the Sugden Aff. ¶ 4.

---

[3] Another example of Tannas falsely stating the record can be found in the parties' Joint Rule 16.3 Report.  In footnote 2, Tannas states that it completed ". . . some discovery, but before any motions to compel could be filed, the California court transferred the § 146 action to this Court."  This statement is false because: (1) Tannas did file a motion to compel further discovery (and essentially lost); and (2) the statement omits the fact that by filing its First Amended Complaint, Tannas lost its right to file a motion to compel further discovery.

## ARGUMENT

**TANNAS PLAINTIFFS HAVE SHOWN NO JUSTIFICATION IN LAW OR FACT FOR RE-TRANSFER OF THIS CASE BACK TO CALIFORNIA.**

> A.    The Legal Standards For Venue *Re*-Transfer Require Consideration of Law of the Case Doctrine.

During the parties' Scheduling Conference, the Court identified the central issue that would govern the legal standard in a motion to re-transfer venue *back* to California: "I would be interested, when you all conduct the briefing, in the general question about the ping-pong of venue transfers, if a transferring court decides that venue is improper in its district and transfers based on its analysis to another district for venue analysis, I would be interested in any authority that that is the law of the case and the recipient district would be without authority to then transfer back, if anybody's arguing that." *See* Hearing Transcript at 10, lns. 9 – 17, attached as Exhibit "A," to the Sugden Aff., ¶ 2.

Ignoring the above query along with the fact that the California Court already decided the issue of personal jurisdiction, Tannas' motion merely articulates the "legal standard for venue transfer under 28 U.S.C. § 1404(a)." As a result, Tannas' motion omits altogether the law of the case doctrine, which provides that the California Court's venue transfer cannot be disturbed absent extraordinary circumstances.

Specifically, the law of the case doctrine provides that where two courts have equal authority, one court should not conduct an independent review of the other's previous holdings in a particular action. *Hayman Cash Register Co. v. Sarokin*, 669

F.2d 162, 169 (3d Cir. 1982).  The law of the case doctrine is a matter of comity.  *Id.* at 168, 169.  The rationale behind the rule is not that the later court lacks *authority* to rule where the first court previously ruled, but that *finality and consistency* require courts of equal authority to respect each other's decisions.  *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (citing *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)); *Vortekx, Inc. v. IAS Communications, Inc.*, 72 F. Supp. 2d 638 (W.D. Va. 1999).

The law of the case doctrine applies to a court's decision to transfer the action to another court.  *See, e.g., Hill v. Henderson*, 195 F.3d 671, 677, 678 (D.C. Cir. 1999). "Indeed, the policies supporting the doctrine apply with even *greater force to transfer decisions* than to decisions of substantive law…."  *Christianson*, 486 U.S. at 816 (emphasis added); *see also Vortekx*, 72 F. Supp. 2d at 641 ("This re-visitation and re-litigation of the transfer decision clearly undermines the policy of finality advanced by the law of the case.").  The Supreme Court found that federal courts routinely apply the law of the case doctrine to transfer decisions.  *Christianson*, 486 U.S. at 816; *see also Vortekx*, 72 F. Supp. 2d at 641.  Otherwise, "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation."  *Christianson*, 486 U.S. at 816; *see also Wild v. Heart of Texas Dodge, Inc.*, 2001 WL 1913400, at *3 (W.D. Wis. Nov. 23, 2001).

Accordingly, the one case that Tannas relies on (*Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F. 2d 982, 989 (11th Cir. 1982)) grossly misses the mark.  Tannas argues that the case stands for the proposition that "nothing" prevents a court from "considering" a motion to retransfer.  Of course, "considering" a motion is

much different than "granting" a motion.  In fact, in *Roofing*, no such motion was even filed or considered.  The Court was merely articulating the methods by which the appellant could have had the appellate courts consider the district court's initial decision to transfer a case.  The Eleventh Circuit indicated that the appellant could have reserved his right to appeal by either (1) filing a writ of mandamus in the transferor Circuit, or (2) filing a motion for retransfer in the transferee District Court (for that Circuit's later consideration).

**B.    No Extraordinary Circumstances Exist In The Present Case To Warrant *Re-*Transferring The Case *Back* To California.**

Courts should revisit the transfer decisions of other district courts only in extraordinary circumstances.  *Christianson*, 486 U.S. at 817; *Hayman Cash Register Co.*, 669 F.2d 162, 170.  "Under law-of-the-case principles, if the transferee court can find the transfer decision *plausible*, its jurisdictional inquiry is at an end." *Christianson*, 486 U.S. at 819 (emphasis).  In the absence of unusual circumstances, a district court should not overrule another district court; this is an appellate function. *Gulf Research & Development Co.*, 98 F. Supp. at 201.

In order to transfer the case back to California under § 1404, this Court must find that the California court has personal jurisdiction.  *Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44, 48 (D.D.C. 2005) ("Before delving into its analysis under § 1404(a), the Court must ascertain whether venue in the transferee district would be proper."); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).  Such a finding would contradict the previous ruling that personal jurisdiction does not exist in California,

which is the law of the case. *See, e.g., Mooney v. Wood/Chuck Chipper Corp.*, 2000 WL 332422744, at *1 (W.D.N.C. Feb. 4, 2000). Moreover, the California Court is clearly most qualified to rule on the reach of California's long-arm statute. *See, e.g., Brownstein*, 1994 WL 669620, at *9. Even Tannas' motion acknowledges that "the question of personal jurisdiction *should* be decided by the California court." Tannas Mtn. at 9 (emphasis added). And, as shown above, the California court did decide this issue—against Tannas.

    1.    <u>There Are No Extraordinary Circumstances To Reverse The California Court's Conclusion That Personal Jurisdiction Does Not Exist Over BAE Systems.</u>

Decisions to transfer the case under 28 U.S.C. § 1406(a) should be accorded deference by the transferee court. *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 602 (D.N.J. 2002); *Wild v. Heart of Texas Dodge, Inc.*, 2001 WL 1913400, at *2; <u>Brownstein v. New York Univ. Medical Ctr.</u>, 1994 WL 669620, at *9 (D.N.J. Nov. 22, 1994) (holding that the transferor court should use care when determining that personal jurisdiction exists in the transferee court, because the decision will become the law of the case); *Gulf Research & Development Co. v. Schlumberger Well Surveying Corp.*, 98 F. Supp. 198, 200 (D. Del. 1951) (after transfer of case under § 1406(a), denying motion to retransfer to California).

In the present case, the California Court's detailed and deliberate opinion correctly decided that personal jurisdiction did not exist over BAE Systems. Not only was the California Court's decision "plausible," which is all the Supreme Court says is

needed to leave the opinion intact, it was correctly decided.  There are no extraordinary circumstances that would warrant disturbing its decision.

2.    <u>The California Court's Interpretation Of Section 146 – Erroneous Or Not – Is Irrelevant To The Determination Of Whether The Case Should Be Re-Transferred.</u>

Tannas' Motion argues that the case should be transferred back because the California Court erroneously interpreted Section 146.  As an initial matter, Tannas is impermissibly asking this Court to become the *de facto* Ninth Circuit Court of Appeals by overturning the California Court's interpretation of Section 146.  *See Gulf Research & Development Co.*, 98 F. Supp. at 201 (a district court should not overrule another district court; this is an appellate function).   If Tannas wanted this interpretation reviewed by the Ninth Circuit, it should have filed a write of mandamus for immediate review.  S*ee Hill v. Henderson*, 195 F.3d at 677 (transfer order may be subject to immediate review via mandamus in the circuit of the transferring court).

In addition, Tannas' motion blatantly ignores the fact that the California Court expressly decided that personal jurisdiction did not exist over BAE Systems.  Because personal jurisdiction did not exist over BAE Systems, the competing interpretations of Section 146 are irrelevant.

To illustrate, the clear language of Section 146 states that "[i]f there be . . . an adverse party residing in a foreign country, the United States District Court for the District of Columbia *shall* have jurisdiction . . . ."  This indicates that the District of Columbia is the exclusive venue for a Section 146 Action.  This interpretation is supported by *Conversion Chemical Corporation v. Gottschalk*, 341 F. Supp. 754, 756

fn. 3 (D. Conn. 1972) ("[S]ince the adverse party Korpium et al. is a resident of a foreign country, venue is properly laid *only* in the United States District Court of the District of Columbia."); *see also* 60 Am. Jur. 2d *Patents* § 629 (2004)("[T]he District of Columbia is the *exclusive forum* for venue purposes where the adverse party resides in a foreign country.") (Emphasis added).

Tannas argues that the foregoing interpretation is "just plain wrong."  According to Tannas the District of Columbia is identified in Section 146 to simply "ensure that a forum is available . . . where one party is a resident of a foreign country."  Tannas Mtn., at 7 *citing Cell Genesys, Inc. v. Applied Research Systems ARS Holding N.V.*, 2005 U.S. Dist. LEXIS 10152, *5 (D. D.C. 2005).

Under either interpretation, the California District Court is not a proper forum for Tannas' Section 146 cause of action because personal jurisdiction does not exist over BAE Systems.  In other words, the differing interpretations are irrelevant because the California District Court is not an available forum regardless of whether Section 146 provides for an exclusive or merely "available" jurisdiction in the District of Columbia.

3.    The Private And Public Interest Factors Listed In Tannas' Motion Are Irrelevant To The Determination Of Whether The Case Should Be Re-Transferred.

Bootstrapping on its earlier statement of "presuming personal jurisdiction was proper in California," Tannas provides a list of factors which would make litigation in California more convenient for Tannas.  As an initial matter, this analysis is irrelevant. Regardless of how convenient California may be to Tannas, the case can not proceed in

California because personal jurisdiction does not exist over BAE Systems.  Even if the Court were to consider these irrelevant factors, they are dubious in themselves.

For example, Tannas argues that the witnesses all reside "in or near Southern California."  Tannas Mtn., at 18.  The argument is that trial will therefore be more convenient in California.  Tannas ignores the fact that it already represented to the Court that it believes the case will be disposed of by summary judgment: "As to some of claims[4] at issue, Plaintiff believes the case is likely to be disposed of by summary judgment as there was no interference in fact since the Watson application did not have a written description of the interfering subject matter.  As to the best mode violations, Plaintiff believes the case is likely to be disposed of by summary judgment as there is not clear and convincing evidence that any best mode violation occurred."  *See* Parties Joint Rule 16.3 Report, at 3, lns. 7 – 13, attached as Exhibit "G," to the Sugden Aff. ¶ 8.

Tannas also claims that he cannot travel because his wife's condition requires his time and attention.  Tannas Mtn. at 18.  As sympathetic as Mrs. Tannas' condition may be, a couple of items are noteworthy.

*First*, according to Tannas, his wife has had this condition since 1997.  Tannas Decl., ¶ 8.  However this is the first time Tannas has ever raised this issue; he never raised the issue to oppose the original transfer from California to the District of Columbia.

*Second*, despite Mrs. Tannas' condition, Tannas is able to travel a great deal.  Tannas' declaration in the current motion was not even signed because, according to his

---

[4] Of course, there is only one claim – Tannas' Section 146 claim – remaining in the case.

counsel, "the original [declaration] is being signed in China and will be provided to the Court when received."  Tannas Decl., cover page.  In November 1997, just a few months after Mrs. Tannas' diagnosis, Tannas presented a two day seminar in London, England followed by a tour of Defendants' laboratories in Edinburgh, Scotland. Defendants' Response to Interrogatory No. 6.  A brief examination of Tannas' website shows that he is a frequent lecturer all over the world:  "[Tannas] has been guest lecturer and invited speaker at numerous events and institutions throughout the world such as: (1) Samsung Electronics, Korea, (2) Chanchung Institute of Physics, (3) China Twenties University, The Netherlands, (4) Lohya Corporation, Finland, and (5) Advanced Technology Series, London and Stockholm.  *See* http://www.tannas.com/html/lecturer.html attached as Exhibit "H," to Sugden Aff., ¶ 9. Given the foregoing, the argument that Tannas could not provide testimony in the District of Columbia (should the case go to trial) is not credible.

Tannas' motion essentially concedes that the remaining factors tip in favor of *not* transferring the case back to California.  Tannas acknowledges that this Court is one of the "most experienced district courts when it comes to patent matters."  Tannas Mtn., at 21.  Tannas also acknowledges that the relevant documents are located in nearby Alexandria, Virginia.  Tannas Mtn., at 21.  Finally, in another bootstrapping argument, Tannas argues that the case belongs in California because California has a "strong interest in protecting the inventions of its residents."  Tannas Mtn., at 22.  Tannas ignores the essential fact that the Board concluded that BAE, not Tannas, was the "inventor."  Thus, when Tannas says that California will favor its "residents," Tannas is essentially asking for an unfair home court advantage.

## CONCLUSION

Tannas ignored and distorted the factual record and misstated the law in an effort to transfer the present case *back* to California.   There is no basis to transfer the case back to California.  The California Court already decided that personal jurisdiction does not exist over BAE Systems.   There are no extraordinary circumstances to warrant disturbing the California Court's previous holding.  Tannas' motion should therefore be denied.


Respectfully submitted,


/s/_____
Paul G. Gaston (DC Bar 290833)
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW
Suite 750
Washington, DC  20036
202-296-5856


___/s/_____
David R. Sugden
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
(949) 717-3000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of September, 2006, a copy of the foregoing was

mailed, via First Class mail, postage prepaid to:

William A. English
VISTA IP LAW GROUP LLP
2040 Main Street, 9th Floor
Irvine, CA  92614

 

_____

Paul G. Gaston