SCOTT J. FERRELL, Bar No. 202091
DAVID R. SUGDEN, Bar No. 218465
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
(949) 717-3000



Attorneys for Defendants BAE Systems Avionics Limited and BAE Systems Electronics Limited



# UNITED STATES DISTRICT COURT

# CENTRAL OF CALIFORNIA

| | |
|---|---|
| Lawrence E. Tannas, Jr., an individual dba as Tannas Electronics; Tannas Electronic Displays, Inc., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BAE Systems Avionics Limited, a British corporation; BAE Systems Electronics Limited, a British corporation,<br><br>Defendants. | Case No. CV-03-5889 RJK (FMOx)<br><br>**STIPULATION REGARDING MOTION TO COMPEL AND FIRST AMENDED COMPLAINT**<br><br><br><br>Complaint Filed: August 19, 2003<br>Trial Date: None Set |

IT IS HEREBY STIPULATED by and between Plaintiffs Lawrence E. Tannas, Jr. and Tannas Electronic Displays, Inc. ("Plaintiffs") and Defendants BAE Systems Avionics Limited and BAE Systems Electronics Limited ("Defendants") by and through their undersigned counsel of record, with respect to the responsive pleading date in the above-captioned matter, as follows:

/ / /

BRJ03-01:133243_1:11-9-04  - 1 -
STIPULATION REGARDING MOTION TO COMPEL DISCOVERY RESPONSES AND FIRST AMENDED COMPLAINT

EXHIBIT E

1  WHEREAS, Plaintiffs' current deadline to file a motion to compel discovery
2  responses related to the Court's Order is set for November 18, 2004.
3  WHEREAS, Plaintiffs' current deadline to file a First Amended Complaint
4  alleging new grounds for Defendants' minimum contacts is set for November 18, 2004.
5  WHEREFORE, at Defendants request the parties hereby stipulate that any motion
6  by Plaintiffs to compel discovery responses related to the Court's Order be filed (and
7  served on opposing counsel), no later than December 14, 2004. Absent the filing of
8  such a motion, Plaintiffs shall file (and serve on opposing counsel) a First Amended
9  Complaint alleging new grounds for Defendants' minimum contacts, no later than
10 December 14, 2004. If Plaintiffs do not file any such discovery motion by said date,
11 and do not file a First Amended Complaint by said date, then the Court may issue an
12 Order granting Defendants' motion to dismiss for lack of personal jurisdiction.
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

BRI03-01:133243_1:11-9-04           - 2 -

STIPULATION REGARDING MOTION TO COMPEL DISCOVERY RESPONSES AND FIRST
AMENDED COMPLAINT

EXHIBIT E

1    WHEREFORE, the parties will attempt in good faith to follow the local rule
2  procedures and have a joint stipulation lodged. In the event that the Court does not sign
3  and serve this stipulation by November 16, Plaintiff may proceed with filing the motion
4  to compel without the joint stipulation.

6  Dated: November ___, 2004         CALL, JENSEN & FERRELL
7                                                              A Professional Corporation
                                                                SCOTT J. FERRELL
8                                                              DAVID R. SUGDEN

10                                                            By: /s/ Scott J. Ferrell
                                                                    Scott J. Ferrell

11                                                            Attorneys for Defendants

14  Dated: November ___, 2004        COHEN, SAKAGUCHI & ENGLISH LLP
                                                                WILLIAM A. ENGLISH
15                                                             NEAL M. COHEN
                                                                JAMES K. SAKAGUCHI

18                                                            By: _____
                                                                    Neal M. Cohen

19                                                            Attorney for Plaintiffs

21  IT IS SO ORDERED

23  11/15/2004
24  Dated                                                      /s/ Robert J. Kelleher
                                                                United States District Judge
25                                                            Honorable Robert J. Kelleher

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION
BRI03-01:133243_1:11-9-04     - 3 -
STIPULATION REGARDING MOTION TO COMPEL DISCOVERY RESPONSES AND FIRST AMENDED COMPLAINT

EXHIBIT E

Case 1:05-cv-01866-RWR   Document 18-5   Filed 09/11/2006   Page 4 of 17
Case 2:03-cv-05889-RJK-FMO   Document 26   Filed 11/15/2004   Page 4 of 6
Nov-09-2004 02:08pm   From-CALL, JENSEN & FERRELL        9497173100        T-134   P.004/004   F-653

WHEREFORE, the parties will attempt in good faith to follow the local rule procedures and have a joint stipulation lodged. In the event that the Court does not sign and serve this stipulation by November 16, Plaintiff may proceed with filing the motion to compel without the joint stipulation.

Dated: November ___, 2004

CALL, JENSEN & FERRELL
A Professional Corporation
SCOTT J. FERRELL
DAVID R. SUGDEN

By: _____
Scott J. Ferrell

Attorneys for Defendants

Dated: November ___, 2004

COHEN, SAKAGUCHI & ENGLISH LLP
WILLIAM A. ENGLISH
NEAL M. COHEN
JAMES K. SAKAGUCHI

By: _____
Neal M. Cohen

Attorney for Plaintiffs

IT IS SO ORDERED

_____
Dated

_____
United States District Judge
Honorable Robert J. Kelleher

BRI03-01 133243 1 11-9-04                                       - 3 -
STIPULATION REGARDING MOTION TO COMPEL DISCOVERY RESPONSES AND FIRST AMENDED COMPLAINT

EXHIBIT E

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On November 10, 2004, I served the foregoing document described as **STIPULATION REGARDING MOTION TO COMPEL AND FIRST AMENDED COMPLAINT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

[X] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 10, 2004, at Newport Beach, California.

Amy Egan

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

EXHIBIT E

## SERVICE LIST

Neal M. Cohen  
Cohen Sakaguchi & English LLP  
2040 Main Street, 9th Floor  
Irvine, CA 92614  
Facsimile No.: (949) 625-8955

**Attorneys for Plaintiff**

SCANNED

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

**EXHIBIT E**

**ORIGINAL**

P SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 03-5889 RJK                               Date:   April 5, 2005

Title:   Tannas, et al. v. BAE Systems Avionics Limited, et al.

---

PRESENT:   **THE HONORABLE ROBERT J. KELLEHER, JUDGE**

| Debra O'Neill | None Present |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:
None Present                            None Present

PROCEEDINGS:   Order on Plaintiffs' Motion to Compel Discovery

Before the Court is Plaintiffs' Motion to Compel Discovery Responses ("Motion to Compel") previously set for hearing on February 28, 2005, at 10:00 a.m..

On August 23, 2004, the parties appeared for hearing on Defendants' Motion to Dismiss ("Motion to Dismiss"). For the reasons set forth on the record, the Court took the Motion to Dismiss under submission and allowed Plaintiffs to serve and file questions regarding minimum contacts.

Plaintiff has misconstrued the Court's leniency in allowing Plaintiffs an opportunity to assert personal jurisdiction over Defendants by way of "written interrogatory." The Court did not intend and now does not expand the scope of this statement to include request for admissions nor request for production of documents. Plaintiffs, therefore, have sought discovery that is too remote in scope to be helpful in this case, placing an undue burden on the defendant.

MINUTES FORM 11                    Initials of Deputy Clerk ____
CIVIL-GEN

DOCKETED ON CM
APR 6 2005
BY ____

EXHIBIT F

     Defendants are hereby ordered to provide verified supplemental responses to Plaintiffs' Special Interrogatories Nos. 1-25, only. Furthermore, the Court agrees with Defendants' contention that Plaintiffs' interrogatories are overbroad in time and orders that Defendants' supplemental responses to Plaintiffs' Special Interrogatories shall span the period of time from January 2002 to the present date. Defendants' supplemental responses shall be served on Plaintiffs within thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL - GEN

Initials of Deputy Clerk _____

**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE E. TANNAS, Jr. et. al.<br><br>Plaintiff,<br><br>v.<br><br>BAE SYSTEMS AVIONICS LTD., et al.<br><br>Defendant. | Civil Action No. 05-1866 (RWR)<br><br>**Joint Rule 16.3 Report and Statement and Proposed Order**<br><br>Scheduling Conference<br>August 2, 2006<br>12:30 p.m. |

The named parties to the above action hereby submit this Joint Rule 16.3 Report and Statement pursuant to the Court's Order For Initial Scheduling Conference dated July 7, 2006.

**Brief Statement of Case**

Plaintiff, Mr. Tannas, brought this action in the Central District of California under 35 U.S.C. § 146 to challenge the rulings of the Board of Patent Appeals and Interferences ("the BPAI") in Interference No. 105,096 ("the

C:\Documents and Settings\m2s\Desktop\All defendants Final track changes (2).doc   1

EXHIBIT G

Interference").[1]  The technology is related to changing the shape of or "resizing" liquid crystal displays ("LCDs").

In the California action, the court ordered the § 146 cause of action transferred to this Court, based on a determination that any civil action brought under 35 U.S.C. § 146 against a foreign defendant (i.e., the defendants in this action) must be filed in the District Court for the District of Columbia. Plaintiff believes this was incorrect as a matter of law, and intends to file a motion to transfer the action back to California under 28 U.S.C. § 1404. Defendants contest personal jurisdiction in California, and intend to oppose Plaintiff's motion to transfer venue on those grounds as well as on other grounds.

As to the merits of the case, the BPAI ruled against Mr. Tannas on priority, and also held certain claims in Mr. Tannas' patents unpatentable for failing to comply with the best mode requirement of 35 U.S.C. § 112, ¶1. In this action, Mr. Tannas is challenging those rulings and other BPAI rulings in the Interference.

### 16.3(c)(1)

Plaintiff believes the case is likely to be disposed of in this Court by motion to transfer venue under 28 U.S.C. § 1404, since Plaintiff originally brought this action in California, and the California court transferred the action based on that court's

---

[1] Other causes of action were in the California Complaint, but only the § 146 cause of action was transferred to this Court, and the other causes have been resolved by the parties.

C:\Documents and Settings\m2s\Desktop\All defendants Final track changes (2).doc   2

EXHIBIT G

1  ruling that 35 U.S.C. § 146 mandated the action be brought in the
2  District of Columbia.  Plaintiff may request early discovery for
3  Plaintiff to get information to show the defendants have
4  substantial contacts with California, and this is an issue
5  Plaintiffs wish to discuss at the conference.[2]  Defendants deny
6  that jurisdiction in California is proper.
7      As to some of claims at issue, Plaintiff believes the case
8  is likely to be disposed of by summary judgment as there was no
9  interference in fact since the Watson application did not have a
10 written description of the interfering subject matter.  As to the
11 best mode violations, Plaintiff believes the case is likely to be
12 disposed of by summary judgment as there is not clear and
13 convincing evidence that any best mode violation occurred.
14    <u>16.3(c)(2)</u>
15      The parties anticipate amending the pleadings at least to
16 remove extraneous causes of action not before the Court, but do
17 not anticipate adding any parties.  The parties propose a
18 deadline for any such amendments to be **September 29, 2006**.  In
19 the underlying dispute between the parties in the California
20 case, many factual and legal issues have already been agreed upon
21 by the parties and have been settled.  The § 146 action is all
22 that remains.
23    <u>16.3(c)(3)</u>
24      The parties do not wish to have the case assigned to a

---

[2] Plaintiffs were granted a similar request in California, and completed some of the discovery, but before any motions to compel could be filed, the California court transferred the §146 action ... continued

C:\Documents and Settings\m2s\Desktop\All defendants Final track changes (2).doc   3

EXHIBIT G

1  magistrate judge for all purposes.
2  **16.3(c)(4)**
3  The parties have already settled many of their disputes, but
4  the § 146 action remains. The parties believe there is a
5  realistic possibility of settlement.
6  **16.3(c)(5)**
7  The parties believe that they could benefit from the Court's
8  ADR procedures, and have discussed same with their clients. The
9  parties are receptive to possible early neutral evaluation. To
10 facilitate such ADR, Plaintiff suggests the parties agree on a
11 schedule and a forum for discussions in California.
12 **16.3(c)(6)**
13 Plaintiff believes the case can be resolved in this Court by
14 transfer of venue back to the original forum in which Plaintiff
15 filed. Plaintiff also believes that at least some of the issues
16 of the case (e.g., no interference-in-fact) may also be resolved
17 by dispositive motions. The proposed deadlines for filing
18 dispositive motions should be 90 days before trial.
19 **16.3(c)(7)**
20 The parties agree to provide their initial disclosures under
21 F.R.Civ.P. Rule 26 by August 31, 2006.
22 **16.3(c)(8)**
23 The parties expect discovery to be relatively limited, since
24 much of the discovery took place in the Interference. Plaintiff
25 believes a protective order will be appropriate because Plaintiff
26
27 to this Court.
28  C:\Documents and Settings\m2s\Desktop\All defendants Final track changes (2).doc   4

**EXHIBIT G**

1  intends to submit personal and confidential documents to support
2  Plaintiff's priority case. All discovery should conclude 120
3  days before trial.
4  **16.3(c)(9)**
5  The parties suggest that the requirement for exchange of
6  expert reports under F.R.Civ.P. Rule 26(a)(2) be followed.
7  **16.3(c)(10)**
8  This is not a class action.
9  **16.3(c)(11)**
10 The parties do not suggest the trial be bifurcated or
11 discovery be bifurcated.
12 **16.3(c)(12)**
13 The parties propose a date for the pretrial conference of
14 Friday, July 27, 2007.
15 **16.3(c)(13)**
16 The parties propose that the Court set a firm trial date at
17 the scheduling conference, and that the date be September 17,
18 2007.
19 **16.3(c)(14)**
20 There are no other matters the parties believe are
21 appropriate to include in the scheduling order at this time.
22
23  Respectfully Submitted by:
24
25 Dated: July 27, 2006   Birch Stewart Kolasch & Birch LLP
26                       By: _____
                          Quentin R. Corrie
27                        Attorneys for Plaintiff(s)
28 C:\Documents and Settings\m2s\Desktop\All defendants Final track changes (2).doc   5

EXHIBIT G

1
2  Dated: 7/26/06         Call Jensen & Ferrell LLP
3                         By: _____
                          Scott J. Ferrell
4                         Attorneys for Defendant(s)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  C:\Documents and Settings\m2s\Desktop\All defendants Final track changes (2).doc   6

**EXHIBIT G**

The Court adopts the following case management schedule, pursuant to the this Joint 16.3 Report and Statement:

Trial: September 17, 2007

Initial Disclosures: August 31, 2006

Deadline for post Rule 26(a) discovery requests: January 12, 2007

Plaintiff's Rule 26(a)(2) Statements: March 9, 2007

Opponent's Rule 26(a)(2) Statements: March 9, 2007

All discovery closed: May 18, 2007

Limits on Number of Interrogatories per side: 25

Limits on Number of Depositions per side: 5

**IT IS SO ORDERED**

_____        Date: _____
United States District Court
Judge Richard W. Roberts

EXHIBIT G



# TANNAS ELECTRONICS

| Home | Biography | Services | Publications | TED Avionics | Contact Us | Press Re |



Mr. Tannas is actively engaged in lecturing at conferences and institutions. He regularly gives short courses at UCLA in their Engineering Extension program. He has been guest lecturer and invited speaker at numerous events and institutions throughout the world such as:

## Lecturer

- Society for Information Display
- International Electronic Devices Meetings
- National Science Foundation
- Japanese Society for the Advancement of Science
- Samsung Electronics, Korea
- Chanchung Institute of Physics, China
- Twenties University, The Netherlands
- Lohya Corporation, Finland
- Advanced Technology Series, London & Stockholm
- University of Dayton
- SPIE, OSA, Avionics, SMPTE, etc.

His lectures are informative and exciting. The basic attributes of the industrial process that impact and inhibit the electronic information age are usually emphasized. Some of his recent lectures include:

- "The Information Age"
- "The Evolution of Flat-Panel Displays"
- "HDTV - - Past, Present and Future"
- 

EXHIBIT H

"Status of the Displays Industry"
- "3-D Displays"
- Others designed for specific audiences

| services |

Home | Bibliography | Services | Publications | TED Avionics | Contact Us | Press Release