# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE E. TANNAS, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 05-1866 (RWR) |
| vs. | ) | |
| | ) | |
| BAE SYSTEMS AVIONICS LTD., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BAE SYSTEMS, PLC'S EVIDENTIARY OBJECTIONS TO DECLARATION**

**OF WILLIAM A. ENGLISH**

Defendant BAE Systems, PLC ("BAE Systems") submits the following objections to the Declaration William A. English In Support Of Tannas Motion To Transfer Under 28 U.S.C. § 1404(a), and to exhibits referenced in English's declaration, as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Objections To Specific Statements And Exhibits**

| No. | Statement | Objection | Ruling |
|---|---|---|---|
| 1. | ¶ 2: "I represented Mr. Tannas in Interference No. 105,096, which involved two patents, U.S. Patent Nos. 6,204,906 and 6,380,999, which name Mr. Tannas as the inventor, and a patent application, US Application Serial No. 09/529,201, which name David S. Watson as the inventor ("the Watson Application")." | Objection: hearsay.  (FRE 801, 802) | ❑ Sustained ❑ Overruled |
| 2. | ¶ 3: "During the Interference, the record owner of the Watson Application was initially BAE Systems Avionics Limited, until April 2005, when the Watson Application was assigned to BAE Systems, PLC." | Objection: hearsay not within the witness' knowledge. Though based on a document submitted as an exhibit, the document speaks for itself. (FRE 602, 801, 802) | ❑ Sustained ❑ Overruled |
| 3. | ¶ 4: "During the Interference, in the Statement of Interest included in the Watson Priority and Derivation Principal Brief filed on or about September 28, 2004, BAE Systems, PLC identified itself as 'the real party in interest in this interference.'" | Objection: hearsay not within the witness' knowledge. Though referring to a partial document submitted as an exhibit, the document as a whole should speak for itself. (FRE 106, 602, 801, 802) | ❑ Sustained ❑ Overruled |
| 4. | Exhibit A | Objection: incomplete document.  (FRE 106) | ❑ Sustained ❑ Overruled |

| No. | Statement | Objection | Ruling |
|---|---|---|---|
| 5. | ¶ 5: "In a Final Decision dated May 9, 2005, the Board of Patent Appeals and Interferences ("the Board") determined that Mr. Tannas failed to demonstrate sufficiently that he was diligent in reducing the invention to practice (i.e., carrying out the resizing process). | Objection: hearsay not within the witness' knowledge. Though referring to a partial document submitted as an exhibit, the document as a whole should speak for itself. (FRE 106, 602, 801, 802) | ❑ Sustained<br>❑ Overruled |
| 6. | Exhibit B | Objection: incomplete document.  (FRE 106) | ❑ Sustained<br>❑ Overruled |
| 7. | ¶ 7: "On May 19, 2005, Mr. Tannas timely amended his complaint in the California case to include a cause of action under 35 U.S.C. § 146, *inter alia*, to overturn the Board's decision on priority of invention and patentability." | Objection: improper lay witness legal opinion.  (FRE 701) | ❑ Sustained<br>❑ Overruled |
| 8. | ¶ 7: "The California courts' decision was based upon the court's view that any a civil action brought under 35 U.S.C. § 146 against a foreign defendant (i.e., BAE Systems Avionics Limited or BAE Systems, PLC) must be filed in the District Court for the District of Columbia." | Objection: hearsay not within the witness' knowledge. Though referring to a partial document submitted as an exhibit, the document as a whole should speak for itself. (FRE 106, 602, 801, 802) | ❑ Sustained<br>❑ Overruled |

| No. | Statement | Objection | Ruling |
|---|---|---|---|
| 9. | ¶ 7: "The other causes of action were dismissed without prejudice, *inter alia*, because Tannas had failed to make a prima facie showing of personal jurisdiction, but with leave to amend to plead additional bases for personal jurisdiction over the BAE Systems entities.  Exhibit D, p. 20." | Objection: hearsay not within the witness' knowledge. Though referring to a partial document submitted as an exhibit, the document as a whole should speak for itself. (FRE 106, 602, 801, 802) | ❑ Sustained<br>❑ Overruled |
| 10. | ¶ 7: "The case was settled and dismissed before the issue personal jurisdiction was ultimately decided. Exhibit D, p. 13." | Objection: improper lay witness legal opinion.  (FRE 701) | ❑ Sustained<br>❑ Overruled |
| 11. | ¶ 8: "Page 1 of the Annual Report states that 'BAE Systems is an international company . . . . BAE Systems has major operations across five continents and customers in some 130 countries.  The company employs approximately 100,000 people and generates annual sales in excess of £15 billion through its wholly-owned and equity accounted investment operations. Page 22 states that 'In the summer of 2005, BAE systems completed the acquisition of United Defense, growing the US business base by $2.6bn in annual sales and 8,000 additional employees. | Objection: hearsay not within the witness' knowledge. Though referring to a partial document submitted as an exhibit, the document as a whole should speak for itself. (FRE 106, 602, 801, 802) | ❑ Sustained<br>❑ Overruled |

| No. | Statement | Objection | Ruling |
|---|---|---|---|
| 12. | ¶ 8: Page 101 states that 'On 29 April 2005, the Group announced the completion of the Eurosystems transaction with Finmeccanica SpA.  The Eurosystems transaction comprised the sale of BAE Systems Avionics Limited. . . . BAE Systems Avionics Limited and Galileo Avionica SpA merged to form a new Avionics business owned 75% by Finmeccanica and 25% by BAE Systems." | Objection: irrelevant. Objection: hearsay not within the witness' knowledge. Though referring to a partial document submitted as an exhibit, the document as a whole should speak for itself. (FRE 106, 602, 801, 802) | ❑ Sustained<br>❑ Overruled |
| 13. | Exhibit E | Objection: incomplete document  (FRE 106); lack of authentication. | ❑ Sustained<br>❑ Overruled |
| 14. | ¶ 9: "Both Mr. Tannas and his wife Carol are residents of Orange, California." | Objection: statement is not within the witness' personal knowledge.  (FRE 602) | ❑ Sustained<br>❑ Overruled |

| No. | Statement | Objection | Ruling |
|-----|-----------|-----------|--------|
| 15. | ¶ 9: "Mr. Joujon-Roche and Mr. Farmer currently reside in Anaheim, California—a city also within the boundaries of the District Court for the Central District of California. Based on information and belief, Mr. Mathews and Mr. Rogerson currently reside within the Central District of California. Mr. Gottfried currently resides in Newport Beach, California, a city located within the Central District of California. Terry J. Scheffer is currently a resident of Hilo, Hawaii. James L. Fergason is currently a resident of Menlo Park, California. John Doyle is a resident of Pennsylvania while Bill Doane is a resident of Ohio." | Objection: statement is not within the witness' personal knowledge. (FRE 602) | ❑ Sustained<br>❑ Overruled |
| 16. | ¶ 11: "Two of the witnesses who provided testimony before the Board, Mr. Rogerson and Mr. Mathews, have expressed their unwillingness to get further involved in the case." | Objection: hearsay. (FRE 801, 802) | ❑ Sustained<br>❑ Overruled |
| 17. | ¶ 12: "All except Albert H. Lyter, III are residents of the United Kingdom. Albert H. Lyter, III resides in North Carolina. Not a single witness in the Interference was a resident of the District of Columbia." | Objection: statement is not within the witness' personal knowledge. (FRE 602) | ❑ Sustained<br>❑ Overruled |

| No. | Statement | Objection | Ruling |
|---|---|---|---|
| 18. | ¶ 20: ". . . admitting that '[BAE Systems] Avionics [Limited] no longer contests personal jurisdiction [in California].'" | Objection: the document speaks for itself and should be read as a whole.  (FRE 106) | ❏ Sustained<br>❏ Overruled |
| 19. | Exhibit L | Objection: incomplete document.  (FRE 106) | ❏ Sustained<br>❏ Overruled |
| 20. | Exhibit M | Objection: irrelevant, hearsay.  (FRE 402, 801, 802) | ❏ Sustained<br>❏ Overruled |
| 21. | Exhibit N | Objection: irrelevant, hearsay.  (FRE 402, 801, 802) | ❏ Sustained<br>❏ Overruled |
| 22. | Exhibit O | Objection: irrelevant, hearsay.  (FRE 402, 801, 802) | ❏ Sustained<br>❏ Overruled |
| 23. | Exhibit P | Objection: hearsay.  (FRE 801, 802) | ❏ Sustained<br>❏ Overruled |
| 24. | Exhibit Q | Objection: hearsay.  (FRE 801, 802) | ❏ Sustained<br>❏ Overruled |
| 25. | Exhibit R | Objection: hearsay.  (FRE 801, 802) | ❏ Sustained<br>❏ Overruled |
| 26. | Exhibit S | Objection: irrelevant, hearsay.  (FRE 402, 801, 802) | ❏ Sustained<br>❏ Overruled |
| 27. | Exhibit T | Objection: irrelevant, hearsay.  (FRE 402, 801, 802) | ❏ Sustained<br>❏ Overruled |
| 28. | Exhibit U | Objection: hearsay.  (FRE 801, 802) | ❏ Sustained<br>❏ Overruled |
| 29. | Exhibit W | Objection: hearsay.  (FRE 801, 802) | ❏ Sustained<br>❏ Overruled |
| 30. | Exhibit X | Objection: hearsay.  (FRE 801, 802) | ❏ Sustained<br>❏ Overruled |

| No. | Statement | Objection | Ruling |
|---|---|---|---|
| 31. | ¶ 33: "These contacts included: a) BAE Systems sold re-sized LCDs to a Southern California-based company, Symbolic Displays, Inc. ('SDI'), on at least two occasions in 2001; b) BAE Systems purchased commercial LCDs, resized them as requested by SDI, and shipped the resized LCDs to SDI's Santa Ana, California facilities; c) SDI purchased LCDs and shipped the LCDs to BAE Systems in Scotland, upon which BAE Systems resized the LCDs and shipped them back to SDI in California, and d) BAE Systems attended a conference in 2001 in Long Beach, California for LCD technologists, where agents of BAE Systems met with SDI employees and promoted their LCD resizing technology that is now part of the subject interference." | Objection: misstates testimony. The deposition testimony speaks for itself. | ❑ Sustained ❑ Overruled |
| 32. | Exhibit AA | Objection: irrelevant, hearsay. (FRE 402, 801, 802) | ❑ Sustained ❑ Overruled |
| 33. | Exhibit BB | Objection: irrelevant, hearsay. (FRE 402, 801, 802) | ❑ Sustained ❑ Overruled |

Respectfully submitted,


___/s/_____
Paul G. Gaston (DC Bar 290833)
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW
Suite 750
Washington, DC  20036
202-296-5856


____/s/_____
Scott J. Ferrell (admitted *pro hac vice*)
David R. Sugden (admitted *pro hac vice*)
CALL, JENSEN & FERRELL
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
(949) 717-3000
sferrell@calljensen.com
dsugden@calljensen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2006, a copy of the foregoing was

mailed, via First Class mail, postage prepaid to:

William A. English
VISTA IP LAW GROUP LLP
2040 Main Street, 9th Floor
Irvine, CA  92614


/s/_____
            Paul G. Gaston