# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| Lawrence E. Tannas, Jr., an individual dba Tannas Electronics; Tannas Electronic Displays, Inc., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>BAE Systems Avionics Limited, a British Corporation; BAE Systems Electronics Limited, a British corporation<br><br>Defendants. | Case No. 05-1866 (RWR)<br><br>**REPLY MEMORANDUM OF PLAINTIFFS, LAWRENCE E. TANNAS, JR. AND TANNAS ELECTRONIC DISPLAYS, INC., TO DEFENDANTS' OPPOSITION TO MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**<br><br>**Hon. Richard W. Roberts** |

## Table of Contents

Table of Authorities ........................................................................................................ 3

Argument ……………………………………………………………………………1

    A.  BAE Systems and the Other BAE Entities Have Repeatedly Obstructed Tannas' Efforts to Prove the BAE Entities' Contacts in California and Engaged in Subversive Tactics to Avoid Litigation in That Forum ……………………………………………1

        1.  BAE Avionics Admitted to Personal Jurisdiction in California only After It Ceased to Exit and Had Transferred the Assets Involved to BAE Systems ...……1

        2.  The BAE Entities Evaded Providing Substantive Responses to Tannas' Discovery Requests Directed to Personal Jurisdiction in the California Case …...2

        3.  The BAE Entities Have Continued to Evade Providing Substantive Responses to Tannas' Discovery Requests Directed to Personal Jurisdiction in the Present Case ………………………………………………………………………………3

            Request No. 1 ………………………………………………………..3
            Request No. 2 ………………………………………………………...3
            Request No. 3 ………………………………………………………...3

    B.  The Interference Action Under 35 U.S.C. § 146 Was Properly Brought in the Central District of California Because of BAE Systems' Contacts in That Forum and Because § 146 Allows Actiions to Be Brought There …...…………………………………...4

i

1.  Tannas' Research of BAE Systems' Activities in California Shows That BAE Systems Has Sufficient Contacts to Be Subject to Personal Jurisdiction There ....5

2.  § 146 Actions May Be Properly Brought In California ...........................6

C.  The District Court for the Central District of California Did Not Issue a Final Order Precluding Tannas From Presenting Evidence Establishing the Central District of California's Personal Jurisdiction Over the BAE Entities ......................................6

D.  The Law of the Case Doctrine Does Not Prevent This Court From Reviewing the Decision of Another Court .............................................................................7

E.  Public and Private Interest Factors Weigh Heavily In Favor of Transferring the Present Case to the Central District of California ..........................................9

F.  The Defendants Failed to Show Any Compelling Reason That a Transfer to the Central District of California in Improper ......................................................10

Conclusion ..... ...............................................................................................11

# Table of Authorities

**Cases**

Arizona v. California, 460 U.S. 605, 618, n. 8 (1983)................................................................ 9

Burger King v. Rudzewicz, 471 U.S. 462, 477 (1984)............................................................ 11

Cell Genesys, Inc. v. Applied Research Systems ARS Holding N.V., 2005 U.S. Dist. LEXIS
    10152, *5, *10 (D. D.C. 2005) .................................................................. 6, 9, 10

Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988)............................ 8, 9

Conversion Chemical Corp. v. Gottschalk, 341 F. Supp. 754, 174 U.S.P.Q. 346 (D. Conn. 1972)7

Cubbage v. Merchent, 744 F.2d 665, 671 (9th Cir. 1984) ........................................................... 10

Glencore Grain Rotterdam v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002) . 5

Messenger v. Anderson, 225 U.S. 436, 444 (1912)........................................................................ 8

Plumley v. Mockett, 1998 U.S. Dist. LEXIS 23501 (C.D. Cal. 1998) ........................................ 10

Technology Dev. Assocs. v. Victor Co. of Japan, Ltd., 1993 U.S. Dist. LEXIS 9609, *16-17
    (N.D. Cal. 1993).................................................................................................. 6

**Statutes**

35 U.S.C. § 146.................................................................................................................. 6, 7, 9

## ARGUMENT

Plaintiffs Lawrence E. Tannas, Jr. and Tannas Electronic Displays, Inc. (collectively "Tannas") submit this reply memorandum to address several arguments and omissions in the Opposition of Defendant BAE Systems, Plc ("BAE Systems") to Tannas' Motion to Transfer.

**A.    BAE Systems and the Other BAE Entities Have Repeatedly Obstructed Tannas' Efforts to Prove the BAE Entities' Contacts in California and Engaged in Subversive Tactics to Avoid Litigation in That Forum.**

Despite BAE Systems' attempt to argue why the District Court for the Central District of California has no personal jurisdiction over it, BAE Systems fails to address, let alone explain, one of the main points in Tannas' Motion to Transfer that supports why transfer is proper. In its Opposition, BAE Systems has failed to explain or even discuss its evasive maneuvers in the California case in which BAE Avionics admitted to personal jurisdiction in California after BAE Avionics ceased to exist and had transferred the Watson application to BAE Systems. In addition, the BAE entities have on multiple occasions engaged in evasive tactics interfering with Tannas' efforts to investigate the BAE entities' contacts in California, where Tannas originally brought the present action.

**1.    BAE Avionics Admitted to Personal Jurisdiction in California only After It Ceased to Exist and Had Transferred the Assets Involved to BAE Systems.**

When Tannas first filed their original complaint in California on August 19, 2003, BAE Avionics owned US application Serial No. 09/529,201 ("the Watson application"), which was the subject patent of Interference No. 105,096 ("the Interference"). Motion to Transfer, English Decl. ¶¶ 19, 34. On April 14, 2005, BAE Systems executed an assignment agreement with BAE Avionics transferring ownership of the Watson application from BAE Avionics to BAE Systems. Motion to Transfer, English Decl. ¶¶ 19, 34. Significantly, BAE Systems was not named in the lawsuit at that time. Then, on April 29, 2005, BAE Avionics was merged into a new entity and ceased to exist. Motion to Transfer, English Decl. ¶¶ 8, 34-36. Only after this event, on June 13,

2005, BAE Avionics' counsel admitted that BAE Avionics would not contest personal jurisdiction in California.  Motion to Transfer, English Decl. ¶ 20.  In a remarkable display of timing, BAE Avionics' personal jurisdiction admission was not made until after the assignment was executed, and the Watson application was already transferred to BAE Systems.

Additionally, when BAE Avionics admitted personal jurisdiction, none of the BAE entities nor their counsel disclosed that BAE Systems was the new owner of the Watson application through the assignment, and that consequently BAE Systems had become the party-in-interest for Tannas' claims.  Motion to Transfer, English Decl. ¶ 20.  Instead, Tannas was left to conduct their own investigation of BAE Systems, and discover these facts on their own after the fact.  Thus, the BAE entities had apparently devised an effective scheme to improve the odds of avoiding personal jurisdiction in California, by simply switching ownership of the Watson application without informing Tannas or the California court.

Certainly there are advantages to BAE Systems in its scheme, because it causes Tannas extreme difficulty and expense in pursuing their claims.  This difficulty and expense is even more prevalent considering that Tannas is an individual and a small business, and that jurisdiction has been transferred from a forum local to them and most of their witnesses to the other side of the country.  Thus, BAE Systems should not be rewarded by its employment of "bait-and-switch" maneuvers to impose undue burdens upon Tannas.

2.    **The BAE Entities Evaded Providing Substantive Responses to Tannas' Discovery Requests Directed to Personal Jurisdiction in the California Case.**

The assignment transferring ownership of the Watson application from BAE Avionics to BAE Systems served as just one more activity conducted by the BAE entities to further undermine Tannas' ongoing efforts to prove the BAE entities' contacts in California.  As described in Tannas' Motion to Transfer, the California court permitted Tannas to undertake

2

written discovery to establish personal jurisdiction in California.  Motion to Transfer, English

Decl. ¶¶ 15, 17.  The BAE entities, however, intentionally sought to avoid providing any

significant information in response to Tannas' interrogatories and also failed to provide

information in compliance with an order from the California court.  Motion to Transfer, English

Decl. ¶¶ 14-18.  The California court also issued an order on April 15, 2005, in response to a

motion to compel discovery filed by Tannas, requiring BAE Avionics to provide more detailed

responses to the interrogatories, spanning the time period of January 2002 to the present.  Motion

to Transfer, English Decl. ¶ 17.  Shortly after the California court's order, BAE Avionics

transferred the Watson application to BAE Systems, without the California court making any

further determination on this issue.

3.    **The BAE Entities Have Continued to Evade Providing Substantive Responses to Tannas' Discovery Requests Directed to Personal Jurisdiction in the Present Case.**

The BAE entities continue to avoid their discovery obligations on these issues, by

avoiding providing Tannas with any substantive information on the personal jurisdiction issue in

their recent submission of discovery responses, or lack thereof, for the present case.  On August

9, 2006, Tannas served discovery requests on BAE Systems, including several Requests for

Admission directed to BAE Systems' contacts in California, for example:

Request No. 1
Admit that you have made offers for sale to entities residing within the State of
California.

Request No. 2
Admit that you have made offers for sale of resized liquid crystal displays ("LCDs") to
entities residing within the State of California.

Request No. 3
Admit that you have sold goods or services to entities residing within the State of
California.

For all of Tannas' above Requests, BAE Systems responded as follows: "Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence." English Decl. ¶2. No additional information was provided.[1]

There is no good faith basis to BAE Systems' objections, however, because these Requests are highly relevant to personal jurisdiction, as well as the subject matter of Tannas' interference claims, which the parties have been disputing since 2004. This blatant lack of compliance with standard discovery procedures underscores BAE Systems' attempts to avoid providing additional evidence that it likely knows would demonstrate that personal jurisdiction is proper in California.

Given the bait-and-switch used by BAE Systems and BAE Avionics in their transfer of the Watson application and their failure to comply with standard discovery procedures, both in this Court and in California, BAE Systems should not be rewarded for its calculated efforts to avoid personal jurisdiction in California. Instead, Tannas urges this court to consider the evidence and circumstances that Tannas has presented in their Motion to Transfer, which heavily favor transfer of this case to California.

**B.     The Interference Action Under 35 U.S.C. § 146 Was Properly Brought in the Central District of California Because of BAE Systems' Contacts in That Forum and Because § 146 Allows Actions to Be Brought There.**

The present action should be transferred to the Central District of California because Tannas properly brought the original action in that forum. The BAE entities, including BAE Systems, had sufficient contacts to be subject to personal jurisdiction in the Central District of California, and it is also proper for § 146 actions to be brought there.

---

[1] Tannas intends to file a motion to compel regarding these insufficient and evasive responses.

1.     **Tannas' Research of BAE Systems' Activities in California Shows That BAE Systems Has Sufficient Contacts to Be Subject to Personal Jurisdiction There.**

BAE Systems' and BAE Avionics' failure to provide substantive responses to Tannas' discovery requests has required Tannas to conduct their own additional investigation to confirm that personal jurisdiction over BAE Systems is proper in California. Tannas has presented ample evidence in their Motion to Transfer that warrants transfer of the present action to California. BAE Avionics, the agent of BAE Systems for the Watson application, already admitted to personal jurisdiction in the Central District of California. Motion to Transfer, English Decl. ¶ 20. This admission should be attributed to BAE Systems, given the bait-and-switch tactics employed by BAE Systems.

As for BAE Systems' contacts with California, Tannas has produced several documents evidencing BAE Systems' extensive business contacts in the State of California in their Motion to Transfer.[2] Motion to Transfer, English Decl. ¶¶ 21-29, 31, 33. This evidence, which has not been contradicted in BAE Systems' Opposition, establishes that the Central District of California can properly assert jurisdiction over BAE Systems. Glencore Grain Rotterdam v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002).

In an effort to divert focus from the evidence highlighting its California business transactions, BAE Systems continues to rely on the argument that the activities of its subsidiaries are insufficient to confer jurisdiction. First, Tannas' evidence does not consist solely of activities of BAE Systems' subsidiaries, but instead shows extensive activities conducted by BAE Systems in California. Motion to Transfer, English Decl. ¶¶ 21-29, 31, 33. Second, it does not necessarily follow that the presence of an entity's subsidiary in a particular forum prevents a

---

[2] The California court stated it is insufficient to establish personal jurisdiction of a party by the mere presence of a website in a jurisdiction. However, the California Court's statement was off base, because Tannas submitted documents to the California court that consisted of BAE's own admissions on websites. It is not the presence of the websites that constitute the minimum contacts, but rather the admissions from BAE on those websites that do so..

finding of personal jurisdiction over the entity in that forum.  Technology Dev. Assocs. v. Victor Co. of Japan, Ltd., 1993 U.S. Dist. LEXIS 9609, *16-17 (N.D. Cal. 1993) ("While the mere fact that a foreign corporation has a subsidiary doing business in the district is not sufficient to confer jurisdiction, [citation omitted] the facts of this case beg a different result.").

The evidence presented in Tannas' Motion to Transfer supports that it is reasonable for the Central District of California to exercise jurisdiction over BAE Systems.  See Technology Dev. Assocs. at *22 ("Once it has been determined that the defendant has established minimum contacts and purposefully availed itself of the forum, the forum's exercise of jurisdiction is presumptively reasonable.").

>    **2.    § 146 Actions May Be Properly Brought In California.**

As previously stated by Tannas in their Motion to Transfer, this Court has already recognized that 35 U.S.C. § 146 "simply ensures that a forum is available . . . where one party is a resident of a foreign country."  Cell Genesys, Inc. v. Applied Research Systems ARS Holding N.V., 2005 U.S. Dist. LEXIS 10152, *5, *10 (D. D.C. 2005).  Thus, the District Court for the Central District of California is a proper venue for reviewing the adverse decision rendered by the Board under 35 U.S.C. § 146, and this Court may transfer the present action to that forum. BAE's reliance based upon a 1972 District Court case from Connecticut, Conversion Chemical Corp. v. Gottschalk, 341 F. Supp. 754, 174 U.S.P.Q. 346 (D. Conn. 1972), cannot overcome the extensive recent analysis of § 146 by this Court and other courts, as identified in Tannas' Motion to Transfer.

**C.    The District Court for the Central District of California Did Not Issue a Final Order Precluding Tannas From Presenting Evidence Establishing the Central District of California's Personal Jurisdiction Over the BAE Entities.**

In their Opposition, the BAE entities assert that the California court made a final determination in its Order of August 31, 2005 that personal jurisdiction over BAE Systems and

BAE Electronics was improper in California.  BAE Systems' Opposition, p. 3.  A reading of the actual Order, however, shows that this is not the case.  Rather, the Order states "the Court hereby GRANTS Defendants BAE Electronics and BAE System's motion to dismiss <u>without prejudice</u> and <u>30 days leave to amend</u>, Plaintiff's FAC for lack of personal jurisdiction…"  BAE Opposition, Exh. C at 21, lines 3-5 (emphasis added).

Contrary to the BAE entities' assertion that the personal jurisdiction issue was settled, BAE's motion was granted without prejudice.  Further, the California court actually granted Tannas thirty days leave to amend, i.e., to present additional evidence to support that personal jurisdiction over BAE Systems was proper, because BAE Systems was continuing to be evasive in its discovery responses.  Then, ultimately, Tannas had no motivation or legal obligation to file an amended complaint in California after the Order was issued, because the present action, i.e., the cause of action under 35 U.S.C. § 146, was transferred to this Court, and all other causes of action in the California action were settled.

The California court expressly left the door open for Tannas to establish that personal jurisdiction did in fact exist over the BAE entities in California.  BAE's argument that the California court's decision is "the law of the case" is inaccurate at best, because the California court never issued a final decision on personal jurisdiction.  Therefore, this Court is free to decide whether BAE Systems is subject to personal jurisdiction in California or defer such decision to a court in California upon granting Tannas' motion to transfer.

**D.    The Law of the Case Doctrine Does Not Prevent This Court From Reviewing the Decision of Another Court.**

Based on its argument, albeit inaccurate, that the California court made a final decision on the personal jurisdiction issue, BAE Systems relies heavily on the "law of the case" doctrine in asserting that this Court cannot consider any decisions made by the California court and then

arrive at a contrary decision.  In its Opposition, BAE Systems cherry-picked considerably from the language in <u>Christianson v. Colt Industries Operating Corp.</u> to bolster its position.  For example, BAE Systems quotes "the policies supporting the [law of the case] doctrine apply with even greater force to transfer decisions than to decisions of substantive law. . ." citing <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 816 (1988).  BAE Systems' Opposition, p. 18.  What BAE Systems omits, however, is that the Supreme Court did not end there, but instead continued by stating "the law-of-the-case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'"  <u>Christianson</u>, 486 U.S. at 817 citing <u>Messenger v. Anderson</u>, 225 U.S. 436, 444 (1912).

Furthermore, the Supreme Court went on to determine that "even if the [transferor court]'s decision was law of the case, the [transferee court] did not exceed its power in revisiting the jurisdictional issue, and once it concluded that the prior decision was 'clearly wrong' it was obliged to decline jurisdiction."  <u>Id.</u> at 816.  Therefore, even if the California court had issued a final decision as to BAE Systems' personal jurisdiction, the law of the case doctrine does not prevent this Court from making a determination, based on both the evidence Tannas presents and in the interest of justice, that personal jurisdiction over BAE Systems is in fact proper in California.

To this point, the Supreme Court also noted in <u>Christianson</u> that "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  <u>Id.</u> at 817

quoting <u>Arizona v. California</u>, 460 U.S. 605, 618, n. 8 (1983). Such extraordinary circumstances exist here, warranting this Court's transfer of the case to the Central District of California.

First, as explained previously, the California court erroneously decided that 35 U.S.C. § 146 does not provide for jurisdiction in California. This Court's own interpretation of § 146 clearly establishes that subject matter jurisdiction is proper in California. <u>Cell Genesys</u>, at *10. Additionally, not transferring this present action to California unjustifiably awards BAE Systems' tactics to avoid jurisdiction in California, and unfairly burdens Tannas' pursuit of their claims originally brought in California.

**E.    Public and Private Interest Factors Weigh Heavily In Favor of Transferring the Present Case to the Central District of California.**

Since the § 146 action was first properly brought in the District Court for the Central District of California, it is proper for this Court to consider the public and private interest factors in determining whether this case should be transferred. <u>Cell Genesys</u>, at *6. While BAE Systems dismisses such consideration (BAE Systems' Opposition, p. 22), BAE Systems is not the District Court for the District of Columbia and therefore cannot make that determination.

As explained in Tannas' Motion to Transfer, the private interests to consider, including (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof, strongly support transfer to the Central District Court for the District of California. <u>Id.</u> at *6. The Central District of California was Tannas' initial forum choice; the invention central to the dispute was conceived and later reduced to practice in California; and Mr. Tannas, his attorneys, and most of his anticipated witnesses reside in Southern California.

The public interest factors, including (1) the relative familiarity with the governing law by the transferee and transferor courts; (2) the relative congestion of the calendars of each court;

and (3) any local interest in deciding local controversies, also warrant transfer to the Central

District of California.  Id. at *6.   As discussed in Tannas' Motion to Transfer, the Central

District of California is well-equipped to deal with a § 146 proceeding (Plumley v. Mockett,

1998 U.S. Dist. LEXIS 23501 (C.D. Cal. 1998)(citations omitted)); the relative congestion of the

Central District of California is not a significant factor affecting proceedings; and the Central

District of California has a strong interest in protecting its residents, not to mention in deciding a

dispute between an individual resident and an entity that conducts substantial business

transactions within its jurisdiction.  Cubbage v. Merchent, 744 F.2d 665, 671 (9th Cir. 1984)

("California obviously has an interest in protecting its citizens against the tortious conduct of

others.").  All of these factors reinforce the propriety of the present case's transfer to the Central

District of California.

      Clearly, for a small entity, such as Tannas, it would be exceedingly burdensome and

expensive to force Tannas to present all of their witnesses and evidence in this Court rather than

the proper forum in which they originally brought their claims.

**F.      The Defendants Failed to Show Any Compelling Reason That a Transfer to the
          Central District of California is Improper.**

      Although the burden is on BAE systems to show a compelling reason that personal

jurisdiction in California would be unreasonable, BAE Systems has not made any such showing.

Technology Dev. Assocs. at *22 citing Burger King v. Rudzewicz, 471 U.S. 462, 477

(1984)("[A] defendant must present a compelling case that the exercise of jurisdiction would, in

fact, be unreasonable.").  BAE Systems is a behemoth international company with a strong

presence, both as its own entity and through its subsidiaries, in California and throughout the

United States.  Motion to Transfer, English Decl. ¶¶ 8, 21-29, 31-33.  With its vast financial

resources and extensive infrastructure to draw from, BAE Systems could defend itself in the Central District of California as easily as in any other jurisdiction.

Despite not having the burden to do so, Tannas has nonetheless, shown several compelling reasons that personal jurisdiction is not unreasonable in the Central District of California. In stark contrast to BAE Systems, Mr. Lawrence Tannas, Jr. is an individual and Tannas Electronics is a small business entity. Requiring Mr. Tannas and the majority of his witnesses to travel from California to Washington D.C. to pursue Tannas' claims imposes much more difficulty on Tannas than requiring BAE Systems to defend the present action in California.

## **CONCLUSION**

In view of the above arguments and the evidence presented, this Court may properly transfer this case to the Central District of California. Furthermore, the events that have transpired throughout this case and the respective positions of the parties establish that such transfer would be consistent with the interests of justice.

Respectfully submitted,

Birch, Stewart, Kolasch & Birch, LLP

Date: September 18, 2006          By:      /s/ Quentin R. Corrie_____
                                          QUENTIN R. CORRIE
                                          DC Bar #224469
                                          8110 Gatehouse Road
                                          Suite 100 East
                                          Falls Church, Virginia 22040-0747
                                          Phone: (703) 205-8000
                                          Fax: (703) 205-8050

11

By:    /s/ William A. English
       WILLIAM A. ENGLISH (Admitted *Pro Hac Vice*)
       Vista IP Law Group LLP
       2040 Main Street, 9th Floor
       Irvine, California 92614
       Telephone:  (949) 724-1849
       Facsimile:  (949) 625-8955

       **ATTORNEYS FOR PLAINTIFFS**

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2006, a copy of the foregoing was mailed, via First Class mail, postage prepaid to:

Kent Dale Brostrom, Esq.
1601 Research Boulevard
Rockville, MD  20817

Scott J. Ferrell, Esq.
David R. Sugden, Esq.
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660


/s/ Quentin R. Corrie_____
Quentin R. Corrie

13