UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Lawrence E. Tannas, Jr., an individual dba as Tannas Electronics; Tannas Electronic Displays, Inc., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> BAE Systems Avionics Limited, a British corporation; BAE Systems Electronics Limited, a British corporation, BAE Systems, Plc, a British corporation <br><br> Defendants. | Case No. 05-1866 <br><br> **DEFENDANT BAE SYSTEMS PLC'S RESPONSES TO PLAINTIFF TANNAS' FIRST SET OF REQUESTS FOR ADMISSION** <br><br><br> Complaint Filed: September 21, 2005 <br> Trial Date: None Set |

In accordance with FRCP §36, Defendant BAE System PLC ("Defendant" or "Responding Party") hereby responds to Plaintiff Lawrence E. Tannas, Jr. dba Tannas Electronics, Tannas Electronics Displays, Inc. ("Plaintiffs" or "Propounding Party") First Set of Request for Admissions as follows:

## PRELIMINARY STATEMENT

The following responses are based on the facts and information presently available to this Responding Party. The responses refer only to the Requests for Admissions that have been asserted to date, and are based on the facts now known to Responding Party. Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these responses. Without obligating itself to do so,

this Responding Party reserves the right to change or supplement its responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories that may apply.

This Responding Party responds to the Requests for Admissions as it interprets each of them. Should Plaintiff assert an interpretation contrary to that of this Responding Party, this Responding Party reserves the right to supplement its responses and/or objections.

## GENERAL OBJECTIONS AND QUALIFICATIONS

The following General Objections are in addition to, and are incorporated in, each of the Specific Responses set forth below:

1. Responding Party objects to each of the individual Requests for Admission to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. To the extent that the Requests for Admission call for information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection, Responding Party hereby claims such privilege and invokes such protection. The fact that Responding Party does not specifically object to an individual Request for Admission on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection.

2. The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein. The failure to mention any of the foregoing objections and qualifications in the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

## SPECIFIC RESPONSES

REQUEST NO. 1:

Admit that you have made offers for sale to entities residing within the State of California.

RESPONSE TO REQUEST NO. 1:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 2:

Admit that you have made offers for sale of resized liquid crystal displays ("LCDs") to entities residing within the State of California.

RESPONSE TO REQUEST NO. 2:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 3:

Admit that you have sold goods or services to entities residing within the State of California.

RESPONSE TO REQUEST NO. 3:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 4:

Admit that you have sold resized LCDs to entities residing within the State of California.

RESPONSE TO REQUEST NO. 4:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 5:

Admit that you have shipped goods into the State of California.

RESPONSE TO REQUEST NO. 5:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 6:

Admit that you have shipped resized LCDs into the State of California.

RESPONSE TO REQUEST NO. 6:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 7:

Admit that you have made offers for sale of resized LCDs to Symbolic Displays, Inc. ("SDI"), having a place of business in Santa Ana, California.

RESPONSE TO REQUEST NO. 7:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 8:

Admit that you have sold resized LCDs to SDI, having a place of business in Santa Ana, California.

RESPONSE TO REQUEST NO. 8:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

/ / /

/ / /

/ / /

REQUEST NO. 9:

Admit that you have shipped resized LCDs to SDI in Santa Ana, California.

RESPONSE TO REQUEST NO. 9:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 10:

Admit that you have made offers for sale of resized LCDs to XKD Corporation located in California.

RESPONSE TO REQUEST NO. 10:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 11:

Admit that you have sold resized LCDs to XKD Corporation located in California.

RESPONSE TO REQUEST NO. 11:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 12:

Admit that you have shipped resized LCDs to XKD Corporation in California.

RESPONSE TO REQUEST NO. 12:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

/ / /

/ / /

/ / /

REQUEST NO. 13:

Admit that you have made offers for sale of resized LCDs to Wolfgang Widera or ADTC, who are located in California.

RESPONSE TO REQUEST NO. 13:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 14:

Admit that you have sold resized LCDs to Wolfgang Widera or ADTC, who are located in California.

RESPONSE TO REQUEST NO. 14:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 15:

Admit that you have shipped resized Wolfgang Widera or ADTC in California.

RESPONSE TO REQUEST NO. 15:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 16:

Admit that you have discussed Lawrence E. Tannas, Jr. (hereafter "Mr. Tannas") or Tannas Electronic Displays, Inc. with entities or individuals located in California.

RESPONSE TO REQUEST NO. 16:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

///

///

REQUEST NO. 17:

Admit that you have discussed a visit by Mr. Tannas to a facility in Edinburgh, Scotland operated by GEC Marconi in November 1998 with entities or individuals located in California.

RESPONSE TO REQUEST NO. 17:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 18:

Admit that you have told entities or individuals located in California that Defendant believes that Mr. Tannas misappropriated trade secrets from Defendant or another BAE Systems entity based upon Mr. Tannas' visit to a facility in Edinburgh, Scotland operated by GEC Marconi in November 1998.

RESPONSE TO REQUEST NO. 18:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 19:

Admit that you employ individuals within the State of California.

RESPONSE TO REQUEST NO. 19:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 20:

Admit that you employ individuals who perform at least part of their employment activities within the State of California.

///

///

RESPONSE TO REQUEST NO. 20:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 21:

Admit that you own real property within the State of California.

RESPONSE TO REQUEST NO. 22:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 22:

Admit that you contribute towards the operation or maintenance of facilities within the State of California.

RESPONSE TO REQUEST NO. 22:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 23:

Admit that David Craig was an employee of Defendant at least during May 1999.

RESPONSE TO REQUEST NO. 23:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 24:

Admit that David Craig attended a conference sponsored by the Society for Information Displays (hereafter "SID") in San Jose in May 1999.

/ / /

/ / /

RESPONSE TO REQUEST NO. 24:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 25:

Admit that David Craig stated after or during a presentation by Mr. Tannas at a conference sponsored by SID in San Jose in May 1999 that "Marconi have a world wide patent on this process." Admit that the process in Mr. Craig's statement relates to resizing LCDs.

RESPONSE TO REQUEST NO. 25:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 26:

Admit that, up until April 29, 2005, BAE Systems Avionics, Limited was a fixed asset of BAE Systems, PLC.

RESPONSE TO REQUEST NO. 26:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 27:

Admit that copies of BAE Systems Avionics, Limited's accounts are in the possession, custody, or control of the company secretary of BAE Systems, PLC.

RESPONSE TO REQUEST NO. 27:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

/ / /

/ / /

REQUEST NO. 28:

Admit that, on June 13, 2005, counsel for BAE Systems Avionics, Limited admitted that "[BAE Systems] Avionics [Limited] no longer contests personal jurisdiction" in California.

RESPONSE TO REQUEST NO. 28:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 29:

Admit that BAE Systems, PLC owns real property within the State of California.

RESPONSE TO REQUEST NO. 29:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 30:

Admit that BAE Systems, PLC operates multiple business units that include operations in the State of California.

RESPONSE TO REQUEST NO. 30:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 31:

Admit that Defendant hosted a hospitality suite at the Queen Mary in Long Beach, California in May 2000.

RESPONSE TO REQUEST NO. 31:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

///

REQUEST NO. 32:

Admit that your representatives were present at a hospitality suite at the Queen Mary in Long Beach, California in May 2000.

RESPONSE TO REQUEST NO. 32:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 33:

Admit that, on or before August 19, 2003, you received LCDs from SDI, modified these LCDs in some manner, and shipped the modified LCDs back to SDI in Santa Ana, California.

RESPONSE TO REQUEST NO. 33:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 34:

Admit that, on or before August 19, 2003, you received LCDs from SDI, resized these LCDs, and shipped the resized LCDs back to SDI in Santa Ana, California.

RESPONSE TO REQUEST NO. 34:

Responding Party objects to this request on the basis that information is not relevant to the subject matter of this action nor to the discovery of admissible evidence.

REQUEST NO. 35:

Admit that you do not have a contractual relationship with Mr. Tannas.

RESPONSE TO REQUEST NO. 35:

Responding Party objects to this request on the ground that the requested information is equally available to Propounding Party. The parties have already engaged in extensive discovery in the underlying action before the United States Patent

and Trademark Office ("the USPTO Proceeding"). In the USPTO Proceeding, several depositions were taken and many documents were exchanged. Responding Party stands behind those previous disclosures and does not presently need to supplement or amend those previous responses. The discovery sought by Propounding Party simply requests Responding Party to furnish information and documents that have already been provided to Propounding Party. Responding Party therefore further objects on the ground that said request is burdensome, oppressive and intended to harass Responding Party.

REQUEST NO. 36:

Admit that you have never had a contractual relationship with Mr. Tannas.

RESPONSE TO REQUEST NO. 36:

Responding Party objects to this request on the ground that the requested information is equally available to Propounding Party. The parties have already engaged in extensive discovery in the underlying action before the United States Patent and Trademark Office ("the USPTO Proceeding"). In the USPTO Proceeding, several depositions were taken and many documents were exchanged. Responding Party stands behind those previous disclosures and does not presently need to supplement or amend those previous responses. The discovery sought by Propounding Party simply requests Responding Party to furnish information and documents that have already been provided to Propounding Party. Responding Party therefore further objects on the ground that said request is burdensome, oppressive and intended to harass Responding Party.

REQUEST NO. 37:

Admit that you do not have a contractual relationship with Tannas Electronic Displays, Inc.