UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Lawrence E. Tannas, Jr., an individual dba Tannas Electronics; Tannas Electronic Displays, Inc., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>BAE Systems Avionics Limited, a British Corporation; BAE Systems Electronics Limited, a British corporation<br><br>Defendants. | Case No. 05-1866 (RWR)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Hon. Richard W. Roberts |

The parties hereto, having stipulated to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED AS FOLLOWS:

DEFINITIONS

1. As used in this Order, the terms "Document" or "Documents" shall include but not be limited to correspondence, memoranda, bulletins, blueprints, specifications, customer lists or potential customer lists, price lists or other price-identifying matters, minutes, letters, e-mail, facsimiles, statements, canceled checks, contracts, invoices, drafts, books of account, worksheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, video tapes, sketches, drawings, notes (including laboratory notebooks and records), reports, data, instructions, disclosures, models, prototypes, and other writings.

2. As used in this Order, the term "Confidential Information" shall mean and include information contained or described in Documents (or portions thereof), answers to

- 1 -

interrogatories, responses to requests for admissions, trial testimony, deposition testimony, transcripts of trial testimony and depositions, and any other Documents or materials containing information derived therefrom, which is reasonably deemed by any party to constitute or contain a trade secret and/or other confidential research, development, or commercial information belonging to it pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. The term "Counsel" shall mean counsel of record, and attorneys employed by counsel of record.

## GENERAL PROVISIONS

4. Any party, including any third party, to this litigation who produces or discloses any Confidential Information in discovery or otherwise in connection with this action may designate and mark or label the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," in accordance with the provisions below. Information designated "CONFIDENTIAL" will be limited to Confidential Information which the producing party reasonably and in good faith believes to be non-public trade secrets and/or other confidential research, development, or commercial information pursuant to Rule 26(c). Information designated "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" will be further limited to Confidential Information which the producing party reasonably and in good faith believes to comprise its most sensitive trade secrets and/or other confidential research, development, or commercial information which, if disclosed pursuant to the protections provided to "CONFIDENTIAL" information in this Order, would result in competitive harm to the producing party.

5. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

a) said deposition, or portions thereof, containing Confidential Information shall be designated for protection pursuant to the provisions of this Order; where only a portion of the deposition transcript contains Confidential Information, that portion (including deposition exhibits that have been designated pursuant to this Order) shall be designated and separately bound, with the appropriate confidentiality legend prominently displayed on the front cover;

b) the party who produced the Confidential Information (hereafter "disclosing party") shall have the right to exclude from attendance at said deposition, during such time as its "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" Confidential Information is to be disclosed, any person other than the deponent, Counsel (and their staff and associates), the Court reporter (including any videographer, interpreter, or other similar, non-interested persons who are essential to the videotaping or transcription of the deposition), and any person(s) permitted to view such Confidential Information pursuant to Paragraphs 7-9 below; and

c) the originals of said deposition transcripts (or portions thereof containing Confidential Information), and all copies thereof, shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," as appropriate;

d) any party wishing to file such depositions (or deposition excerpts) with the Court shall lodge them with the Court in a sealed envelope in the manner set forth in Paragraph 11 below.

6. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall not be disclosed by the party receiving it (hereafter the "receiving party") to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any

- 3 -

purpose other than in connection with this litigation, unless and until such designation is removed either by written agreement of the disclosing party or by order of the Court. Nothing in this Protective Order shall in any way affect or impair the right of each party to disclose or disseminate its own Documents, including (without limitation) those comprising or containing Confidential Information designated for protection under this Order.

7.  Confidential Information designated "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall be viewed only by: (a) the Court and its personnel; (b) court reporters, videographers, interpreters, and other similar personnel necessary for the conduct, videotaping, and/or transcription of depositions; (c) Counsel for the receiving party and such Counsel's paralegals, clerks, support staff and clerical personnel; and (d) by independent experts retained for the purpose of consulting or testifying in connection with this action, including stenographic and clerical employees associated with such independent experts; provided, however, that prior to receiving any such information, each independent expert must be provided a copy of this Protective Order and agree, in writing, by executing a copy of the form attached hereto as Exhibit A, to be bound by its terms.

8.  Confidential Information designated "CONFIDENTIAL" shall be viewed by the individuals and in the manner set forth in Paragraph 7 above and, in addition, by the persons listed below, provided each such individual has read this Protective Order in advance of disclosure and has agreed, in writing, by executing a copy of the form attached hereto as Exhibit A, to be bound by its terms:

a) Employees of the receiving party who are involved in evaluation of, supervision of, or decision-making with respect to this action;

b) Technical personnel acting with, for, or on behalf of the receiving party who are consulting with Counsel, in the discretion of such Counsel, in the litigation and preparation for trial of this action; and

c) Stenographic and clerical employees associated with the individuals enumerated above, provided however that such stenographic or clerical employees do not need to independently execute Exhibit A.

9. In addition to the persons listed in Paragraphs 7 and 8 above, Documents designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," may be shown or disclosed to any person indicated on the face of the Document to be its originator, author, addressee, or a recipient of a copy thereof.

10. In the event a designation of Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" is challenged by motion of the receiving party, the producing party shall have the burden to show the required good cause under Rule 26(c) to restrict access to the Confidential Information by use of either "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designations. If a party receiving Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" reasonably believes that the Confidential Information has been improperly designated, the receiving party shall state its objection in writing to the producing party, specifying with particularity (e.g., by Bates number) the Confidential Information to which designation is objected, and stating the basis for its objection. Thereafter, if the producing party refuses to resolve the objection by removing or modifying the designation within ten (10) calendar days, the receiving party may file a motion to re-designate or de-designate the Confidential Information. The fact that Confidential Information has been designated as

"CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" shall not be determinative of what the court or a trier of fact may determine – either on a motion or at trial – to be confidential or proprietary.

11. Any Documents having Confidential Information produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other investigation that a party wishes to file with the Court for any purpose and which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall be lodged with the Court in a sealed envelope marked on the outside with the title of the action, the title of the Document within, and the caption "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." At the same time, the party lodging such Documents shall file a motion to file the Documents under seal. If such motion is granted, the envelope containing the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Documents shall not be opened except by Court personnel or by order of the Court, and such contents or reproductions thereof shall not be made available to third parties or to the public.

12. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with this Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and this Order shall not relieve any party of the obligation to produce Documents or

information in the course of discovery, in accordance with the discovery rules and other applicable laws.

13. In the event any person shall violate or threaten to violate the terms of this Order, the aggrieved producing party may immediately apply to obtain injunctive relief against any such violation or threatened violation. In the event the aggrieved producing party shall seek such relief, the respondent, to the extent it is a person or party subject to the provisions of this Order, shall not assert as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

14. After conclusion of this action, whether by settlement or by entry of final judgment (including any appeals), all Documents and things which have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be returned to the producing party or destroyed, provided that Counsel for the receiving party may retain one copy of any and all Documents and things which contain Confidential Information for the purpose of any possible future dispute regarding this action.

15. Except as provided herein, the terms, conditions and limitations of this Protective Order shall survive the termination of this action. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. The Court retains jurisdiction over the parties and persons subject to this Order for purposes of enforcing it.

16. Any producing party may redact from the Documents it produces matter that the producing party believes is subject to attorney-client privilege, work product immunity, or any other privilege or protection from disclosure that is recognized by law. The producing party shall

mark each document or thing, in each place where matter has been redacted, with a legend stating "REDACTED," or with some other comparable notice. The producing party shall preserve an unredacted version of each redacted Document and shall provide a log of all information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity or other privilege or protection from disclosure recognized by law.

17. The parties may agree in writing to reasonable modification of this Protective Order. However, no modification agreed to by the parties shall have the force or effect of a Court order unless the Court approves the modification.

18. This Protective Order shall be binding on the parties hereto when signed, regardless of when or whether the Court enters its Order hereon.

Respectfully submitted,
Birch, Stewart, Kolasch & Birch, LLP

Date: 11/5/07

By: _____
Quentin R. Corrie
Attorneys for Plaintiffs

Call, Jensen & Ferrell

Dated: 11/5/07

By: _____
David Sugden
Attorneys for Defendant

**IT IS SO ORDERED**

Dated: 11/8/07        _____
Hon. Richard W. Roberts
U.S. District Court Judge

**EXHIBIT A**

I, _____, declare under penalty of perjury that:

1. My address is _____

_____.

2. My present employer is _____

_____.

3. My present occupation or job description is _____

_____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (Order) in the matter of *Lawrence E. Tannas, Jr., et al. v. BAE Systems Avionics Limited, et al.*, United States District Court, District of Columbia, Case No. 05-1866 (RWR), that I will not use or disclose to anyone any of the contents of any Confidential Information which I receive under the protection of the Order, and that I shall be bound by the terms and conditions of the Order.

I understand that I am to retain all copies of any of the materials I receive which have been so designated as Confidential Information, in a container, drawer, cabinet, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, at which time I will return or destroy the copies as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated:_____      Signed:_____